UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

KRISTIE FARNHAM, on behalf of herself
and all others similarly situated,

      Plaintiff,

v.

CARIBOU COFFEE COMPANY, INC.,

      Defendant.

CASE NO. 16-CV-00295

---

**MEMORANDUM IN SUPPORT OF MOTION
TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(f)**

---

Pursuant to Federal Rule of Civil Procedure 12(f), Plaintiff Kristie Farnham, individually and on behalf of all others similarly situated, hereby moves to strike the affirmative defenses (ECF No. 11 at 17-18) filed by Defendant Caribou Coffee Company, Inc. ("Caribou").

### I.    BACKGROUND

On May 5, 2016, Plaintiff initiated this action with a Class Action Complaint, alleging claims for negligent and willful violation of the TCPA against Caribou. (ECF No. 1.) On May 27, 2016, Plaintiff filed the First Amended Class Action Complaint (ECF No. 8 (the "Complaint")), the operative pleading. The Complaint alleges that, between March 2016 and May 2016, Caribou transmitted approximately fifty (50) unsolicited SMS text message advertisements to Plaintiff's cellular telephone number. (Complaint ¶ 14.)

On June 15, 2016, Caribou filed an Answer to the Complaint. (ECF No. 11.) In its Answer, Caribou admitted, *inter alia*, that it operates the SMS short code at issue and that it sent SMS text messages to Plaintiff's cellular telephone number. (Answer ¶ 15.) Caribou asserted the following affirmative defenses in its Answer, which are reprinted verbatim:

1. The Amended Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff lacks standing to pursue the alleged claims.

3. Plaintiff's damages, if any, were caused, in whole or in part, by the actions and/or inactions of third parties and/or intervening causes over which Caribou has no control.

4. Plaintiff failed to mitigate her damages, if any.

5. Plaintiff has not been damaged.

6. Plaintiff's claims are barred, in whole or in part, by her prior express consent.

7. Plaintiff's claims are preempted, in whole or in part, by federal laws and regulations.

8. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

9. Plaintiff's claims for damages constitute an excessive fine and violates Caribou's due process rights under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

10. Plaintiff's claims are not properly certifiable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

11. Caribou reserves the right to assert additional affirmative defenses as they are discovered through the course of discovery.

(ECF No. 11 at 17-18.)

Later in the day on June 15, 2016, Caribou filed a motion to stay, requesting that the Court put this entire dispute on ice, indefinitely, pending the United States Court of Appeals for the D.C. Circuit's resolution of *ACA Int'l v. FCC*, No. 15-1211 (D.C. Cir. 2015). (ECF Nos. 12-13.) Plaintiff has responded in opposition to the motion to stay (ECF No. 14) and stipulated to a July 12, 2016 deadline for Caribou to file any reply in support of the motion to stay (ECF No. 15).

**II.     APPLICABLE LEGAL STANDARD**

Federal Rule of Civil Procedure 12(f) provides, in pertinent part, that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f).

Affirmative defenses are pleadings and therefore subject to all pleading requirements of the Federal Rules of Civil Procedure. *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *Heferman v. Bass,* 467 F.3d 596, 600 (7th Cir. 2006). Thus, affirmative defenses must set

forth, at the very least, a "short and plain statement" of the defense under Rule 8(a) to give adequate notice to the opposing party. *See Heller*, 883 F. 2d at 1286.

An affirmative defense is "insufficient" under Rule 8(a), and should be stricken, if it is comprised of "bare bones," conclusory allegations. *See Ivanov v. Nyhus*, No. 14-CV-382-JDP, 2014 WL 5307936, at *3 (W.D. Wis. Oct. 16, 2014) (Peterson, J.) ("In *Heller*, the court affirmed a decision to grant a motion to strike affirmative defenses that were 'nothing but bare bones conclusory allegations' and that 'omitted any short and plain statement of facts.' Defendants have not included any facts in their answer that support these affirmative defenses, leaving plaintiffs to guess what they are facing. The court will grant this part of plaintiffs' motion.").

### III.   ARGUMENT

All of the affirmative defenses asserted by Caribou fail under Rule 8(a), and should be stricken pursuant to Rule 12(f), because they are devoid of facts and thus leave Plaintiff (and undersigned counsel) "guessing," to paraphrase *Ivanov*, as to what they are facing.

As Judge Crabb of this District explained in granting a similar motion to strike:

> Defendants make a persuasive case in support of a view that the requirements for pleading affirmative defenses are not as rigorous as pleading claims. However, a conclusion that the standards are less rigorous is not the same as a conclusion that a defendant need not plead *any* facts in support of a defense. . . .
>
> There is some force to an argument that requiring parties to plead facts with their affirmative defenses makes it difficult for them to plead defenses before discovery. However, the alternative rule suggested by defendants would allow parties simply to bombard their opponent with a laundry list of affirmative defenses without making *any* individualized inquiry into whether a particular defense actually applies to the facts of the case. . . .
>
> Further, by asking the court for permission to plead a defense before having any idea whether it applies, defendants in essence are asking the court for permission to violate Fed. R. Civ. P. 11, which requires a party to conduct 'an inquiry reasonable under the circumstances' before asserting any claim or defense to a court and to determine whether any 'factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.' Fed. R. Civ. P. 11(b). Rule 11 applies to *any* document filed with the court, not just complaints. Thus, regardless whether *Twombly* and *Iqbal* apply to affirmative defenses, Rule 11 prohibits a party from listing an affirmative defense without any factual basis for doing so.

> Accordingly, I am granting plaintiffs' motion to strike the affirmative defenses of laches, waiver, estoppel, contributory negligence, unclean hands, assumption of risk, failure to mitigate damages, open and obvious dangers, unjust enrichment, statute of limitations, real party in interest, personal jurisdiction, venue, failure to comply with conditions precedent to suit, damage caps and 'any or all affirmative defenses contemplated by Wisconsin law.' Of course, defendants are free to file a timely amendment to their answers to reassert any of the stricken affirmative defenses once they have factual support.

*Chidester v. Camp Douglas Farmers Co-op.,* No. 13-CV-520-BBC, 2013 WL 6440510, at *2-4 (W.D. Wis. Dec. 9, 2013) (Crabb, J.) (emphasis added).

Judge Crabb's analysis applies equally in this case. In light of Caribou's failure to allege "any factual basis" in support of its affirmative defenses, *see id.* at *4, and for the additional deficiencies set forth below, each of Caribou's affirmative defenses should be stricken.

**1.  First Affirmative Defense (Failure To State A Claim)**

Caribou's first affirmative defense, "failure to state a claim," is not a proper affirmative defense under Rule 8(c) because it does not assume the truth of the allegations of the Complaint and then articulate a separate reason why Caribou would not be liable. It should be stricken with prejudice. *See, e.g., Fletcher v. Hoeppner Wagner & Evans, LLP*, No. 2:14-CV-231-RL-PRC, 2015 WL 7016414, at *5 (N.D. Ind. Nov. 12, 2015) ("The defense of failure to state a claim is not an affirmative defense."); *E.E.O.C. v. SVT, LLC*, No. 2:13-CV-245-PRC, 2013 WL 6045972, at *1 (N.D. Ind. Nov. 14, 2013) ("Although 'failure to state a claim' is a recognized defense under Federal Rule of Civil Procedure 12(b), it is not an 'affirmative defense' because it does not assume that the allegations of the Complaint are true and then articulate a separate reason why defendant is not liable."); *Sanwa Bus. Credit Corp. v. Harris*, No. 91 C 0204, 1991 WL 156116, at *2 (N.D. Ill. Aug. 6, 1991) ("Legal insufficiency (properly assertable under Rule 12(b)(6)) is not a proper affirmative defense under Rule 8(c), for 'a true affirmative defense raises matters outside the scope of plaintiff's prima facie case and such matter is not raised by a negative defense.'") (citation omitted).

**2.  Second Affirmative Defense (Standing)**

Caribou's second affirmative defense – "Plaintiff lacks standing to pursue the alleged claims" – is too vague, conclusory and fact-bare to put Plaintiff on notice of the nature of the defense. Though we know Caribou is not contending that Plaintiff lacks Article III standing[1] (because

---

[1] Nor could Caribou have legitimately made such a contention in light of the Complaint's allegations of concrete harm. (*See* Complaint ¶¶ 16-20, 12 (alleging that Caribou's text messages distracted and

4

Caribou admits that this Court has subject matter jurisdiction (*see* Answer ¶ 2)), Caribou fails to allege any facts demonstrating why Plaintiff lacks statutory standing. Without additional factual allegations that adequately put Plaintiff on notice, this affirmative defense is insufficient and should be stricken. *See, e.g., Greenheck Fan Corp. v. Loren Cook Co.*, No. 08-CV-335-JPS, 2008 WL 4443805, at *2 (W.D. Wis. Sept. 25, 2008) (Crocker, M.J.) ("Defendant has failed to comply with Rule 8 because it has not given plaintiff sufficient notice. Defendant's affirmative defenses are most accurately categorized as legal theories with implied elements.") (emphasis added), *report and recommendation adopted sub nom., Greenheck Fan Corp. v. Loren Cook Co.*, No. 08-CV-335, 2008 WL 4756484 (W.D. Wis. Oct. 29, 2008); *Renalds v. S.R.G. Rest. Grp.,* 119 F. Supp. 2d 800, 803-04 (N.D. Ill. 2000) ("The first and eleventh affirmative defenses are insufficient on their face because they are bare-bones conclusory allegations, simply naming legal theories without indicating how they are connected to the case at hand. . . . While the Federal Rules of Civil Procedure allow liberal notice pleading and do not require a claimant to set out in detail the facts upon which it bases a claim, they do not allow a claimant to merely recite the standard for a 12(b)(6) motion to dismiss, and to thereby 'abdicate the responsibility of alleging the basic facts demonstrating his entitlement to relief.'") (citations omitted).

### 3. Third Affirmative Defense (Intervening Acts)

Caribou's third affirmative defense – intervening acts by third parties – merely invokes a hypothetical defense without explaining how it relates to the facts of this case. If Caribou believes that another entity's actions may excuse it from liability or reduce its liability in this case, then Caribou must provide sufficient factual allegations demonstrating the basis of that defense. This affirmative defense should be stricken. *See, e.g., Perez v. PBI Bank, Inc.,* No. 1:14-CV-01429-SEB, 2015 WL 500874, at *10 (S.D. Ind. Feb. 4, 2015) (granting motion to strike affirmative defense of "intervening or superseding cause" for failure to allege "any short and plain statement of facts," and

---

aggravated Plaintiff; invaded Plaintiff's privacy; intruded upon Plaintiff's seclusion; required Plaintiff to waste time accessing, reading and ultimately, disposing of the messages; wasted data and reduced the available data storage capacity on Plaintiff's cellular device; diminished the available battery power and shortened the battery life of Plaintiff's cellular device; and required expending energy (i.e., electricity) to recoup the battery power lost as a result of receiving the messages).) These factual allegations demonstrate concrete injury in the form of both tangible and intangible harm, and are more than sufficient for Article III purposes. *See, e.g., Mey v. Got Warranty, Inc.*, No. 5:15-CV-101 (docket entry 128) (N.D.W. Va. June 30, 2016) (post-*Spokeo* TCPA plaintiff demonstrated concrete injury in form of both intangible and tangible harm based on allegations that unsolicited calls invaded privacy, intruded upon seclusion, wasted time and electricity and depleted battery); *see also, e.g., Rogers v. Capital One Bank (USA), N.A.*, No. 1:15-CV-4016-TWT, 2016 WL 3162592, at *2 (N.D. Ga. June 7, 2016) (applying *Spokeo*, and concluding that violation of TCPA by itself constitutes concrete injury).

noting that "[i]t is . . . inadequate to merely allege words such as . . . intervening or superseding cause.").

4. **Fourth Affirmative Defense (Mitigation of Damages)**

Caribou's fourth affirmative defense – "Plaintiff failed to mitigate her damages" – should be stricken with prejudice because Plaintiff is <u>only seeking statutory damages</u> on behalf of herself and the putative class. "[F]ailure to mitigate is not a defense to the award of statutory damages[.]" *Springer v. Fair Isaac Corp.*, No. 14-CV-02238-TLN-AC, 2015 WL 7188234, at *5 (E.D. Cal. Nov. 16, 2015); *see also, e.g., Malibu Media, LLC v. Doe*, No. 13 C 3648, 2014 WL 2581168, at *5 (N.D. Ill. June 9, 2014) ("Doe concedes that Malibu's election of statutory damages eliminates failure to mitigate as a viable defense."); *Exclusively Cats Veterinary Hosp., P.C. v. Pharm. Credit Corp.*, No. 13-CV-14376, 2014 WL 4715532, at *6 (E.D. Mich. Sept. 22, 2014) ("A plaintiff's actual damages could theoretically be greater than $500 per unsolicited fax, but a failure to mitigate damages could not apply to the statutory damages of $500 per violation[.]").

5. **Fifth Affirmative Defense (No Damages)**

Caribou's fifth affirmative defense – "Plaintiff has not been damaged" – should be stricken with prejudice because it is merely the denial of an element of Plaintiff's claim. *See, e.g., In re Cent. Illinois Energy Co-op.*, No. 09-81409, 2012 WL 3638027, at *2 (Bankr. C.D. Ill. Aug. 22, 2012) ("A true affirmative defense admits the allegations of the complaint but seeks to avoid liability for some reason beyond or apart from an inability to prove one or more of the elements of plaintiff's claim. <u>A defense that merely restates or recharacterizes a denial of one of the elements of the plaintiff's claim, is redundant, unnecessary and improper</u>.") (emphasis added, citations omitted); *Coca-Cola Co. v. Olmarc Packaging Co.*, 620 F. Supp. 966, 969 (N.D. Ill. 1985) ("Is the alleged 'affirmative defense' really an affirmative defense, or is it simply a mistitled denial already contained in the answer?").

6. **Sixth Affirmative Defense (Prior Express Consent)**

Caribou's sixth affirmative defense – that Plaintiff provided "prior express consent" – is too conclusory to put Plaintiff on notice of the nature of the defense and should be stricken. Moreover, the TCPA's implementing regulations prohibit anyone from sending the telemarking text messages at issue in this case to cellular phones using an automatic dialing system without "prior express written consent." *See* 47 C.F.R. § 64.1200(a)(2). "'[P]rior express written consent' is defined as a signed, written agreement that clearly authorizes the seller to deliver . . . advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and [specifying] the telephone number to which . . . such . . . messages [are] to be delivered."

6

47 C.F.R. § 64.1200(f)(8); *see generally Zean v. Fairview Health Servs.,* No. CV 15-3217 (PAM/HB), 2016 WL 740412, at *2 (D. Minn. Feb. 24, 2016). If Caribou has a document signed by Plaintiff, then it should be required to (1) plead its existence clearly and unambiguously; and (2) produce it forthwith.

7. **Seventh Affirmative Defense (Federal Preemption)**

Caribou's seventh affirmative defense invokes the *entire* United States Code and the *entire* Code of Federal Regulations as potentially preempting the claims asserted in this action: "Plaintiff's claims are preempted, in whole or in part, by federal laws and regulations." This is the epitome of a legally inadequate affirmative defense and should be stricken. *See Heller*, 883 F. 2d at 1286.

8. **Eighth Affirmative Defense (Statute of Limitations)**

Caribou's eighth affirmative defense – "Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations" – is bereft of any facts and thus insufficient under Rule 8(a). It should be stricken. *See, e.g., Puryear v. Indiana Pallet Co.*, No. 2:11-CV-12-PRC, 2011 WL 5553697, at *2 (N.D. Ind. Nov. 15, 2011) ("Plaintiff argues that the second affirmative defense fails to cite to the specific applicable statute of limitations, the time limits in the statute, or the manner in which the statute bars Plaintiff's case. Defendants' bare bones assertion fails to include 'a short and plain statement of the claim showing that the pleader is entitled to relief,' and therefore this defense is stricken."); *Voeks v. Wal-Mart Stores, Inc.*, No. 07-C-0030, 2008 WL 89434, at *7 (E.D. Wis. Jan. 7, 2008) ("Here, the defendant has failed 'to set forth any allegations beyond bare-bones legal conclusions.' '[S]tringing together a list of legal defenses is not sufficient to satisfy Rule 8(a).' Such being the case, these defenses will be stricken without prejudice.") (citations omitted)).

9. **Ninth Affirmative Defense (5th, 8th, and 14th Amendments)**

Caribou's ninth affirmative defense is a kitchen sink of potential violations of the Bill of Rights – "Plaintiff's claims for damages constitute an excessive fine and violates Caribou's due process rights under the Fifth, Eighth, and Fourteenth Amendments" – and lacks any indication of how those provisions would apply to this case. Accordingly, this affirmative defense should be stricken as inadequately pled under Rule 8(a). *See Chidester,* 2013 WL 6440510, at *2 (parties not entitled to "bombard their opponent with a laundry list of affirmative defenses without making *any* individualized inquiry into whether a particular defense actually applies to the facts of the case"). Moreover, the Eighth Amendment's "Excessive Fines Clause," U.S. Const., Amend. VIII – to the extent the Excessive Fines Clause serves as the basis of this affirmative defense – only applies to cases in which the government is a plaintiff or has a right to share in an award of damages. *See Browning-Ferris Industries of Vermont, Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 264 (1989) (holding that

the Eighth Amendment's Excessive Fines Clause "does not constrain an award of money damages in a civil suit when the government neither has prosecuted the action nor has any right to receive a share of the damages awarded."). Because the government is not a plaintiff in this case and there is no possibility the government could share in any recovery, this affirmative defense should be stricken with prejudice. *See, e.g., Vazquez v. Triad Media Sols., Inc.*, No. 15CV07220WHWCLW, 2016 WL 155044, at *5 (D.N.J. Jan. 13, 2016) (striking affirmative defense that plaintiff's damages claim constitutes "excessive fine in violation of … Eighth Amendment" because "[t]he Government is not a plaintiff in this case, Plaintiff has not brought the suit on the Government's behalf, and neither party argues that the Government could share in the potential recovery.").

### 10. Tenth Affirmative Defense (Uncertifiable Class)

Caribou's tenth affirmative defense – that "Plaintiff's claims are not properly certifiable as a class action under Rule 23" – is not an affirmative defense but rather a procedural argument that is more properly advanced at the class certification stage. This affirmative defense should be stricken with prejudice. *See, e.g., Sanchez v. Roka Akor Chicago LLC*, No. 14 C 4645, 2015 WL 122747, at *3 (N.D. Ill. Jan. 9, 2015) ("Roka Akor's twelfth affirmative defense is that Sanchez 'cannot meet or satisfy the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure including, but not limited to: class ascertainability, typicality, commonality, numerosity, manageability, superiority, and adequacy of the class representative; lack of community of interest among the putative class; and because class certification is inappropriate due to [Roka Akor's] lawful policies and conduct.' In its answer, Roka Akor repeatedly denies that class certification is warranted. The twelfth affirmative defense is thus duplicative of Roka Akor's answer. It is also clear that class certification is best addressed in the context of a motion that Roka Akor will be able to oppose regardless of the presence of its single-sentence class certification affirmative defense. The motion to strike is granted.").

### 11. Eleventh Affirmative Defense

Caribou's eleventh affirmative defense – a "reserv[ation] [of] rights" to assert future defenses – should be stricken with prejudice because Caribou is not entitled to amend its Answer to assert additional affirmative defenses without leave of court. *See, e.g., Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897, 907 (N.D. Ill. 2006) ("Concept's sixth affirmative defense states: 'Concept reserves the right to add additional affirmative defenses as they become known through discovery.' This is not a proper affirmative defense. If at some later point in the litigation Concept believes that the addition of another affirmative defense is warranted, it may seek leave to amend its

8

pleadings pursuant to Rule 15(a); such a request will be judged by the appropriate standards, including the limitations set forth in Rule 12(b) and (h). Accordingly, Concept's sixth affirmative defense is stricken with prejudice."); *F.T.C. v. Bay Area Bus. Council, Inc.*, No. 02 C 5762, 2003 WL 21003711, at *3 (N.D. Ill. May 1, 2003) ("As an unnumbered affirmative defense, the Initial Defendants' and Added Defendants' Answers state, 'Defendants reserve the right to add other affirmative defenses as this matter continues.' This is an improper affirmative defense.").

## IV.     CONCLUSION

For the foregoing reasons, the Court should strike each of Caribou's affirmative defenses. *See, e.g., Heller,* 883 F.2d at 1294 (where a motion to strike affirmative defenses seeks to "remove unnecessary clutter from the case," and will thus "serve to expedite" the proceedings, the motion should be granted); *Ivanov*, 2014 WL 5307936, at *1 ("Many plaintiffs would not bother with a motion challenging a laundry list of boilerplate affirmative defenses. But defendants' affirmative defenses pose some risk of wasting time and effort, so the court will entertain plaintiffs' motion and clean them up.").

Dated:  July 2, 2016                                        Respectfully submitted,

By: /s/ Frank S. Hedin

**CAREY RODRIGUEZ
MILIAN GONYA, LLP**

Frank S. Hedin
fhedin@careyrodriguez.com
David P. Milian
dmilian@careyrodriguez.com
1395 Brickell Avenue, Suite 700
Miami, Florida 33131
Telephone: (305) 372-7474
Facsimile:  (305) 372-7475

*Counsel for Plaintiff and the Putative Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2016, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/*s*/Frank S. Hedin