UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

KRISTIE FARNHAM, on behalf of herself
and all others similarly situated,

      Plaintiff,

v.

CARIBOU COFFEE COMPANY, INC.,

      Defendant.

CASE NO. 16-CV-295-wmc

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE SUR-REPLY TO DEFENDANT'S MOTION TO STAY**

Plaintiff Kristie Farnham, individually and on behalf of all others similarly situated, respectfully requests, on an unopposed basis, leave of Court to file a sur-reply in further opposition to the motion to stay filed by Defendant Caribou Coffee Company, Inc. ("Caribou"), a proposed copy of which is attached hereto as Exhibit "A".

## BACKGROUND

On May 5, 2016, Plaintiff initiated this action with a Class Action Complaint, alleging claims for negligent and willful violation of the Telephone Consumer Protection Act against Caribou. (ECF No. 1.) On May 27, 2016, Plaintiff filed the First Amended Class Action Complaint (ECF No. 8 (the "Complaint")), the operative pleading. The Complaint alleges that, between March 2016 and May 2016, Caribou transmitted approximately fifty (50) unsolicited SMS text message advertisements to Plaintiff's cellular telephone number. (Complaint ¶ 14.) In its Answer to the Complaint (ECF No. 11), Caribou admitted, *inter alia*, that it operates the SMS short code at issue and that it sent SMS text messages to Plaintiff's cellular telephone number. (Answer ¶ 15.)

On June 15, 2016, Caribou filed a motion to stay, requesting that the Court put this entire dispute on ice, indefinitely, pending the United States Court of Appeals for the D.C. Circuit's resolution of *ACA Int'l v. FCC*, No. 15-1211 (D.C. Cir. 2015). (ECF Nos. 12-13 (the "Motion to Stay").)

On July 1, 2016, Plaintiff responded in opposition to the Motion to Stay (ECF No. 14) and stipulated to an extension of time until July 12, 2016 for Caribou to file its reply in support of the Motion to Stay (ECF No. 15).

On July 2, 2016, Plaintiff filed a motion to strike the affirmative defenses asserted by Caribou in its Answer. (ECF Nos. 16-17 (the "Motion to Strike")).

On July 6, 2016, Caribou filed an Amended Answer. (ECF No. 19.) The Amended Answer omits some of the affirmative defenses challenged by the Motion to Strike and contains additional factual allegations in support of others. However, most of the affirmative defenses challenged by the Motion to Strike as legally improper (such as lack of damages, failure to mitigate damages, excessive fines in violation of the Eighth Amendment, and claims not certifiable under Rule 23) remain in the Amended Answer and thus should still be stricken.

On July 12, 2016, Caribou filed a reply in support of the Motion to Stay (ECF No. 20), along with several pieces of newly submitted evidence, including the declaration of Caroline Larson, a marketing employee of Caribou (ECF No. 21), and four accompanying exhibits (ECF Nos. 21-1, 21-2, 21-3, 21-4).

## ARGUMENT

"[R]eply briefs are not the place to raise new arguments," *Link Snacks, Inc. v. Fed. Ins. Co.*, 664 F. Supp. 2d 944, 960 (W.D. Wis. 2009) (Crocker, M.J.), or to introduce new evidence, *see Gold v. Wolpert*, 876 F.2d 1327, 1331 n.6 (7th Cir. 1989). Magistrate Judge Crocker has previously criticized such practices:

> A reply brief is an opportunity to address arguments raised in the opposing party's response, not a chance to introduce new lines of arguments or facts that a movant failed to introduce earlier. A moving party is expected to come with its game when it files its motion, addressing completely each issue that must be addressed to obtain the relief it seeks.

*E2Interactive, Inc. v. Blackhawk Network, Inc.*, No. 09-CV-629-SLC, 2010 WL 1981640 (W.D. Wis. May 17, 2010) (Crocker, M.J.).

Caribou's reply in support of its Motion to Stay introduces numerous new factual matters and arguments regarding, *inter alia*, the prior subscriber of Plaintiff's cellular number ending in 0640, the circumstances surrounding Caribou's transmission of text messages to Plaintiff, Caribou's knowledge of its delivery of unsolicited text messages to Plaintiff, and the technology powering Caribou's dialing system (including the argument that Caribou must have randomly or sequentially

dialed Plaintiff's number to have used an "automated telephone dialing system" (which is false) and assertions that Caribou is still investigating the capabilities of its dialing technology).

These new factual matters and arguments are supported by the new allegations of the Amended Answer (filed after Plaintiff filed her opposition to the Motion to Stay) and the new evidence accompanying Caribou's reply. For example, for the first time in the Amended Answer, Caribou asserts, *inter alia*, that "[s]ome or all of the alleged SMS text messages sent Plaintiff and members of the proposed class were sent to cellular telephone numbers provided to Caribou by Caribou customers," and "[s]ome of those cellular telephone numbers may have been reassigned after being provided to Caribou by Caribou customers." (Amended Answer ¶¶ 6-7). Moreover, in the declaration of Caroline Larson submitted for the first time on reply, Ms. Larson makes various statements regarding the "Caribou Perks" program, the individuals to whom Caribou sends texts messages, the date on which Caribou removed Plaintiff's cellular number ending in 0640 from its system, the circumstances surrounding Caribou's interactions with Plaintiff, information about the provider of Plaintiff's cellular telephone number ending in 0640, and Caribou's interactions with the prior subscriber of the number ending in 0640. Caribou supports Larson's declaration with four exhibits, also submitted for the first time on reply: (1) Facebook correspondence between Caribou and Plaintiff (ECF No. 21-1); (2) Caribou's receipt of incoming text messages (ECF No. 21-2); (3) e-mail correspondence from Caribou to Plaintiff (ECF No. 21-3); and (4) a "Caribou Perks enrollment form" completed and submitted to Caribou in June of 2015 (ECF No. 21-4).

Plaintiff is entitled an opportunity to address and rebut this new evidence and argument improperly introduced for the first time on reply. *See Black v. TIC Investment Corp.,* 900 F.2d 112, 116 (7th Cir. 1990) ("Where new evidence is presented in a reply …, the district court should not consider the new evidence without giving the movant an opportunity to respond."). Accordingly, Plaintiff respectfully requests that the Court grant her leave to file the proposed sur-reply and accompanying exhibits attached hereto as Exhibit "A". *See, e.g., Matthews v. Waukesha Cty.,* No. 10-C-440, 2012 WL 695669, at *3 (E.D. Wis. Mar. 1, 2012) ("The Court concurs that Matthews filed new material and raised new arguments in her reply submission warranting a sur-reply brief.").

Undersigned counsel for Plaintiff conferred with Leita Walker, counsel for Caribou, prior to the filing of this motion. Ms. Walker stated that Caribou does not oppose the filing of a sur-reply.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff leave to file the proposed sur-reply attached hereto as Exhibit "A".

- 4 -

Dated:  July 17, 2016                    Respectfully submitted,

By: /s Frank S. Hedin

**CAREY RODRIGUEZ
MILIAN GONYA, LLP**

Frank S. Hedin
fhedin@careyrodriguez.com
David P. Milian
dmilian@careyrodriguez.com
1395 Brickell Avenue, Suite 700
Miami, Florida 33131
Telephone: (305) 372-7474
Facsimile:  (305) 372-7475

*Counsel for Plaintiff and the Putative Class*

## CERTIFICATE OF SERVICE

  I hereby certify that on July 17, 2016, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

              /*s*/Frank S. Hedin