**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

KRISTIE FARNHAM, on behalf of herself              CASE NO. 16-CV-00295-wmc
and all others similarly situated,

      Plaintiff,

v.

CARIBOU COFFEE COMPANY, INC.,

      Defendant.

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE
DEFENDANT'S AFFIRMATIVE DEFENSES ASSERTED IN THE AMENDED
ANSWER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(f)**

Pursuant to Federal Rule of Civil Procedure 12(f), Plaintiff Kristie Farnham, individually and on behalf of all others similarly situated, hereby moves to strike the affirmative defenses asserted in the Amended Answer (ECF No. 19 at 17-22) filed by Defendant Caribou Coffee Company, Inc. ("Caribou").

## I.     BACKGROUND

On May 5, 2016, Plaintiff initiated this action with the Class Action Complaint, alleging claims against Caribou for negligent and willful violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").  (ECF No. 1.)  On May 27, 2016, Plaintiff filed the First Amended Class Action Complaint (ECF No. 8 (the "Complaint")), the operative pleading.  The Complaint alleges that, between March 2016 and May 2016, Caribou transmitted approximately fifty (50) unsolicited SMS text message advertisements to Plaintiff's cellular telephone number.  (Complaint ¶ 14.)

On June 15, 2016, Caribou filed an Answer to the Complaint, along with eleven affirmative defenses.  (ECF No. 11.)

On July 2, 2016, Plaintiff filed a motion to strike the affirmative defenses asserted in Caribou's Answer on the grounds that each defense was inadequately pled under Rule 8 and/or insufficient as a matter of law.  (ECF Nos. 16-17.)

On July 6, 2016, Caribou filed an Amended Answer, asserting the following seven affirmative defenses: (1) lack of standing; (2); lack of damages; (3) lack of causation; (4) failure to mitigate damages; (5) consent; (6) excessive fines and due process; and (7) claims not properly certifiable under Rule 23. (ECF No. 19 at 17-22.)

## II.   APPLICABLE LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides, in pertinent part: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f).

"Courts apply a three-part test in examining the sufficiency of affirmative defenses under Rule 12(f): (1) whether the matter is properly pled as an affirmative defense; (2) whether the affirmative defense complies with Federal Rules of Civil Procedure 8 and 9; and (3) whether the affirmative defense can withstand a Rule 12(b)(6) challenge." *Rudzinski v. Metro. Life Ins. Co.*, No. 05 C 0474, 2007 WL 2973830, at *1 (N.D. Ill. Oct. 4, 2007); *see also Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989) (explaining that affirmative defenses are pleadings and therefore subject to all pleading requirements of the Federal Rules of Civil Procedure); *Chidester v. Camp Douglas Farmers Co-op.*, No. 13-CV-520-BBC, 2013 WL 6440510, at *4 (W.D. Wis. Dec. 9, 2013) (Crabb, J.) ("Rule 11 prohibits a party from listing an affirmative defense without any factual basis for doing so"); *Ivanov v. Nyhus*, No. 14-CV-382-JDP, 2014 WL 5307936, at *3 (W.D. Wis. Oct. 16, 2014) (Peterson, J.) (an affirmative defense is "insufficient" under Rule 8(a), and should be stricken, if it is comprised of "bare bones," conclusory allegations); *Powell v. W. Asset Mgmt., Inc.*, 773 F. Supp. 2d 761, 764 (N.D. Ill. 2011) (affirmative defense that is insufficient as a matter of law should be stricken).

## III.   ARGUMENT

Each of the seven affirmative defenses asserted in the Amended Answer should be stricken as either inadequately pled under Rule 8 or insufficient as a matter of law.

### A.   First Affirmative Defense (Lack of Standing)

Caribou's first affirmative defense – "lack of standing" – is too vague, conclusory and fact-bare to put Plaintiff on notice of the nature of the defense. *See* Fed. R. Civ. P. 8(a).

Caribou's sole allegation in support of this affirmative defense states: "<u>To the extent Plaintiff and members of the proposed class</u> have not paid money, lost title to goods of value, or suffered any other concreted or particularized harm as a result of the conduct alleged, Plaintiff and members of the proposed class lack standing to bring this suit under Article III of the United States

Constitution." (ECF No. 19 at 17 (emphasis added).) This allegation fails to satisfy Rule 8 because it is nothing more than speculation ("[t]o the extent . . .") that Plaintiff and the putative Class members have not suffered a concrete harm sufficient to confer Article III standing. The Amended Answer contains no factual allegations suggesting *why* the allegations of the Complaint, taken as true, fail to establish that Plaintiff and the putative Class members have suffered concrete harm. *See In re Cent. Illinois Energy Co-op.*, No. 09-81409, 2012 WL 3638027, at *2 (Bankr. C.D. Ill. Aug. 22, 2012) ("A true affirmative defense admits the allegations of the complaint but seeks to avoid liability for some reason beyond or apart from an inability to prove one or more of the elements of plaintiff's claim."). Without additional factual allegations that adequately put Plaintiff on notice, this affirmative defense is insufficient and should be stricken. *See, e.g., Greenheck Fan Corp. v. Loren Cook Co.*, No. 08-CV-335-JPS, 2008 WL 4443805, at *2 (W.D. Wis. Sept. 25, 2008) (Crocker, M.J.) ("Defendant has failed to comply with Rule 8 because it has not given plaintiff sufficient notice. Defendant's affirmative defenses are most accurately categorized as legal theories with implied elements."), *report and recommendation adopted sub nom., Greenheck Fan Corp. v. Loren Cook Co.*, No. 08-CV-335, 2008 WL 4756484 (W.D. Wis. Oct. 29, 2008); *Renalds v. S.R.G. Rest. Grp.*, 119 F. Supp. 2d 800, 803-04 (N.D. Ill. 2000) ("The first and eleventh affirmative defenses are insufficient on their face because they are bare-bones conclusory allegations, simply naming legal theories without indicating how they are connected to the case at hand. . . . While the Federal Rules of Civil Procedure allow liberal notice pleading and do not require a claimant to set out in detail the facts upon which it bases a claim, they do not allow a claimant to merely recite the standard for a 12(b)(6) motion to dismiss, and to thereby 'abdicate the responsibility of alleging the basic facts demonstrating his entitlement to relief.'") (citations omitted).

Moreover, the Complaint alleges numerous facts demonstrating that Plaintiff, and each putative Class member, suffered concrete harm sufficient to confer Article III standing. (*See* Complaint ¶¶ 12, 16-20 (alleging that Caribou's unsolicited text messages distracted and aggravated recipients; invaded recipients' privacy; intruded upon recipients' seclusion; required recipients to waste time accessing, reading and ultimately, disposing of the messages; wasted data and reduced the available data storage capacity on recipients' cellular devices; diminished the available battery power and shortened the battery life of recipients' cellular devices; and required expending energy (i.e., electricity) to recoup the battery power lost as a result of receiving the messages).) These factual allegations demonstrate concrete injury in the form of both tangible and intangible harm, and are more than sufficient for Article III purposes. *See, e.g., Mey v. Got Warranty, Inc.*, No. 5:15-CV-101

(docket entry 128) (N.D.W. Va. June 30, 2016) (post-*Spokeo* TCPA plaintiff demonstrated concrete injury in form of both intangible and tangible harm based on allegations that unsolicited calls invaded privacy, intruded upon seclusion, wasted time and electricity and depleted battery); *see also, e.g., Rogers v. Capital One Bank (USA), N.A.*, No. 1:15-CV-4016-TWT, 2016 WL 3162592, at *2 (N.D. Ga. June 7, 2016) (applying *Spokeo*, and concluding that violation of TCPA by itself constitutes concrete injury).   Because amendment would be futile in light of the Complaint's allegations demonstrating concrete harm, Caribou's first affirmative defense should be stricken with prejudice.

### B.  Second Affirmative Defense (Lack of Damages)

Caribou's second affirmative defense – "lack of damages" – is also too vague, conclusory and fact-bare to put Plaintiff on notice of the nature of the defense.  *See* Fed. R. Civ. P. 8(a). Caribou's only support for this affirmative defense is the following speculative allegation: "To the extent Plaintiff and members of the proposed class have not paid money, lost title to goods of value, or suffered any cognizable nonpecuniary harm as a result of the conduct alleged, Plaintiff and members of the proposed class have suffered no actual damages and cannot recover any damages in this action."  (ECF No. 19 at 18 (emphasis added).)   Without additional factual allegations that adequately put Plaintiff on notice, this affirmative defense should also be stricken as insufficient under Rule 8(a).  *See Greenheck Fan Corp.*, 2008 WL 4443805, at *2; *Renalds,* 119 F. Supp. 2d at 803-04.

Moreover, it is irrelevant whether Plaintiff and the members of the proposed class have suffered any actual monetary damages, because the Complaint seeks only statutory damages (as provided by the TCPA), not actual damages.  (*See* Amended Complaint ¶ 45 ("Plaintiff and all Class members are also entitled to, and do seek, an award of $500.00 in statutory damages for each and every SMS message transmitted in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3).") (emphasis added); *id.* ¶ 50 ("Plaintiff and all Class members are also entitled to, and do seek, treble damages of up to $1,500.00 for each and every SMS message transmitted in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3).") (emphasis added).)   Accordingly, Caribou's second affirmative defense should be stricken with prejudice.

### C.  Third Affirmative Defense (Lack of Causation)

Caribou's third affirmative defense – "lack of causation" – essentially alleges that Caribou did not cause Plaintiff's and the putative Class's harm and that someone else must have been responsible.  However, "lack of causation" is not an affirmative defense, but rather is a denial of an element of Plaintiff's claim. *See Allstate Ins. Co. v. Electrolux Home Prods., Inc.,* No. 11 C 7494, 2012 WL

1108424, at * 1 (N.D. Ill. Apr. 2, 2012) (citing *Resolution Trust Corp. v. KPMG Peat Marwick*, 845 F. Supp. 621, 625 (N.D. Ill. 1994) ("The defendants are free to assert at trial that their actions were not the proximate cause of [the plaintiff's] losses. But an assertion of this type is not an affirmative defense")); *FDIC v. White*, 828 F. Supp. 304, 313 (D.N.J. 1998) ("All of the causation affirmative defenses are insufficient as a matter of law"); *Apex Oil Co v. DiMauro*, 713 F. Supp. 587, 604 (S.D.N.Y. 1989) (a "defense[] of lack of causation . . . [is] merely [a] denial of liability and not [an] affirmative defense[]").  Accordingly, this is not a proper affirmative defense and should be stricken with prejudice.

### D.  Fourth Affirmative Defense (Failure to Mitigate Damages)

Caribou's fourth affirmative defense – "Plaintiff failed to mitigate her damages" – is insufficient as a matter of law because Plaintiff only seeking statutory damages, and not actual damages, on behalf of herself and the putative class.  (*See* Amended Complaint ¶ 45 ("Plaintiff and all Class members are also entitled to, and do seek, an award of $500.00 in statutory damages for each and every SMS message transmitted in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3).") (emphasis added); *id.* ¶ 50 ("Plaintiff and all Class members are also entitled to, and do seek, treble damages of up to $1,500.00 for each and every SMS message transmitted in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3).") (emphasis added).)  "Having elected statutory damages, Plaintiff has given up the right to seek actual damages . . ., thereby making a failure-to mitigate defense inapplicable." *Malibu Media, LLC v. Doe*, 2013 WL 4048513, at *2 (N.D. Ind. Aug. 9, 2013); *see also Springer v. Fair Isaac Corp.*, No. 14-CV-02238-TLN-AC, 2015 WL 7188234, at *5 (E.D. Cal. Nov. 16, 2015) ("[F]ailure to mitigate is not a defense to the award of statutory damages" in TCPA action); *see also, e.g., Malibu Media, LLC v. Doe*, No. 13 C 3648, 2014 WL 2581168, at *5 (N.D. Ill. June 9, 2014) ("Doe concedes that Malibu's election of statutory damages eliminates failure to mitigate as a viable defense.").

Indeed, every court that has considered whether a plaintiff has a duty to mitigate damages under the TCPA has found there is no such duty.  *See Powell v. W. Asset Mgmt., Inc.*, 773 F. Supp. 2d 761, 763–64 (N.D. Ill. 2011) (collecting cases); *see also Exclusively Cats Veterinary Hosp., P.C. v. Pharm. Credit Corp.*, No. 13-CV-14376, 2014 WL 4715532, at *5-6 (E.D. Mich. Sept. 22, 2014) ("The TCPA imposes no duty on recipients of unsolicited fax advertisements to mitigate damages by asking the sender to stop transmitting such advertisements."); *see also, e.g., Holtzman v. Turza*, No. 08 C 2014, 2010 WL 3076258, at *5 (N.D. Ill. Oct. 29, 2010) ("Mitigation of damages is not a defense under the TCPA, and each instance of a violation is independently actionable."), *aff'd sub nom. Ira Holtzman,*

*C.P.A. v. Turza*, 728 F.3d 682 (7th Cir. 2013); *Fillichio v. M.R.S Associates, Inc.,* No. 09–612629–CIV, 2010 WL 4261442, at *5 (S.D. Fla. Oct. 19, 2010) ("MRS has presented no authority that requires a plaintiff to mitigate damages under the TCPA, and each case I have found that has considered this issue has concluded that the TCPA does not impose a duty to mitigate."); *State ex rel. Charvat v. Frye,* 114 Ohio St. 3d 76, 868 N.E.2d 270, 275 (2007) ("There is no duty to mitigate in TCPA cases."); *Manuf. Auto Leasing, Inc. v. Autoflex Leasing, Inc.,* 139 S.W.3d 342, 347 (Tex. Ct. App. 2004) ("Autoflex had no duty to contact MAL and ask them to stop violating the TCPA"); *Onsite Computer Consulting Svs., Inc. v. Dartek Computer Supply Corp.,* No. 05AC–000108 I CV, 2006 WL 2771640, at *4 (Mo. Cir. May 17, 2006) ("Plaintiff was not required to mitigate its damages by calling Defendant."); *Jemiola v. XYZ Corp.,* 126 Ohio Misc. 2d 68, 802 N.E.2d 745, 750 (2003) ("Plaintiff has no obligation to mitigate damages since the amount of damages is specifically set by statute and is therefore mandatory. In addition, mitigation of damages would undermine the legislative purpose by effectively rewarding the wrongdoer"); *Daniel Co. of Springfield v. Fax.com, Inc.*, 2004 WL 5460694 (Mo. Cir. Feb. 19, 2004) (mitigation of damages does not apply "to the commission of a series of intentional wrongful acts... Each fax is independently actionable and, like the serial commission of torts, not the proper subject of the defense of mitigation or avoidance of damages.").

District courts of the Seventh Circuit are in complete accord. In *Holtzman*, for example, the U.S. District Court for the Northern District of Illinois reasoned:

> Defendant argues that, despite having many opportunities and methods to contact him and request to be removed from his contact list, the uncontested facts show that plaintiffs failed to mitigate their damages, and that the court should bar class members from recovering damages for more than two faxes. Nonsense. Mitigation of damages is not a defense under the TCPA, and each instance of a violation is independently actionable. See Fed. Comm. Comm'n, *In re 21st Century Fax(es), Ltd.,* Enforcement Action Letter, Case No. EB–00–TC–)) (March 8, 2000) ("Faxing even an advertisement ... constitutes a violation of the TCPA .... Recipients of unsolicited facsimile advertisements are not required to ask that senders stop transmitting such materials."); *see also State ex rel. Charvat v. Frye,* 114 Ohio St.3d 76, 80, 868 N.E.2d 270 (Ohio 2007). Because defendant has offered no case law or FCC recommendations to support a contrary conclusion, the court rejects this argument as a matter of law and will not limit recovery to plaintiffs based on failure to mitigate damages.

*Holtzman,* 2010 WL 3076258, at *5 (emphasis added).

Similarly, the district court in *Powell* stated:

Defendant argues that the failure-to-mitigate defense under Illinois law applies to Plaintiff's TCPA claim. However, Defendant cites no authority to support its assertion. Nor has Defendant established under Section 227(b) that Plaintiff has a duty to mitigate his damages. The TCPA does not expressly include a duty of callees to mitigate the statutorily-prescribed damages by answering or returning telephone calls received from automatic dialing machines and informing the calling entity that it has the incorrect number. *Compare* 47 U.S.C. § 227(c)(5)(C) (establishing "an affirmative defense in any action brought under [paragraph c] that the defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under this subsection."). Furthermore, in a March 2000 Enforcement Action Letter, the Federal Communications Commission ("FCC") indicated that the TCPA does not impose a duty to mitigate with respect to the receipt of unsolicited faxes:

> Some of the unsolicited facsimile advertisements provide consumers with telephone numbers to call to express their desire not to participate in any future polls and/or to be removed from the entities' distribution list(s). Faxing even one advertisement, however, constitutes a violation of the TCPA and the Commission's Rules if the sender does not have an established business relationship with the recipient and/or the recipient's prior express consent to receive the fax advertisement. Accordingly, recipients of unsolicited facsimile advertisements are not required to ask that senders stop transmitting such materials.

*See* FCC, *In re 21st Century Fax(es), Ltd.,* Enforcement Action Letter, Case No. EB–00–TC–001 (March 8, 2000). While the FCC Enforcement Action Letter concerns unsolicited faxes, covered under Section 227(b)(1)(C), and not unsolicited telephone calls covered under Section 227(b)(1)(A), it is equally persuasive given the similarity of the statutory provisions.

In addition, courts that have considered whether a plaintiff has a duty to mitigate damages under Section 227 of the TCPA have found there is no such duty. *See Holtzman v. Turza,* No. 08 C 2014, 2010 WL 3076258, at *5 (N.D. Ill. Oct. 29, 2010); *Fillichio v. M.R.S Associates, Inc.,* No. 09–612629–CIV, 2010 WL 4261442, at *5 (S.D. Fla. Oct. 19, 2010); *State ex rel. Charvat v. Frye,* 114 Ohio St.3d 76, 868 N.E.2d 270, 275 (2007); *Manuf. Auto Leasing, Inc. v. Autoflex Leasing, Inc.,* 139 S.W.3d 342, 347 (Tex. Ct. App. 2004); *Onsite Computer Consulting Svs., Inc. v. Dartek Computer Supply Corp.,* No. 05AC–000108 I CV, 2006

7

WL 2771640, at \*4 (Mo. Cir. May 17, 2006); *Jemiola v. XYZ Corp.,* 126
Ohio Misc.2d 68, 802 N.E.2d 745, 750 (2003).

*Powell*, 773 F. Supp. 2d at 763-64 (emphasis added).

Plaintiff is not aware of any case, from anywhere in the country, finding the defense of failure to mitigate damages cognizable in a TCPA action where, as here, the complaint seeks only statutory damages. Because Caribou's affirmative defense of failure to mitigate is insufficient as a matter of law, it should be stricken with prejudice. *See, e.g., id.* (striking failure to mitigate defense in TCPA action for statutory damages); *Exclusively Cats,* 2014 WL 4715532, at \*5-6 ("The Court finds *Powell* and the cases cited therein, as well as the FCC interpretation, persuasive. More importantly, plaintiff here only seeks statutory damages. Affirmative defense number 8 therefore cannot succeed under any circumstances, and will be stricken as insufficient.") (internal quotation omitted); *Springer*, 2015 WL 7188234, at \*5 (striking affirmative defense of failure to mitigate damages in TCPA action because "there is no duty to mitigate statutory damages in these cases").

### E.  Fifth Affirmative Defense (Consent)

Caribou's fifth affirmative defense – "consent" – is insufficient as a matter of law and should be stricken with prejudice.[1]

The TCPA's implementing regulations prohibit anyone from sending the advertising text messages at issue in this case to cellular phones using an automatic dialing system without "prior express written consent." *See* 47 C.F.R. § 64.1200(a)(2). "'[P]rior express written consent' is defined as a signed, written agreement that clearly authorizes the seller to deliver . . . advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and [specifying] the telephone number to which . . . such . . . messages [are] to be delivered." 47 C.F.R. § 64.1200(f)(8); *see also Satterfield v. Simon & Schuster*, 569 F.3d 946, 955 (9th Cir. 2009) ("Express consent is consent that is clearly and unmistakably stated.") (citation omitted); *Zean v. Fairview Health Servs.*, No. CV 15-3217 (PAM/HB), 2016 WL 740412, at \*2 (D. Minn. Feb. 24, 2016).

Although "express consent" is a proper affirmative defense to a claim for violation of the TCPA, *see Grant v. Capital Mgmt. Servs., L.P.*, 449 Fed. Appx. 598, 600 (9th Cir. Cal. 2011) ("'express consent' is not an element of a TCPA plaintiff's prima facie case, but rather is an affirmative defense for which the defendant bears the burden of proof"), in this case the Amended Answer merely

---

[1]     Though Caribou asserted the affirmative defense of "express consent" in its original Answer (ECF No. 11 at 17), Caribou asserts the affirmative defense of "consent" in its Amended Answer (ECF No. 19 at 20-21).

speculates (again, "to the extent . . .") that Plaintiff may have provided Caribou with "consent" to receive text messages.  Because Caribou does not assert that Plaintiff provided "express consent" – let alone "prior express written consent" – to receive Caribou's text message advertisements (likely because Caribou knows it definitively lacks evidence of such consent, *see* ECF No. 23-1 at 3), this affirmative defense is insufficient as a matter of law and should be stricken.

> **F.      Sixth Affirmative Defense (Excessive Fines and Due Process)**

Caribou's sixth affirmative defense – "excessive fines and due process" – alleges that "Plaintiff's and the proposed class's claim for statutory damages is grossly disproportionate to the conduct alleged, constitutes an excessive fine, and violates Caribou's due process rights under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution."  (ECF No. 19 at 21.)  Caribou attempts to support this affirmative defense by comparing the significant potential liability it faces if Plaintiff and the putative Class prevail in this case (*see id.* ("When directed at SMS text messages, statutory damages under the Telephone Consumer Protection Act could quickly rise to millions of dollars.")), against the harm suffered by Plaintiff and each putative Class member resulting from its illegal conduct (*see id.*).

This, however, is precisely what Congress intended.  The TCPA, by its very nature, will almost always involve claims in which the plaintiff suffered privacy-based harms, wasted time, and aggravation, *inter alia*, as a result of the telemarketer's misconduct.  Thus, courts have consistently rejected attempts by robocallers to avoid paying "disproportionate" statutory damage awards to plaintiffs resulting from their TCPA violations.  And correctly so.  A statutory damage award under the TCPA can never be "disproportionate" to the alleged misconduct because there is a direct correlation between the number of violations the defendant committed and the statutory damage award the plaintiff may recover. *See* 47 U.S.C. § 227(b)(3) (plaintiff entitled to $500.00 or $1,500.00 in "damages for each such violation") (emphasis added); *Physicians Healthsource, Inc. v. Doctor Diabetic Supply, LLC*, 2014 U.S. Dist. LEXIS 177222, *24-25 (S.D. Fla. Dec. 24, 2014) ("Congress determined that damages of $500 is proportionate for each violation. That proportionality does not change as more plaintiffs seek relief; indeed, the size of [the defendant's] potential liability expands at exactly the same rate as the class size.' [citation omitted]"); *Manno v. Healthcare Revenue Recovery Grp., LLC*, 289 F.R.D. 674, 691 (S.D. Fla. 2013) ("The text of the statute makes absolutely plain that, in Congress's judgment, damages of $500 for each violation, or triple that if the violations are willful, are proportionate and appropriate compensation for the consumer. *See* 47 U.S.C. § 227(b)(3)(B)."); *see also, e.g., Kavu, Inc. v. Omnipak Corp.*, 246 F.R.D. 642, 650 (W.D. Wash. 2007) (defendant's potential

liability of $1.5 million to $4.5 million for placing robocalls to 3,000 class members "is a direct result of defendant's large number of violations, for which it should not be rewarded."); *State v. American Blast Fax, Inc.*, 121 F. Supp. 2d 1085, 1091 (W.D. Tex. 2000) ("[T]he TCPA's $500 minimum damages provision, when measured against the overall harms of unsolicited fax advertising and the public interest in deterring such conduct, is not 'so sever and oppressive as to be wholly disproportioned to the offense or obviously unreasonable.'").

Caribou's argument that "disproportional" damages under the TCPA should not be allowed been so thoroughly rejected, and so routinely held to fail as a matter of law, that one district court offered the following comments in response to a defendant who advanced the argument:

> [Defendant], whose counsel is experienced in TCPA litigation has failed to note that other courts have rejected the arguments it now presents to this Court. Under the Maryland Rules of Professional Conduct, applicable to this Court pursuant to Local Rule 704, parties are not obligated to disclose adverse legal authority if that authority is not controlling on this Court. However, [Defendant's] approach is troubling. It is one thing to argue that other courts analyzed the issues incorrectly, but quite another to disregard entirely well-reasoned judicial opinions running contrary to the Defendant's position.

*Pasco v. Protus IP Solutions, Inc.*, 826 F. Supp. 2d 825, 834 n.7 (D. Md. 2011).

Moreover, the Eighth Amendment's "Excessive Fines Clause," U.S. Const., Amend. VIII – which is presumably another basis for Caribou's sixth affirmative defense – only applies to cases in which the government is a plaintiff or has a right to share in an award of damages. *See Browning-Ferris Industries of Vermont, Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 264 (1989) (holding that the Eighth Amendment's Excessive Fines Clause "does not constrain an award of money damages in a civil suit when the government neither has prosecuted the action nor has any right to receive a share of the damages awarded."). In this case, the government is not a plaintiff and there is no possibility the government could share in any recovery. Accordingly, Caribou's Eighth Amendment defense fails as a matter of law. *See, e.g., Vazquez v. Triad Media Sols., Inc.*, No. 15CV07220WHWCLW, 2016 WL 155044, at *5 (D.N.J. Jan. 13, 2016) (affirmative defense that plaintiff's damages claim constitutes "excessive fine in violation of … Eighth Amendment" fails as a matter of law because "[t]he Government is not a plaintiff in this case, Plaintiff has not brought the suit on the Government's behalf, and neither party argues that the Government could share in the potential recovery.").

Because any damages recovered by Plaintiff and the putative Class in this case will be a direct result of Caribou's violations of a duly enacted federal statute, and because the government is not

entitled to share in any such recovery, Caribou's sixth affirmative defense is insufficient as a matter of law and should be stricken with prejudice. *See, e.g., id.*; *see also, e.g., Fillichio,* 2010 WL 4261442, at *5 n.3 ("It may seem that, under the circumstances, an award of $78,500 to Ms. Fillichio is excessive. But my job is to apply the TCPA as Congress wrote it, not as it might have been written.").

G.      **Seventh Affirmative Defense (Claims Not Properly Certifiable Under Rule 23)**

Caribou's seventh affirmative defense – "claims not properly certifiable under Rule 23" – is not an affirmative defense but rather a procedural argument that is more properly advanced at the class certification stage.  It should be stricken with prejudice.  *See, e.g., Sanchez v. Roka Akor Chicago LLC,* No. 14 C 4645, 2015 WL 122747, at *3 (N.D. Ill. Jan. 9, 2015) ("Roka Akor's twelfth affirmative defense is that Sanchez 'cannot meet or satisfy the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure including, but not limited to: class ascertainability, typicality, commonality, numerosity, manageability, superiority, and adequacy of the class representative; lack of community of interest among the putative class; and because class certification is inappropriate due to [Roka Akor's] lawful policies and conduct.'  In its answer, Roka Akor repeatedly denies that class certification is warranted. The twelfth affirmative defense is thus duplicative of Roka Akor's answer.  It is also clear that class certification is best addressed in the context of a motion that Roka Akor will be able to oppose regardless of the presence of its single-sentence class certification affirmative defense.  The motion to strike is granted.").

IV.      **CONCLUSION**

For the foregoing reasons, the Court should strike each of the affirmative defenses asserted by Caribou in its Amended Answer, which will serve the interest of judicial expediency. *See, e.g., Heller,* 883 F.2d at 1294 (motion to strike affirmative defenses should be granted if motion seeks to "remove unnecessary clutter from the case" and will "serve to expedite" the proceedings).

Dated:  July 24, 2016                         Respectfully submitted,

                                              By: /s/ Frank S. Hedin

                                              **CAREY RODRIGUEZ
                                              MILIAN GONYA, LLP**

                                              Frank S. Hedin
                                              fhedin@careyrodriguez.com
                                              David P. Milian
                                              dmilian@careyrodriguez.com
                                              1395 Brickell Avenue, Suite 700
                                              Miami, Florida 33131

Telephone: (305) 372-7474
Facsimile:  (305) 372-7475

*Counsel for Plaintiff and the Putative Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 24, 2016, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/*s*/Frank S. Hedin