# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

---

KRISTIE FARNHAM, on behalf of herself
and all others similarly situated,

      Plaintiff,

v.

CARIBOU COFFEE COMPANY, INC.,

      Defendant.

CASE NO. 16-CV-295-wmc

---

## JOINT DISCOVERY PLAN AND PRELIMINARY PRETRIAL REPORT

---

Pursuant to the Court's Standing Order Governing Preliminary Pretrial Conferences and Federal Rule of Civil Procedure 26(f), Plaintiff Kristie Farnham, individually and on behalf of all others similarly situated, and Defendant Caribou Coffee Company, Inc. ("Caribou"), submit this Joint Discovery Plan and Preliminary Pretrial Report.

## PROPOSED DISCOVERY PLAN

### A.  Case Schedule

The parties propose the following respective case schedules:

| EVENT | PLAINTIFF'S PROPOSAL | DEFENDANT'S PROPOSAL (See Statement Below) |
|---|---|---|
| Rule 26 initial disclosures | Within 14 days of entry of scheduling order | Within 14 days after an order by the Court denying Caribou's motion to stay or 14 days after a stay ordered by the Court is lifted |
| Deadline to amend pleadings or add parties | October 17, 2016 | Within 60 days after an order by the Court denying Caribou's motion to stay or 60 days after a stay ordered by the Court is lifted |
| Deadline to complete fact discovery | January 27, 2017 | For class-certification issues, within 150 days after an order by the Court denying Caribou's motion to stay or 150 days after a stay ordered by the Court is lifted<br><br>For merits issues, within 180 days after an order by the Court on |

US.107424877.02

| | | Plaintiff's motion for class certification |
|---|---|---|
| Deadline to complete expert discovery | March 1, 2017 | Within 150 days after an order by the Court on Plaintiff's motion for class certification |
| Deadline to file dispositive motions | February 28, 2017 | Within 150 days after an order by the Court on Plaintiff's motion for class certification |
| Deadline to file motion for class certification | March 28, 2017 | Within 180 days after an order by the Court denying Caribou's motion to stay or 180 days after a stay ordered by the Court is lifted |
| Trial date | July 2017 | To be determined after the Court's ruling on Plaintiff's motion for class certification |

1.    **Plaintiff's Statement**

Plaintiff believes that discovery should proceed routinely, not in the bifurcated manner proposed by Caribou below.  This is a routine TCPA action involving extremely reasonable and targeted discovery requests for readily available documents and information.  The discovery process will not be overly burdensome to Caribou in any way -- a point Caribou appears to concede. Because there is thus no reason to bifurcate discovery in this case, discovery should proceed in the ordinary course.  *See, e.g., Muha v. Encore Receivable Mgmt., Inc.*, 236 F.R.D. 429, 431 (E.D. Wis. 2006) (declining to bifurcate discovery in putative class action where "[t]he defendant does not argue that answering the plaintiffs' interrogatories is burdensome, inefficient, or unfair").

Caribou's position that no discovery should be permitted as to the merits of the named plaintiff's claims until after a decision on class certification is completely meritless and contrary to Federal Rule of Civil Procedure 1.  Finally, to the extent Caribou is entitled to take any discovery as to individual unnamed class members, such discovery should only be permitted after liability is established -- i.e., after summary judgment or trial, and in connection with the claims process.  *See, e.g., Babb Real Estate, LLC v. Shelaine Bennett, et al.*, Case No. 10-cv-119-wmc (docket entry 72) (W.D. Wis. Nov. 3, 2011) (Conley, J.) (stating, in TCPA class action: "The court is in receipt of defendant Shelaine Bennett's request for guidance on contacting class members to determine her preexisting relationship, if any, with each. After the trial and assuming liability is established, class members will have to submit claims forms requesting damages. At that time, defendants may engage in discovery, including sending class members interrogatories or other discovery requests, to determine whether a business relationship existed at the time the 2006 faxes were sent.    In other words, defendants

US.107424877.02

will have an opportunity to assert the 'business relationship' defense against individual class members during the claims process. Accordingly, defendant Bennett's request to contact class members is DENIED at this time.    The court will revisit the request if liability is established at trial.") (emphasis added); *see also, e.g., In re Hamilton Bancorp, Inc. Sec. Litig.*, No. 01–CV–0156, 2002 WL 463314, at *1 (S.D. Fla. Jan.14, 2002) (explaining that in certain cases, bifurcation may increase the costs of litigation by "protracting the completion of discovery, coupled with endless disputes over what is 'merit' versus 'class' discovery").

      **2.**      **Defendant's Statement**

Caribou proposes that discovery not begin until the Court rules on its Motion to Stay Proceedings (Dkt. 12), which is fully briefed. Caribou proposes deadlines above that are tied to the Court's denial of its motion to stay or lifting of the stay, should the Court grant Caribou's motion.

In addition, because this action is filed as a class action under Rule 23, and considering the complex nature of this case, Caribou propose that the Court bifurcate discovery into two stages with class certification first, followed by merits discovery of the class after the Court determines whether to certify one or more classes. In the period leading up to briefing of Plaintiff's motion for class certification, discovery should be limited to that which is necessary to build the record for the Court to determine whether a class is appropriate. After the Court issues its ruling on class certification, the parties can conduct the remaining merits discovery, whether for the individual named plaintiff, if certification is denied, or for any classes that are certified. *See* Fed. R. Civ. P. 23 2003 advisory committee's notes ("[I]t is appropriate to conduct controlled discovery . . . limited to those aspects relevant to making the certification on an informed basis."); *see also, e.g., Harris v. comScore, Inc.*, No. 11 CV 5807, 2012 WL 686709, at *3 (N.D. Ill. Mar. 2, 2012) (quoting Fed. R. Civ. P. 23 advisory committee note and granting defendant's motion to bifurcate merits discovery from class discovery); *Muha v. Encore Receivable Mgmt.*, Inc., 236 F.R.D. 429, 430 (E.D. Wis. 2006) (Noting that while it was not requested by the defendant in this case, "[i]n some class actions, the court bifurcates discovery.") (citing *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570–71 (11th Cir. 1992) ("To make early class determination practicable and to best serve the ends of fairness and efficiency, courts may allow classwide discovery on the certification issue and postpone classwide discovery on the merits.")).

## B. Modifications to Limitations on Discovery Imposed by the Federal Rules

The parties do not propose any modifications to the Federal Rules of Civil Procedure.

US 107424877.02

## <u>OTHER INFORMATION REQUIRED BY STANDING ORDER</u>

**A.  Concise Statement of the Nature of the Case**

    **a.   Plaintiff's Statement**

This is a putative class action alleging claims for negligent and willful violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, against Defendant.  The First Amended Class Action Complaint (ECF No. 8), the operative pleading, alleges that, between March 2016 and May 2016, Defendant transmitted approximately fifty (50) unsolicited SMS text message advertisements to Plaintiff's cellular telephone.   Plaintiff brings this action individually and on behalf of the following Class, believed to consist of thousands of similarly situated individuals:

> All persons within the United States who received an SMS text message from Caribou Coffee Company, Inc. and/ or an affiliate, subsidiary, or agent of Caribou Coffee Company, Inc. to a cellular telephone through the use of an automatic dialing system and who did not provide prior express written consent to receive such SMS text messages.

(First Amended Complaint ¶ 27.)  This case is perfectly suited for class treatment, because no one who gave Caribou consent (or had given any consent to revoke) falls within the proposed Class definition, and because common issues easily predominate over any individual issues that may exist.

Caribou has filed a motion to stay the entire case, indefinitely, pending the United States Court of Appeals for the D.C. Circuit's resolution of *ACA Int'l v. FCC*, No. 15-1211 (D.C. Cir. 2015).   (ECF Nos. 12-13.)   Plaintiff believes the motion to stay is meritless because the D.C. Circuit's ruling in *ACA Int'l* will have no bearing on the outcome of this case, as discussed in detail in Plaintiff's response and proposed sur-reply in opposition to the motion to stay (ECF Nos. 14, 23-1).

Currently pending before the Court are the following motions: (1) Plaintiff's motion to strike Defendant's affirmative defenses asserted in the Amended Answer (ECF Nos. 31-32); (2) Plaintiff's place holder motion for class certification (ECF No. 25); (3) Defendant's motion to stay (ECF Nos. 12); and (4) Plaintiff's unopposed motion for leave to file a sur-reply to Defendant's motion to stay (ECF Nos. 22-23).

    **b.   Defendant's Statement**

As reflected in Plaintiff's statement, this is a putative class action alleging claims for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227. Plaintiff seeks to represent a class of individuals who allegedly did not provide prior express written consent to receive text messages from Caribou or on Caribou's behalf.

US 107424877.03

Caribou maintains that Plaintiff's claims are without merit. Even if Plaintiff has an individual claim for violations of the TCPA, the proposed class cannot be certified because issues of consent, revocation, and cellular telephone ownership or usage will need to be determined for each individual allegedly texted during the proposed class period. Those individual issues will predominate over any and all potential common issues.

**B. The Names of Any Related Cases**

The parties are not aware of any related cases.

**C. Statement of the Material Factual and Legal Issues to be Resolved At Trial**

**a. Plaintiff's Statement**

Plaintiff provides the following questions of law and fact to be resolved at trial in this case:

1.      Whether Defendant and/or affiliates, subsidiaries, or agents of Defendant transmitted non-emergency text messages to Plaintiff's and the Class members' cellular telephones using an automatic telephone dialing system;

2.      Whether Defendant and/or affiliates, subsidiaries, or agents of Defendant can meet their burden to show Defendant obtained prior express written consent (as defined by 47 C.F.R. 64.1200(f)(8)) to send the text messages complained of;

3.      Whether the complained of conduct was knowing and/or willful;

4.      Whether Defendant and/or affiliates, subsidiaries, or agents of Defendant should be enjoined from engaging in such conduct in the future

**b. Defendant's Statement**

Caribou agrees that Plaintiff's Statement sets out the material factual and legal issues to be resolved at trial of this matter and provides one additional issue:     If Caribou had consent to transmit text messages to Plaintiff and/or the Class members using an automatic telephone dialing system, whether Plaintiff and/or individual Class members adequately revoked consent.

**D. Any Amendments to the Pleadings or Additions of Parties**

Neither party wishes to amend the pleadings at this time.

However, Plaintiff may seek to amend the Complaint after further discovery to add as a defendant the third-party marketing company used by Defendant to send SMS text messages, to add additional plaintiffs, and to amend the class definition, including to add one or more subclasses, as necessary.

US.107424877.02

Defendant may seek to amend the Complaint after further discovery to add as a third-party defendant the wireless carrier responsible for reassignment of telephone numbers at issue in this litigation.

### E.  Estimated Trial Length

The parties estimate five (5) days will be required for trial in this action.

Dated:  August 1, 2016

Respectfully submitted,

By: /s/ Frank S. Hedin_____

**CAREY RODRIGUEZ
MILIAN GONYA, LLP**

Frank S. Hedin
fhedin@careyrodriguez.com
David P. Milian
dmilian@careyrodriguez.com
1395 Brickell Avenue, Suite 700
Miami, Florida 33131
Telephone: (305) 372-7474
Facsimile:  (305) 372-7475

*Counsel for Plaintiff and the Putative Class*

/s/ Leita Walker_____
Leita Walker, (MN #387095)
Erin Hoffman (MN #0387835)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
Fax: (612) 766-1600
Leita.Walker@FaegreBD.com
Erin.Hoffman @FaegreBD.com

*Counsel for Defendant*

US.107424877.02