# EXHIBIT A

## SETTLEMENT AGREEMENT

This Settlement Agreement and Release is entered into by, between and among (1) Plaintiff Kristie Farnham, on behalf of herself and as putative representative of the Settlement Class[1], and (2) Defendant Caribou Coffee Company, Inc. This Settlement Agreement is entered into by the Parties to effect a full and final settlement and dismissal of all Plaintiff's claims against Defendant in the above captioned lawsuit, on the terms set forth below, subject to Court approval pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### I.     RECITALS

WHEREAS, On May 5, 2016, Plaintiff initiated this action with the Class Action Complaint, alleging claims against Defendant for negligent and willful violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") (ECF No. 1);

WHEREAS, On May 27, 2016, Plaintiff filed the operative First Amended Class Action Complaint (ECF No. 8 (the "Complaint")). The Complaint alleges that, between March 2016 and May 2016, Defendant transmitted approximately fifty (50) unsolicited SMS text message advertisements to Plaintiff's cellular telephone number ending in 0640 (the "0640 Number") (Complaint ¶ 14);

WHEREAS, On June 15, 2016, Defendant filed a motion to stay, requesting that the Court stay the action pending the United States Court of Appeals for the D.C. Circuit's resolution of *ACA Int'l v. FCC*, No. 15-1211 (D.C. Cir.). (ECF Nos. 12-13 (the "Motion to Stay"). On July 1, 2016, Plaintiff responded in opposition to the Motion to Stay (ECF No. 14), and on July 12, 2016, Defendant filed its reply (ECF No. 20). On July 17, 2016, Plaintiff filed a sur-reply in further opposition to the Motion to Stay (ECF No. 23-1);

---

[1]     Unless otherwise defined herein, all capitalized terms shall have the same force, meaning and effect as ascribed in Section II of this Settlement Agreement ("Definitions").

1

WHEREAS, On July 6, 2016, Defendant filed an Amended Answer, the operative responsive pleading (ECF No. 19), denying the material allegations in the Complaint and asserting several affirmative defenses (Answer ¶ 15);

WHEREAS, On October 11, 2016, discovery commenced pursuant to Magistrate Judge Stephen Crocker's preliminary pretrial conference order dated August 8, 2016 (ECF No. 36 at 3);

WHEREAS, On February 8, 2017, after several months of exchanging discovery (and, in the case of Plaintiff, obtaining discovery from numerous third parties), the Parties requested that the Court extend certain discovery and class certification related deadlines pending mediation (ECF No. 45 );

WHEREAS, prior to attending mediation, Plaintiff retained and conferred with Randall Snyder, a respected expert in the field of telecommunications, to further assess the merits of the class claims and to assist in determining the strength of liability, potential remedies, and all defenses thereto;

WHEREAS, on April 13, 2017, the Parties attended a full-day of mediation in Chicago, Illinois before the Hon. Morton Denlow (Ret.), a former federal judge with substantial experience mediating consumer class actions, including class actions alleging violation of the TCPA;

WHEREAS, after approximately ten hours of hard fought, arm's-length negotiations during mediation before Judge Denlow, the Parties reached this proposed Settlement Agreement, conditioned upon Plaintiff taking confirmatory discovery regarding, inter alia, the number of class members;

WHEREAS, between April 13, 2017 and June 7, 2017, Plaintiff conducted additional discovery to confirm the size and scope of the class and other matters relevant to Defendant's defenses and potential class-wide liability;

WHEREAS, Defendant denies all material allegations in the Litigation and has asserted a variety of affirmative defenses. Defendant denies that it has engaged in any wrongdoing whatsoever, that it has any liability in connection with the claims asserted or that could have been asserted in the Litigation and further denies that the claims in the Litigation can properly be maintained as a class action. Nonetheless, without admitting or conceding any wrongdoing, liability or damages or the appropriateness of Plaintiff's claims or similar claims for class treatment, Defendant consents to the Settlement solely to avoid the expense, inconvenience and inherent risk of litigation as well as the disruption of its business operations. Nothing in this Settlement or Settlement Agreement shall be construed as an admission or concession by Defendant of the truth of any allegations raised in the Litigation or of any fault, wrongdoing, liability or damages of any kind. This Settlement Agreement, its terms, documents related to it and the negotiations or proceedings connected with it shall not be offered or received into evidence in the Litigation or in any other action or proceeding to establish any liability or admission by Defendant;

WHEREAS, Plaintiff, as class representative, believes that the claims settled herein have substantial merit, but she and her counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the claims through trial, appeal, and ancillary actions. Plaintiff and her counsel have also taken into account the uncertain outcome and risk of continued litigation, as well as the difficulties and delay inherent in such litigation, and believe that the Settlement set forth in this Settlement Agreement confers substantial benefits upon the Settlement Class Members. Based upon a detailed evaluation, Class Counsel have determined that the Settlement set forth in this Settlement Agreement is in the best interest of the Class and represents an excellent result for the Class;

3

WHEREAS, based upon their review, investigation, and evaluation of the facts and law relating to the matters alleged in the Litigation, Plaintiff and Class Counsel have agreed to settle the Litigation pursuant to the provisions of this Settlement Agreement, after considering, inter alia: (i) the substantial monetary and non-monetary benefits to the Settlement Class Members under the terms of this Settlement Agreement; (ii) the risks, costs, and uncertainty of protracted litigation, especially in complex actions such as this, as well as the difficulties and delays inherent in such litigation; and (iii) the desirability of consummating this Settlement Agreement forthwith, in order to provide effective and prompt relief to the Settlement Class Members; and

WHEREAS, this Settlement Agreement was reached as a result of hard fought litigation and extensive arm's-length negotiations between the Parties and their counsel. Before, during and after these negotiations and the mediation before Judge Denlow, the Parties conducted an arm's-length exchange of information sufficient to permit Plaintiff and Class Counse to evaluate the claims and potential defenses and to meaningfully conduct informed settlement discussions;

NOW, THEREFORE, in consideration of the foregoing and the mutual covenants, promises and general releases set forth below, subject to preliminary and final approval of the Court, the Parties hereby agree as follows:

## II.    **DEFINITIONS**

As used in this Settlement Agreement and the attached exhibits, the following terms have the meanings set forth below, unless this Settlement Agreement specifically provides otherwise:

A.     "Attorneys' Fee Award" means any Court-approved award to Class Counsel as further described in Section VI, Paragraph H and payable from the Net Settlement Fund.

B.     "Available Cash Award Total" means the amount of money in the Net Settlement Fund available to pay Cash Awards.

4

C.    "CAFA Notice" means notification of this proposed settlement to certain federal and state officials, in accordance with 28 U.S.C. § 1715.

D.    "Cash Award" means the cash compensation that Settlement Class Members who submit a Valid Claim shall be entitled to receive as detailed in Section IV and payable from the Net Settlement Fund.

E.    "Claim Deadline" means the date by which Class Members must submit Claims Forms to be eligible for the benefits described herein, which date will be specified in the Class Notice.

F.    "Claim Form" means the claim form, or its substantially similar form, attached hereto as **Exhibit A,** as approved by the Court, that Settlement Class Members must complete and submit on or before the Claim Deadline to be eligible for the benefits described herein, which document shall be submitted to the Court when the Parties seek preliminary approval of the Settlement.

G.    "Class Counsel" means David P. Milian and Frank S. Hedin of Carey Rodriguez Milian Gonya, LLP.

H.    "Class Notice" means the Court-approved forms of notice to the Settlement Class, which will notify members of the Settlement Class of entry of the Preliminary Approval Order and the scheduling of the Fairness Hearing, among other things, attached hereto as Composite **Exhibit B.**

I.    "Confidential Information" means the names, phone numbers, and other data concerning Settlement Class Members relating to this settlement.

J.    "Court" means the United States District Court for the Western District of Wisconsin and the Judge presiding over the Litigation (the Honorable William M. Conley).

5

K.    "Days" means calendar days, except that when computing any period of time prescribed or allowed by this Settlement Agreement, the day of the act, event or default from which the designated period of time begins to run shall not be included.  When computing any period of time prescribed or allowed by this Settlement Agreement, the last day of the period so computed shall be included, unless it is a Saturday, Sunday or federal or State of Wisconsin legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday or federal or State of Wisconsin legal holiday.

L.    "Defendant" means Caribou Coffee Company, Inc.

M.    "Defense Counsel" means Faegre Baker Daniels LLP.

N.    "Fairness Hearing" means the hearing at which the Court orders final approval of the Settlement. The Parties shall request that the Court schedule the Fairness Hearing for a date that is in compliance with the provisions of 28 U.S.C. § 1715(d) (CAFA Notice Provisions).

O.    "Final Approval Order and Judgment" means a final order entered by the Court after the Fairness Hearing, granting approval of the Settlement as further described in Section X.

P.    "Litigation" means the class action lawsuit entitled *Kristie Farnham, on behalf of herself and all others similarly situated v. Caribou Coffee Company, Inc.,* Case No 16-CV-00295-WMC, in the United States District Court for the Western District of Wisconsin.

Q.    "Net Settlement Fund" means the Settlement Fund, less the amounts paid for the Notice and Administration Costs and any Attorneys' Fee Award and Service Awards, as described in more detail in Section IV.

R.    "Notice and Administration Costs" means any and all costs and expenses of notice and administration relating to this Settlement.

S.    "Notice Date" means the first day on which the Settlement Administrator begins

6

disseminating the Class Notice.

T.      "Opt-Out" shall refer to a member of the Settlement Class who properly and timely submits a request for exclusion from the Settlement Class as set forth in Section VII, Paragraph C.

U.      "Opt-Out List" shall refer to the list compiled by the Settlement Administrator identifying those who properly and timely submit a request for exclusion from the Settlement Class and become Opt-Outs.

V.      "Opt-Out and Objection Date" means the date by which a request for exclusion must be filed with the Settlement Administrator in order for a member of the Settlement Class to be excluded from the Settlement Class, and the date by which Settlement Class Members must timely file objections, if any, to the Settlement in order to preserve any right or ability to object to the Settlement.

W.      "Parties" means Plaintiff and Settlement Class Members together with Defendant.

X.      "Person" means an individual, corporation, partnership, limited partnership, limited liability company, association, member, joint stock company, estate, legal representative, trust, unincorporated association, any business or legal entity and such individual's or entity's spouse, heirs, predecessors, successors, representatives and assignees.

Y.      "Plaintiff" means Kristie Farnham.

Z.      "Preliminary Approval Date" means the date the Preliminary Approval Order has been signed by the Court.

AA.     "Preliminary Approval Order" means the order defined in Section IX and entered by the Court preliminary approving the Settlement.

BB.     "Release" means the release and discharge, as of the date of the Final Approval

7

Order, by Plaintiff and all Settlement Class Members (and their respective present, former and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest and successors), who have not properly and timely excluded themselves from the Settlement Class, of the Released Persons and shall include the agreement and commitment by Plaintiff and all Settlement Class Members to not now or hereafter initiate, maintain or assert against the Released Persons or any of them any and all causes of action, claims, rights, demands, actions, claims for damages, equitable, legal and/or administrative relief, interest, demands or rights, including without limitation, claims for damages of any kind, including those in excess of actual damages, whether based on federal, state or local law, statute, ordinance, regulation, contract, common law or any other sources that have been, could have been, may be or could be alleged or asserted now or in the future by Plaintiff or any Settlement Class Members against the Released Persons, or any of them, in the Litigation or in any other court action or before any administrative body (including any regulatory entity or organization), tribunal, arbitration panel or other adjudicating body arising out of or related to the Released Claims.

CC.    "Released Claims" means any and all claims, actions, causes of action, rights, demands, suits, debts, liens, contracts, agreements, offsets or liabilities, including but not limited to tort claims, negligence claims, claims for breach of contract, breach of the duty of good faith and fair dealing, breach of statutory duties, actual or constructive fraud, misrepresentations, fraudulent inducement, statutory and consumer fraud, breach of fiduciary duty, unfair business or trade practices, false advertising, restitution, rescission, compensatory and punitive damages, injunctive or declaratory relief, attorneys' fees, interests, costs, penalties and any other claims, whether known or unknown, alleged or not alleged in the Litigation, suspected or unsuspected, contingent or matured, under federal, state or local law, which Plaintiff and/or any Settlement

8

Class Member had, now have or may in the future have with respect to any conduct, act, omissions, facts, matters, transactions or oral or written statements or occurrences on or prior to the Preliminary Approval Date <u>arising from or relating to allegedly unauthorized text messages sent by or on behalf of the Released Persons to the Releasing Persons, including, without limitation, the causes of action and allegations made by Plaintiff in the Litigation as well as claims and allegations that the Released Persons violated the TCPA or any similar claims under state statutes and common law claims that may pertain to the sending of unauthorized text messages of any state or the District of Columbia.</u>

DD.    "Released Persons" means Defendant and its affiliates, past, present and future direct and indirect predecessors, successors, assigns, parents, subsidiaries, affiliates, joint venturers, partnerships, limited liability companies, corporations, unincorporated entities, divisions, groups, directors, officers, shareholders, members, employees, partners, agents, insurers and attorneys, including without limitation Defendant's text message marketing partners 3Seventy, Inc. and Givex Corporation.

EE.    "Releasing Persons" means Plaintiff and all Settlement Class Members, and their respective present, former and future administrators, agents, assigns, executors, heirs, predecessors-in-interest and successors of the Plaintiff and Settlement Class Members.

FF.    "Service Award" means any Court-approved award to the Plaintiff, in her capacity as individual class representative, as defined in Section VI, Paragraph A and payable from the Net Settlement Fund.

GG.    "Settlement" means the settlement set forth in this Settlement Agreement.

HH.    "Settlement Administrator" means <u>Epiq Class Action & Claims Solutions, Inc.,</u> an independent, reputable and competent professional service company selected by Class Counsel

and Defendant's counsel following the receipt of five (5) competing bids from a pool of reputable and experienced companies, subject to approval of the Court, which will administer Class Notice, maintain the Settlement Website, administer the Settlement in accordance with this Settlement Agreement and engage in any other tasks directed by the Court, Class Counsel or Defense Counsel.

II.     "Settlement Agreement" or "Agreement" means this Settlement Agreement and Release, including all exhibits and addenda thereto.

JJ.     "Settlement Class" means all Persons who fall within the definition of the class identified in Section III, Paragraph A.

KK.     "Settlement Class Members" means all Persons in the Settlement Class who do not timely exclude themselves (i.e., become an Opt-Out) pursuant to Section VII, Paragraph C.

LL.     "Settlement Class Notice Program" means the process devised by the Parties and the Settlement Administrator, and approved by the Court, for notifying the Settlement Class of the Settlement and Settlement Agreement.

MM.     "Settlement Fund" means the non-reversionary cash fund established by Defendant in the amount of $8,500,000.00, as described in Section IV, Paragraph A.

NN.     "Settlement Website" means the dedicated website created and maintained by the Settlement Administrator, which will contain relevant documents and information about the Settlement, including this Settlement Agreement, the Class Notice and the Claim Form.

OO.     "Valid Claim" means a completed Claim Form that is timely submitted by a Settlement Class Member as more fully described in Section V.

PP.     The plural of any defined term includes the singular, and vice versa, as made necessary in context.

QQ.    Terms that are defined in the text of the Agreement, but not otherwise defined in Section II, shall have the meaning given those terms in the text.

### III.    PROPOSED CLASS FOR SETTLEMENT PURPOSES

A.    Pursuant to Fed. R. Civ. P. 23, the Parties hereto agree to certification, for settlement purposes only, of the following Settlement Class:

> All Persons who, while residing in the United States, received one or more text messages sent by or on behalf of Caribou Coffee Company, Inc. at a cellular telephone number between May 5, 2012 and the Preliminary Approval Date.

(i)    Specifically excluded from the Settlement Class are the following Persons:

a.    Caribou Coffee Company, Inc., and its affiliates, employees, officers, directors, agents, and representatives and their immediate family members;

b.    Class Counsel;

c.    Any person who first received a text message from Caribou Coffee Company, Inc. after the Preliminary Approval Date and;

d.    The Judge and U.S. Magistrate Judge who have presided over the Litigation and their immediate family members.

B.    Solely for the purpose of implementing this Settlement Agreement and effectuating the Settlement, the Parties stipulate to the Court entering an order preliminarily certifying the Settlement Class, appointing Plaintiff Kristie Farnham as representative of the Settlement Class and appointing David P. Milian and Frank S. Hedin, counsel for Plaintiff, as counsel for the Settlement Class.

C.    Solely for the purpose of implementing this Settlement Agreement and effectuating the Settlement, the Parties stipulate to the Court entering an order preliminarily

11

finding that Plaintiff and Class Counsel are adequate representatives of the Settlement Class.

D.      In the event that the Settlement Agreement is terminated pursuant to its terms or is not approved in any material respect by the Court, or such approval is reversed, vacated, or modified in any material respect by the Court or by any other court, the certification of the Settlement Class shall be deemed vacated, the Litigation shall proceed as if the Settlement Class had never been certified and no reference to the Settlement Class, this Settlement Agreement or any documents, communications or negotiations related in any way thereto shall be made for any purpose in the Litigation or in any other action or proceeding.

## IV.      BENEFITS TO THE CLASS

A.      Pursuant to the terms and conditions set forth below, Defendant shall pay, on a non-reversionary basis, cash in the amount of **$8,500,000.00** (Eight Million, Five Hundred Thousand Dollars and Zero Cents) to create the Settlement Fund, for the benefit of Settlement Class Members, which will be used to pay all Settlement costs, including without limitation the Cash Awards, Notice and Administrative Costs, any Attorneys' Fee Award, and any Service Award, and will be in full satisfaction of all of Defendant's monetary obligations under this Settlement and Settlement Agreement.  In no event shall Defendant be obligated to contribute any monies in excess of the amount comprising the Settlement Fund.  Additionally, regardless of the number of Valid Claims submitted, no portion of the Settlement Fund or Available Cash Award Total shall be returned or refunded to the Defendant, unless the Settlement is terminated pursuant to Section IX below.

B.      Subject to the terms of this Agreement, each Settlement Class Member who submits a Valid Claim will be eligible to receive a Cash Award in the amount of a pro rata allocation of the Available Cash Award Total.

12

C.     The Parties agree that the core relief under the Settlement includes changes to Defendant's business practice relating to its text marketing programs directed to consumers. As a continuing and future benefit to all Settlement Class Members, Defendant has agreed to discontinue its text marketing programs as of the date of the Preliminary Approval Order. Caribou intends to continue offering its customers access to discounts and information through Caribou's downloadable application, a communication method, which do not implicate the TCPA.  If, in the future, Defendant elects to restart a text marketing program, it agrees to institute and maintain significant TCPA compliance training of key personnel, and enhancements to its systems to prevent sending text messages via an automatic telephone dialing system unless the recipient has provided prior express written consent.  Defendant agrees to at all times maintain best practices policies and procedures that fully comply with the TCPA and related FCC regulations. To the extent that Congress, the FCC, or any other relevant federal regulatory authority promulgates different requirements under the TCPA, 47 U.S.C. § 227, et seq., or any other law or regulatory promulgation that would govern any conduct affected by the Settlement, those laws and regulatory provisions will control with respect to Defendant's business practice changes addressed in this Settlement Agreement.

D.     Defendant shall have no obligation to make any payments under this Settlement Agreement until the Court enters a Preliminary Approval Order.  Once the Court enters a Preliminary Approval Order, Defendant shall, within five (5) Days of the Preliminary Approval Order, pay reasonable Notice and Administration Costs arising under this Settlement Agreement by making such payment directly to the Settlement Administrator (or to such other party incurring such costs) as those costs are incurred and payment becomes due.

E.     Within thirty five (35) Days of entry of the Final Approval Order And Judgment,

13

Defendant will wire transfer the Settlement Fund, less any amounts previously advanced by Defendant to the Settlement Administrator for Notice and Administrative Costs, into an interest-bearing bank account (the "Settlement Account") designated by the Settlement Administrator. Any interest that accrues on the Settlement Fund in the Settlement Account will be added to the Settlement Fund.

      F.      Within ten (10) Days of receipt of the Settlement Fund as set forth in E above, or at such other time as may be reasonably agreed upon by the Parties, the Settlement Administrator shall cause (a) any Service Award awarded by the Court to be paid, (b) any Attorneys' Fee Award awarded by the Court to be paid, and (c) the Cash Awards in the form of checks to be distributed to Settlement Class Members who submit a Valid Claim. All payments issued to Settlement Class Members via check will state on the face of the check that the check will expire and become null and void unless cashed within 180 Days of the date of issuance. To the extent that a check issued to a Settlement Class Member is not cashed within 180 Days after the date of issuance, the check will be void.  In the event uncashed check funds allow for a subsequent distribution of Cash Awards of $1.00 or more per claimant, after administration costs, a subsequent distribution of payments to Settlement Class Members will occur.  In the event the amount of uncashed check funds does not allow for a subsequent distribution of Cash Awards of $1.00 or more per claimant, after administration costs, or in the event a subsequent distribution of uncashed check funds in the Settlement Fund is otherwise infeasible, then the remaining uncashed funds shall be distributed as directed by the Court upon application made by Settlement Class Counsel and Defense Counsel for such funds to be distributed to a charitable organization, selected by the Parties, concerned with consumer protection issues of the general character presented by this case, such that the charitable organization's work coincides, or at least

overlaps, with the interest of the Settlement Class. Under no circumstances shall any amount of the Settlement Fund revert back to Defendant.

G.    Notwithstanding the provisions set forth in subsection F above, in the event a timely filed Appeal is made to the Final Approval Order and Judgment by a Settlement Class Member who submitted a timely objection, the Settlement Administrator shall cause the payments described in F above to be held in trust, in an interest-bearing account, pending resolution or final dismissal of such Appeal. Upon final termination of all such Appeals, the Settlement Administrator shall cause the payments described in F above to be made within five (5) days of the date of termination of all such Appeals or such other time as the Parties may agree.

## V.    CLAIMS PROCESS

A.    The Class Notice shall provide information to Settlement Class Members regarding the filing of Claim Forms. Claim Forms shall be available from the Settlement Administrator, upon request, and on the Settlement Website. Settlement Class Members will be able to submit their respective Claim Forms through the Settlement Website, by Electronic Mail (E-mail), or by U.S. Mail. A Valid Claim Form must contain the following information: (1) name; (2) current address; (3) cellular telephone number at which claimant received one or more text(s) from Caribou Coffee Company, Inc.; (4) cellular telephone carrier for cellular telephone number at which claimant received texts from Caribou Coffee Company, Inc.; (5) certification under Penalty of Perjury that claimant was texted by Caribou Coffee Company, Inc., on the identified cellular telephone number between May 5, 2012 and the Preliminary Approval Date; (6) another contact telephone number, if available; and (7) a contact email address, if available.

B.    To file a Valid Claim, Settlement Class Members must:

15

(i)    Complete a Claim Form, providing all of the information required by the Settlement Agreement and the Claim Form;

(ii)    Sign the completed Claim Form under penalty of perjury;

(iii)    Return the completed and signed Claim Form and related documents, if any, to the Settlement Administrator on or before the Claim Deadline.  Only Settlement Class Members who submit Valid Claims that are timely submitted shall be entitled to a Cash Award.

C.    The Settlement Administrator shall be responsible for reviewing all claims to determine their validity;

(i)    The Settlement Administrator will notify claimants who submit a first incomplete or incorrect claim form of any deficiency, including an incorrect cellular telephone number, and provide them the opportunity to submit a corrected form. Following such opportunity to submit a corrected claim form, any claim that is not timely submitted and substantially in compliance with the instructions on the Claim Form or the terms of this Settlement Agreement or is received or submitted electronically after the Claim Deadline shall be rejected and deemed a nullity.

(ii)    Following the Claim Deadline, the Settlement Administrator shall provide a report of any rejected claims to Defense Counsel and Class Counsel.  If Class Counsel do not agree with the rejection of a claim, they shall bring it to the attention of Defense Counsel, and the Parties shall meet and confer and attempt, in good faith, to resolve any dispute regarding the rejected claim.   Following their meet and confer, the Parties will provide the Settlement Administrator with their positions regarding the rejected claim.  The Settlement Administrator, after considering the positions of the Parties and, if appropriate, seeking any additional information from the Settlement Class Member, will make the final decision in its sole

16

discretion.

D.     At any time during the claims process, if the Settlement Administrator has a reasonable suspicion of fraud, the Settlement Administrator shall immediately notify both Class Counsel and Defense Counsel of that fact and the basis for its suspicion.  Class Counsel and Defense Counsel shall endeavor to reach an agreed-upon solution to any suspected fraud and, if necessary, the Parties may suspend the claims process and promptly seek assistance from the Court.

E.     The Claim Forms and Class Notices shall be in the substantially similar form and substance attached hereto as Exhibits "A" and "B".

F.     Defendant shall, not later than ten (10) days after the Motion For Preliminary Approval and Settlement Agreement are filed with the Court, serve or cause the Class Administrator to serve Notice in full compliance with 28 U.S.C. § 1715 (CAFA Notice Provisions).

## VI.     SERVICE AWARD ATTORNEYS' FEES AND EXPENSES

A.     In recognition of the time and effort the representative Plaintiff expended in pursuing this action and in fulfilling her obligations and responsibilities as class representative, and of the benefits conferred on all Settlement Class Members by the Settlement, Plaintiff will make an application to the Court for a Service Award in an amount to be paid from the Settlement Fund no later than fourteen (14) days prior to the Opt-Out and Objection Date. Plaintiff agrees that once Defendant has fully funded the Settlement Fund, Defendant's obligations to Plaintiff shall be fully satisfied and discharged, and Plaintiff shall have no further or other claim against Defendant.

B.     Class Counsel will make an application to the Court for an award of reasonable

17

attorneys' fees plus reasonable expenses incurred in this Litigation no later than fourteen (14) days prior to the Opt-Out and Objection Date, which shall be payable from the Settlement Fund and shall be the sole aggregate compensation paid by Defendant for Class Counsel. The Court shall determine the amount of any Attorneys' Fees Award.

C.     The procedure for and the allowance or disallowance by the Court of any application for Service Award to the Plaintiff and/or any Attorneys' Fee Award to be paid to Class Counsel are not part of the settlement of the Released Claims as set forth in this Settlement Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement of the Released Claims as set forth in this Settlement Agreement. Any such separate order, finding, ruling, holding, or proceeding relating to any such applications for attorneys' fees and expenses, or any separate appeal from any separate order, finding, ruling, holding, or proceeding relating to them or reversal or modification of them, shall not operate to terminate or cancel this Settlement Agreement or otherwise affect or delay the finality of the Final Approval Order and Judgment or the Settlement.

D.     Any order or proceedings relating to the applications for an Attorneys' Fee Award and a Service Award, or any appeal from any order relating thereto or reversal or modification thereof, will not operate to terminate or cancel this Agreement or affect or delay the finality of the Final Order and Judgment approving the Settlement Agreement and the Settlement.

## VII.     OBJECTIONS AND OPT-OUT RIGHTS

A.     Any Settlement Class Member who intends to object must do so on or before the Opt-Out and Objection Date.  Any attempted objection that fails to comply with the requirements set forth herein shall be deemed by the Parties and the Settlement Administrator to be wholly

ineffectual, null, and void. All notices shall contain language consistent with the provisions set forth herein.

      B.    In order to object, a Settlement Class Member must timely file with the Court and timely serve copies on both Class Counsel and Defense Counsel a written objection containing all of the following:

      (i)    The name, address, telephone number of the Person objecting, the cell phone number at which the Person objecting received one or more text message(s) from Caribou Coffee Company, Inc. between May 5, 2012, and the Preliminary Approval Date, and, if represented by or otherwise receiving any legal advice or assistance by counsel, the name, bar number, address, and telephone number of counsel;

      (ii)    A signed statement stating, under penalty of perjury, that he or she is a member of the Settlement Class and received one or more messages sent by or on behalf of Defendant between May 5, 2012 and the Preliminary Approval Date, and that all other factual statements made in the objection are true;

      (iii)    A statement of all objections to the Settlement and the legal and factual basis for each objection; and

      (iv)    A statement of whether he or she intends to appear at the Fairness Hearing, either with or without counsel, and if with counsel, the name of his or her counsel who will attend.  The Parties will have the same right to seek discovery from any objecting Settlement Class Member as they would if the objector was a party in the Litigation, including the right to take the objector's deposition, as permitted by the Court. Any Settlement Class Member who fails to strictly comply with the foregoing, and fails to timely file with the Court and serve on Class Counsel and Defense Counsel a written objection and notice of his or her intent to appear

at the Fairness Hearing pursuant to this Paragraph, or fails to respond to discovery or make himself or herself available for deposition, shall not be permitted to object to the approval of the Settlement at the Fairness Hearing, shall be deemed to have assented to the Settlement for all purposes, and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means.

C.    A member of the Settlement Class who wishes to opt out of the Settlement Class must complete and send to the Settlement Administrator a request for exclusion that is post-marked or submitted electronically no later than the Opt-Out and Objection Date.  The request for exclusion must be personally signed by the member of the Settlement Class requesting exclusion, contain a statement that indicates his or her desire to be excluded from the Settlement Class and contain a statement that he or she is otherwise a member of the Settlement Class and received one or more text messages from Caribou Coffee Company, Inc. between May 5, 2012 and the Preliminary Approval Date.  A member of the Settlement Class may opt-out on an individual basis only.  So-called "mass" or "class" opt-outs, whether filed by third parties on behalf of a "mass" or "class" of class members or multiple class members where no personal statement has been signed by each and every individual class member in strict compliance with this provision, shall not be allowed.

D.    Except for those members of the Settlement Class who timely and properly file a request for exclusion (Opt-Out), all members of the Settlement Class will be deemed to be Settlement Class Members for all purposes under the Settlement Agreement, and upon the Effective Date will be bound by its terms, regardless of whether they file a Claim Form or receive any monetary relief.

E.      Any member of the Settlement Class who properly and timely opts out of the Settlement Class **shall not**:  (i) be bound by any orders or judgments entered in the Litigation or relating to the Settlement; (ii) be entitled to relief under, or be affected by, the Settlement Agreement; (iii) gain any rights by virtue of the Settlement Agreement; or (iv) be entitled to object to any aspect of the Settlement, appeal or otherwise, or be entitled to seek any adjudication or review of this Settlement by appeal or otherwise.

F.      The Settlement Administrator shall provide Class Counsel and Defense Counsel with the Opt-Out List within seven (7) Days of the Opt-Out and Objection Date.

## VIII.    CONFIRMATORY DISCOVERY

The Parties have agreed to confirmatory discovery, including depositions, to supplement the substantial and comprehensive discovery exchanged by the Parties and obtained by the Parties from various third parties prior to the execution of this Settlement Agreement, to permit Plaintiff and Class Counsel to confirm and substantiate, inter alia, the size of the Settlement Class. This discovery is to be used solely for purposes of this Settlement, and may not be used for any purpose in the event this Settlement is terminated or is not fully and finally approved by the Court.

## IX.    PRELIMINARY APPROVAL PROCESS AND CLASS NOTICE

Class Counsel shall promptly move the Court, with the consent of Defendant, for a Preliminary Approval Order preliminarily approving the Settlement and the Settlement Class Notice Program.  The Motion for Preliminary Approval will request that the Court enter an Order:

A.      Preliminarily approving this Settlement Agreement.

B.      Preliminarily certifying the Settlement Class pursuant to Rule 23.

C.     Preliminarily finding that the proposed Settlement is fair, reasonable and adequate to warrant providing notice to the Settlement Class, which notice will: (i) describe the essential terms of the Settlement; (ii) disclose Class Counsel's intention to file an application with the Court for a Service Award to the Class Representative; (iii) provide information regarding the application for an Attorneys' Fee Award that Class Counsel intend to file with the Court; (iv) indicate the time and place of the hearing to consider final approval of the Settlement, and the method for objection to and/or opting out of the Settlement; (v) explain the procedures for allocating and distributing the Settlement Fund; and (vi) prominently display the address of Class Counsel and the procedure for making inquiries.

D.     Scheduling a Fairness Hearing on final approval of this Settlement and Settlement Agreement to consider the fairness, reasonableness and adequacy of the proposed Settlement and whether it should be finally approved by the Court, and to determine the reasonableness of the requested Attorneys' Fee Award and Service Award.

E.     Appointing the Settlement Administrator.

F.     Approving the Class Notice, and directing the Settlement Administrator to disseminate the Class Notice in accordance with the Settlement Class Notice Program.

G.     Finding that the Settlement Class Notice Program: (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Litigation and of their right to object to or to exclude themselves from the proposed settlement; (iii) is reasonable and constitutes due, adequate and sufficient notice to all Persons entitled to receive notice; and (iv) meets all requirements of applicable law.

H.     Requiring the Settlement Administrator to file proof of compliance with the Settlement Class Notice Program no later than seven (7) days before the Fairness Hearing.

22

I.  Approving the Claim Form and setting a Claim Deadline.

J.  Requiring any member of the Settlement Class who wishes to exclude himself or herself from the Settlement Class to submit an appropriate, timely request for exclusion, postmarked or submitted electronically no later than the Opt-Out and Objection Date in strict compliance with the provisions of the Settlement Agreement, or as the Court may otherwise direct, to the Settlement Administrator at the address on the Class Notice;

K.  Ordering that any member of the Settlement Class who does not submit a timely, written request for exclusion from the Settlement Class (i.e., becomes an Opt-Out) will be bound by all proceedings, orders and judgments in the Litigation, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release.

L.  Requiring any Settlement Class Member who does not become an Opt-Out and who wishes to object to the fairness, reasonableness or adequacy of this Settlement or Settlement Agreement to timely file with the Court and serve on Class Counsel and Defense Counsel no later than the Opt-Out and Objection Date, a statement of the objection signed by the Settlement Class Member containing all of the information required in Section VII.B.

M.  Ordering that any response to any objection shall be filed with the Court no later than seven (7) Days prior to the Fairness Hearing.

N.  Specifying that any Settlement Class Member who does not file a timely written objection to the Settlement or who fails to otherwise strictly comply with the applicable requirements shall be forever and completely foreclosed from seeking any adjudication or review of this Settlement by appeal or otherwise.

O.  Requiring that any attorney hired or retained by, or who otherwise provided legal

23

assistance to, a Settlement Class Member for the purpose of objecting to the proposed Settlement, the Attorneys' Fee Award or the Service Award and who intends to make an appearance at the Fairness Hearing to provide to the Settlement Administrator (who shall forward it to Class Counsel and Defense Counsel) and to file with the Clerk of the Court a notice of intention to appear no later than the Opt-Out and Objection Date or as the Court may otherwise direct.

P.    Requiring that any Settlement Class Member who files and serves a written objection and who intends to make an appearance at the Fairness Hearing shall so state in their objection papers or as the Court otherwise may direct.

Q.    Directing the Settlement Administrator to establish a post office box in the name of the Settlement Administrator to be used for receiving requests for exclusion and any other communications, and providing that only the Settlement Administrator, Class Counsel, Defense Counsel, the Court, the Clerk of the Court and their designated agents shall have access to this post office box, except as otherwise provided in this Settlement Agreement.

R.    Directing that Class Counsel shall file any applications for an Attorneys' Fee Award and Service Award at least fourteen (14) Days prior to the Opt-Out and Objection Date.

S.    Ordering the Settlement Administrator to provide the Opt-Out List to Class Counsel and Defense Counsel no later than seven (7) Days after the Opt-Out and Objection Date and then file with the Court the Opt-Out List with an affidavit attesting to the completeness and accuracy thereof no later than seven (7) Days before the Fairness Hearing.

T.    Preliminarily enjoining all members of the Settlement Class unless and until they have timely and properly excluded themselves from the Settlement Class from (i) filing, commencing, prosecuting, intervening in or participating as plaintiff, claimant or class member

24

in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; (ii) filing, commencing, participating in or prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class action on behalf of any member of the Settlement Class who has not timely excluded himself or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; and (iii) attempting to effect Opt-Outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration or other proceeding based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims. Any Person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by Defendant, any other Released Person and Class Counsel as a result of the violation. This Settlement Agreement is not intended to prevent members of the Settlement Class from participating in any action or investigation initiated by a state or federal agency.

U.    Containing any additional provisions agreeable to the Parties that might be necessary or advisable to implement the terms of this Settlement Agreement and the proposed settlement.

## X.    <u>FINAL APPROVAL ORDER AND JUDGMENT AND RELEASES</u>

A.    If this Settlement Agreement (including any modification thereto made with the consent of the Parties as provided for herein) is approved in all material terms by the Court following the Fairness Hearing scheduled by the Court in its Preliminary Approval Order, the

Parties shall request the Court to enter a Final Approval Order and Judgment pursuant to the Federal Rules of Civil Procedure and all applicable laws that, among other things:

        (i)     Finds that the Court has personal jurisdiction over Plaintiff and all Settlement Class Members and that the Court has subject matter jurisdiction to approve this Settlement and Settlement Agreement and all exhibits thereto;

        (ii)    Certifies a Settlement Class for purposes of this Settlement;

        (iii)   Grants final approval to this Settlement Agreement as being fair, reasonable and adequate as to all Parties and consistent and in compliance with all requirements of due process and applicable law, as to and in the best interests of all Parties and directs the Parties and their counsel to implement and consummate this Settlement Agreement in accordance with its terms and provisions;

        (iv)   Declares this Settlement Agreement and the Final Approval Order and Judgment to be binding on and have res judicata and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release maintained by or on behalf of Plaintiff and all Settlement Class Members, as well as their respective present, former and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest and successors;

        (v)    Finds that the Settlement Class Notice Program: (1) constituted the best practicable notice; (2) constituted notice that was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Litigation, of their right to object to or exclude themselves from the proposed Settlement, of their right to appear at the Fairness Hearing and of their right to seek monetary and other relief; (3) constituted reasonable, due, adequate and sufficient notice to all Persons entitled to receive notice; and (4) met all requirements of due

process and any other applicable law (including but not limited to Rule 23, Wisconsin state law, and that the CAFA Notice sent by Defendant complied with 28 U.S.C. § 1715 and all other provisions of the Class Action Fairness Act of 2005);

      (vi)    Approves the Claim Forms distributed to the Settlement Class;

      (vii)    Finds that Class Counsel and Plaintiff adequately represented the Settlement Class for purposes of entering into and implementing the Settlement and Settlement Agreement;

      (viii)   Dismisses the Litigation now pending before the Court on the merits and with prejudice and without fees or costs except as provided herein, in accordance with the terms of the Final Approval Order and Judgment;

      (ix)    Adjudges that Plaintiff and the Settlement Class have conclusively compromised, settled, dismissed and released any and all Released Claims against Defendant and the Released Persons;

      (x)    Without affecting the finality of the Final Approval Order and Judgment for purposes of appeal, reserves jurisdiction over the Settlement Administrator, Defendant, Plaintiff and the Settlement Class Members as to all matters relating to the administration, consummation, enforcement and interpretation of the terms of the Settlement, the Settlement Agreement and Final Order and Judgment and for any other necessary purposes;

      (xi)    Provides that upon entry of the Final Approval Order and Judgment, Plaintiff and all Settlement Class Members, whether or not they return a Claim Form within the time and in the manner provided for, shall be barred from asserting any Released Claims against Defendant and/or any Released Persons, and any such Settlement Class Members shall have released any and all Released Claims as against Defendant and all Released Persons;

(xii)     Determines that the Settlement Agreement and the Settlement provided for therein and any proceedings taken pursuant thereto are not and should not in any event be offered or received as evidence of, a presumption, concession or an admission of liability or of any misrepresentation or omission in any statement or written document approved or made by Defendant or any Released Persons or of the suitability of these or similar claims to class treatment in active litigation and trial; provided, however, that reference may be made to this Settlement Agreement and the Settlement provided for therein in such proceedings solely as may be necessary to effectuate the Settlement Agreement;

(xiii)     Bars and permanently enjoins all Settlement Class Members from (1) filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; and (2) organizing Settlement Class Members who have not excluded themselves from the Settlement Class into a separate class for purposes of pursuing as a purported class action any lawsuit or arbitration or other proceeding (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action) based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims, except that Settlement Class Members are not precluded from participating in any investigation or suit initiated by a state or federal agency;

(xiv)     States that any Person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by Defendant and/or any other Released Persons and Class Counsel as a result of the violation;

28

(xv)    Approves the Opt-Out List and determines that the Opt-Out List is a conclusive and complete list of all members of the Settlement Class who have timely and effectively requested exclusion from the Settlement Class and, accordingly, shall neither share in nor be bound by the Final Order and Judgment, and

(xvi)    Authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of this Settlement Agreement and all exhibits hereto as (1) shall be consistent in all material respects with the Final Approval Order and Judgment; and (2) do not limit the rights of the Parties or Settlement Class Members.

B.    As of the date of the Final Approval Order and Judgment, the Releasing Persons are deemed to have fully released and forever discharged the Released Persons of and from all Released Claims by operation of entry of the Final Order and Judgment.

(i)    Subject to Court approval, all Settlement Class Members who have not timely and properly excluded themselves from the Settlement Class shall be bound by this Settlement Agreement and the Release and all of their claims shall be dismissed with prejudice and released, irrespective of whether they received actual notice of the Litigation or this Settlement.

(ii)    Without in any way limiting the scope of the Release, this Release covers any and all claims for attorneys' fees, costs or disbursements incurred by Class Counsel or any other counsel representing Plaintiff or Settlement Class Members, or any of them, in connection with or related in any manner to the Litigation, the Settlement, the administration of such Settlement and/or the Released Claims as well as any and all claims for a Service Award to Plaintiff and an Attorneys' Fee Award to Class Counsel.

(iii)    The Releasing Persons and the Released Persons expressly acknowledge

29

that they are familiar with principles of law such as Section 1542 of the Civil Code of the State

of California, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE
> CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR
> HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH
> IF KNOWN BY HIM OR HER MIGHT HAVE MATERIALLY
> AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Notwithstanding California or other law, the Releasing Persons and the Released Persons hereby

expressly agree that the provisions, rights and benefits of Section 1542 and all similar federal or

state laws, rights, rules or legal principles of any other jurisdiction that may be applicable herein

are hereby knowingly and voluntarily waived, released and relinquished to the fullest extent

permitted by law solely in connection with unknown claims that are the same as, substantially

similar to, or overlap the Released Claims, and the Releasing Persons and the Released Persons

hereby agree and acknowledge that this is an essential term of the Releases.  In connection with

the Release, the Releasing Persons and the Released Persons acknowledge that they are aware

that they may hereafter discover claims presently unknown and unsuspected or facts in addition

to or different from those which they now know or believe to be true with respect to matters

released herein, and that such claims, to the extent that they are the same as, substantially similar

to, or overlap the Released Claims, are hereby released, relinquished and discharged.

     (iv) Nothing in the Releases shall preclude any action to enforce the terms of

this Settlement Agreement, including participation in any of the processes detailed herein.

## XI.  <u>WITHDRAWAL FROM OR TERMINATION OF SETTLEMENT</u>

  A.  Within ten (10) Days after the occurrence of any of the following events and upon

written notice to counsel for all Parties, a Party shall have the right, but not the obligation, to

withdraw from the Settlement and terminate this Settlement Agreement:

30

      (i)     If the Court fails to approve the Settlement Agreement substantially as written or if on appeal the Court's approval is reversed or modified in any material manner;

      (ii)     If the Court materially alters any of the terms of the Settlement Agreement, except that any award of the Attorneys' Fee Award or the Service Award shall not be deemed to be a material alteration; or

      (iii)     If a Preliminary Approval Order or Final Order and Judgment is not entered by the Court or is reversed and modified in a material way on appeal.

      B.     In the event of a withdrawal pursuant to Paragraph A above, any certification of a Settlement Class will be vacated, without prejudice to any Party's position on the issue of class certification and the amenability of the claims asserted in the Litigation to class treatment, and the Parties shall be restored to their litigation position existing immediately before the execution of this Settlement Agreement.

      C.     In the event more than five hundred (500) Settlement Class Members properly and timely submit requests for exclusion from the Settlement Class, thereby becoming Opt-Outs, Defendant may elect in its sole discretion to withdraw from the Settlement and terminate this Settlement Agreement.  In that event, all of Defendant's obligations under this Agreement shall cease to be of any force and effect; the certification of the Settlement Class shall be vacated without prejudice to the Parties' positions on the issue of class certification; and the Parties shall be restored to their litigation positions existing immediately before the execution of this Settlement Agreement.

      (i)     In order to elect to withdraw from the Settlement and terminate this Settlement Agreement on the basis set forth above, Defendant must notify Class Counsel in writing of its election to do so within five (5) Days after the Opt-Out List has been served on the

Parties.

(ii)     In the event that Defendant exercises such right, Class Counsel shall have thirty (30) Days or such longer period as agreed to by the Parties to address the concerns of the Opt-Outs.  If through such efforts the total number on the Opt-Out List subsequently becomes and remains fewer than five hundred (500), Defendant shall withdraw its election to withdraw from the Settlement and terminate the Settlement Agreement.  In no event, however, shall Defendant have any further obligation under this Agreement to any Opt-Out unless he or she withdraws his or her request for exclusion.

(iii)     For purposes of this Paragraph, Opt-Outs shall not include (1) Persons who are specifically excluded from the Settlement Class definition; (2) Settlement Class Members who failed to timely submit a valid request to be excluded; or (3) Opt-Outs who agree to sign an undertaking that they will not pursue an individual claim, class claim or any other claim that would otherwise be a Released Claim as defined in this Settlement Agreement.

D.     In the event of withdrawal by any Party in accordance with the terms set forth in this Section, the Settlement Agreement shall be null and void, shall have no further force and effect with respect to any Party in the Litigation and shall not be offered in evidence or used in any litigation for any purpose, including the existence, certification or maintenance of any proposed or existing class or the amenability of these or similar claims to class treatment.  In the event of such withdrawal, this Settlement Agreement and all negotiations, proceedings, documents prepared and statements made in connection herewith shall be without prejudice to Defendant, Plaintiff and the Settlement Class Members and shall not be deemed or construed to be an admission or confession in any way by any Party of any fact, matter or proposition of law and shall not be used in any manner for any purpose, and the Parties to the Litigation shall stand

in the same position as if this Settlement Agreement had not been negotiated, made or filed with the Court.

## XII.    NOTICES

A.    All Notices (other than the Class Notice and CAFA Notices) required by the Settlement Agreement shall be made in writing and communicated by mail and electronic mail (e-mail) to the following addresses:

All Notices to Class Counsel shall be sent to Class Counsel, c/o:

> David P. Milian, and
> Frank S. Hedin
> **CAREY RODRIGUEZ MILIAN GONYA, LLP**
> 1395 Brickell Avenue, Suite 700
> Miami, FL 33131
> Telephone: (305) 372-7474
> Fax: (305) 372-7475
> dmilian@careyrodriguez.com
> fhedin@careyrodriguez.com

All Notices to Defense Counsel provided herein shall be sent to Defense Counsel, c/o:

> Erin Hoffman, and
> Leita Walker
> **FAEGRE BAKER DANIELS LLP**
> 2200 Wells Fargo Center
> 90 South Seven Street
> Minneapolis, MN 55402
> Telephone: (612) 766-7000
> Fax: (612) 766-1600
> Erin.Hoffman@FaegreBD.com
> Leita.Walker@FaegreBD.com

B.    The notice recipients and addresses designated above may be changed by written notice.

C.    Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of comments, objections, requests for exclusion, or other documents or filings received as a result of the Class Notice.

33

## XIII.    MISCELLANEOUS PROVISIONS

A.    **Interpretation**.  This Settlement Agreement contains the entire agreement among the Parties hereto and supersedes any prior discussions, agreements or understandings among them as well as any and all prior drafts of this Settlement Agreement.  All terms are contractual.  For the purpose of construing or interpreting this Settlement Agreement, the Parties agree that the Settlement Agreement is to be deemed to have been drafted equally by all Parties hereto and shall not be construed strictly for or against any Party, and the Parties further agree that any prior drafts may not be used to construe or interpret this Settlement Agreement.

B.    **Confidential Information**.    The Parties agree that the names, addresses, telephone numbers and other data and materials concerning Settlement Class Members used in effecting this settlement ("Confidential Information") are highly confidential.  Therefore, it is agreed that no person, other than individuals directly employed by Defendant or to whom Defendant has expressly permitted access; the Settlement Administrator and the employees of such Administrator; Class Counsel and the employees of such counsel; and such other persons as the Court may order after hearing on notice to all counsel of record shall be allowed to access any Confidential Information.

C.    **Binding Effect**.    The terms herein are and shall be binding upon each of the Parties hereto, their administrators, agents, assigns, attorneys, executors, heirs, partners, representatives, predecessors-in-interest and successors as well as upon all other Persons claiming any interest in the subject matter hereto through any of the Parties hereto including any Settlement Class Members.

D.    **Headings**.    The headings contained in this Settlement Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this

34

Settlement Agreement.

      E.    **No Rescission on Grounds of Mistake**. The Parties acknowledge that they have made their own investigations of the matters covered by this Settlement Agreement to the extent they have deemed it necessary to do so. Therefore, the Parties agree that they will not seek to set aside any part of the Settlement Agreement on the grounds of mistake. Moreover, the Parties understand, agree and expressly assume the risk that any fact not recited, contained, or embodied in the Settlement Agreement may turn out hereinafter to be other than, different from, or contrary to the facts now known to them or believed by them to be true, and further agree that the Settlement Agreement shall be effective in all respects notwithstanding and shall not be subject to termination, modification, or rescission by reason of any such difference in facts.

      F.    **Amendment**. This Settlement Agreement may be amended or modified only by a written instrument signed by the Parties or their counsel. Amendments and modifications may be made without notice to the Settlement Class unless notice is required by law or by the Court.

      G.    **Integration Of Exhibits**. Any exhibits to this Settlement Agreement are hereby incorporated and made a part of the Settlement Agreement.

      H.    **Jurisdiction**. The United States District Court for the Western District of Wisconsin has jurisdiction over the Parties to this Settlement Agreement and the Settlement Class.

      I.    **No Admission**. Neither this Settlement Agreement nor any of its provisions, its exhibits or related documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order or the Final Approval Order and Judgment), its negotiation or any proceedings relating in any way to the Settlement shall be construed as or deemed to be evidence of an admission or concession by any person, including Defendant, and shall not be

35

offered or received in evidence, or subject to discovery, in this or any other action or proceeding except in an action brought to enforce its terms or except as may be required by law or Court order. The provisions of this Paragraph shall become effective when this Settlement Agreement has been signed by the Parties and shall be binding on the Parties and their counsel regardless of whether the Settlement Agreement is approved by this Court or any other court and regardless of whether the Settlement Agreement is otherwise rendered null and void.

J.    **Governing Law**. This Settlement Agreement shall be governed by and construed in accordance with the internal laws (as opposed to the conflicts of law provisions) of the State of Wisconsin.

K.    **Counterparts**. This Settlement Agreement may be executed in counterparts and may be executed by facsimile or by pdf transmission via email, and as so executed shall constitute one original agreement.

L.    **No Media Statements.** Plaintiff, Class Counsel and all other counsel of record for Plaintiff agree not to issue any press releases regarding this settlement or publicize it in any way. Notwithstanding the foregoing, nothing in this Settlement Agreement shall preclude Plaintiff or Class Counsel from making a public statement in support of the Settlement. For example, Plaintiff or Class Counsel may state that the Settlement is a good result for the Class. In addition, nothing in this Settlement Agreement shall preclude Plaintiff or Class Counsel from making a public statement that is consistent with the language of the Settlement Agreement or any motions submitted for approval of the Settlement.

M.    **Confidentiality.** All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement Agreement.

36

N.     **No Assignment**.  Plaintiff represents and warrants that no portion of any claim, right, demand, action, or cause of action against the Released Persons that Plaintiff has or may have arising out of any allegations made in any of the actions comprising the Litigation or pertaining to any of the Released Claims, and no portion of any recovery or settlement to which Plaintiff may be entitled, has been assigned, transferred, or conveyed by or for Plaintiff in any manner; and no Person other than Plaintiff has any legal or equitable interest in the claims, demands, actions, or causes of action referred to in this Agreement as those of Plaintiff.

O.     **Stay**.  The Parties stipulate to stay all proceedings in the Litigation until the approval of this Settlement Agreement has been finally determined, except the stay of proceedings shall not prevent the filing of any motions, affidavits, the taking of confirmatory discovery, and other matters necessary to obtain and preserve final judicial approval of this Settlement Agreement.

P.     **Best Efforts.**  In the event that there are any developments in the effectuation and administration of this Agreement that are not dealt with by the terms of this Agreement, then such matters shall be dealt with as agreed upon by the Parties, and failing agreement, as shall be ordered by the Court.   The Parties shall execute all documents and use their best efforts to perform all acts necessary and proper to promptly effectuate the terms of this Agreement and to take all necessary or appropriate actions to obtain judicial approval of this Agreement in order to give this Agreement full force and effect.  The execution of documents must take place prior to the date scheduled for the Preliminary Approval Hearing.

IN WITNESS WHEREOF, the Parties have executed and caused this Agreement to be executed by their duly authorized representatives below.

*PLAINTIFF:*

By:_____          Date: _____
    Kristie Farnham


*DEFENDANT*
*CARIBOU COFFEE COMPANY, INC.:*

_____          Date: June 12, 2017
By: Daniel E. Lee
Its: Chief Legal Office, General Counsel, Secretary


*CLASS COUNSEL - APPROVED AS TO FORM:*


Dated: _____          By:_____
                                    David P. Milian
                                    Frank S. Hedin
                                    CAREY RODRIGUEZ MILIAN GONYA, LLP
                                    1395 Brickell Avenue, Suite 700
                                    Miami, FL 33131


*DEFENSE COUNSEL - APPROVED AS TO FORM:*


Dated: June 12, 2017          By:_____
                                 Erin L. Hoffman
                                 Leita Walker
                                 Faegre Baker Daniels LLP
                                 2200 Wells Fargo Center
                                 90 South Seventh Street
                                 Minneapolis, MN 55402-3901

38

IN WITNESS WHEREOF, the Parties have executed and caused this Agreement to be executed by their duly authorized representatives below.

*PLAINTIFF:*

By: *Kristie J. Farnham*                    Date: 06/12/17
     Kristie Farnham

*DEFENDANT*
*CARIBOU COFFEE COMPANY, INC.:*

_____     Date: _____
By: Daniel E. Lee
Its: Chief Legal Office, General Counsel, Secretary

*CLASS COUNSEL – APPROVED AS TO FORM:*

Dated: June 12, 2017                    By: _____
                                   David P. Milian
                                   Frank S. Hedin
                                   CAREY RODRIGUEZ MILIAN GONYA, LLP
                                   1395 Brickell Avenue, Suite 700
                                   Miami, FL 33131

*DEFENSE COUNSEL – APPROVED AS TO FORM:*

Dated: _____     By: _____
                                     Erin L. Hoffman
                                     Leita Walker
                                     Faegre Baker Daniels LLP
                                     2200 Wells Fargo Center
                                     90 South Seventh Street
                                     Minneapolis, MN 55402-3901

38

# EXHIBIT A

Caribou Coffee Settlement Administrator
PO Box XXXX
Portland, OR 97XXX-XXXX

## **Legal Notice about a Class Action Settlement**

**Claim Form**

To submit a claim please fill out the form below and mail before **Month DD, 2017**. You may also claim online at www.CaribouTCPASettlement.com.

First Name

| | | | | | | | | | | MI | | | Last Name | | | | | | | | | | |

Address

City                                                    State        ZIP Code

Cell Phone Number that received text(s) from Caribou:        Cell Phone Carrier:

Cell Phone where you can be reached if different from above:

Email Address:

I declare under penalty of perjury that to the best of my knowledge I received one (1) or more text messages sent by or on behalf of Caribou Coffee Company between May 5, 2012 and  Month, Day__, 2017 [Preliminary Approval Date].

Signature:                                                                  Date (MM/DD/YY):

Questions? Visit www.CaribouTCPASettlement.com or call 1-8XX-XXX-XXXX

**If You Received a Text Message from Caribou Coffee Company,
You May Be Entitled to a Payment from a Class Action Settlement.**

*A federal court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.*

*Si desea recibir esta notificación en español, llámenos o visite nuestra página web.*

A Settlement has been reached in a class action lawsuit claiming that Caribou Coffee Company, Inc. ("Caribou") sent text messages to wireless telephone numbers without prior express written consent of the recipients in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Caribou denies the allegations in the lawsuit and the Court has not decided who is right.

**Who's Included?** Caribou's records show that you may be a Settlement Class Member. The Settlement includes all persons in the United States who received one or more text messages sent by or on behalf of Caribou Coffee Company, between May 5, 2012 and Month DD, 2017[Preliminary Approval Date].

What Are the Settlement Terms? Caribou has agreed to pay $8,500,000.00 to create a Settlement Fund that will be used to pay cash payments to valid claimants, attorneys' fees, service award, costs, expenses and settlement administration. The cash payments will be distributed on a pro rata basis to everyone who timely submits a valid claim. Only one claim is allowed per Class Member. Caribou has agreed to discontinue its text marketing programs.

**How can I get a Payment?** Fill out and return the included Claim Form by regular U.S. mail, postmarked on or before **Month, DD, 2017**. You may also file a claim online at the website (www.CaribouTCPASettlement.com) or via email (at xxxx@xxxxx.com). The deadline to file a claim online or via email is **11:59 p.m. CST on Month, DD, 2017**.

**Your Other Options.** If you do not want to be legally bound by the Settlement, you must timely exclude yourself by **Month DD, 2017**. If you do not timely exclude yourself, you will release any claims you may have regarding text messages sent by Caribou, as more fully described in the Settlement Agreement, available at the settlement website. You may object to the Settlement by **Month DD, 2017**. The Detailed Notice available on the website listed below explains how to exclude yourself or object. The Court will hold a Fairness Hearing on **Month DD, 2017** to consider whether to approve the Settlement and a request for attorneys' fees of up to ___% of the Settlement Fund and service awards of $_____ to the Class Representative. You may appear at the hearing, either yourself or through an attorney hired by you, but you don't have to. For more information, call or visit the website below.

| www.CaribouTCPASettlement.com | 1-877-XXX-XXXX |
|---|---|

_____

_____

_____

PLACE
STAMP
HERE

Caribou Coffee Settlement Administrator
PO Box XXXX
Portland, OR 97XXX-XXXX

# COMPOSITE
# EXHIBIT B

UNITED STATES DISTRICT COURT FOR THE WESTERN
DISTRICT OF WISCONSIN

# If You Were Sent a Text Message from Caribou Coffee Company, You May Be Entitled to a Payment from a Class Action Settlement.

*A federal court authorized this notice. You are not being sued. This is not a solicitation from a lawyer*

- A Settlement has been reached in a class action lawsuit about whether Caribou Coffee Company, Inc. ("Caribou") sent text messages to mobile telephone numbers without prior express written consent of the recipients in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Caribou denies the allegations in the lawsuit and the Court has not decided who is right.

- The Settlement offers payments to Settlement Class Members who file valid claims. Additionally, Caribou has agreed to discontinue its text marketing programs.

- Your legal rights are affected whether you act, or do not act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** | Submit a Claim Form seeking cash payment. |
| **EXCLUDE YOURSELF** | Request to be excluded and get no benefits from the Settlement. This is the only option that allows you to start or continue your own lawsuit against Caribou for the claims at issue in the Settlement. |
| **OBJECT** | Write to the Court about why you do not like the Settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | Get no benefits. Give up any rights you might have to sue Caribou about the claims resolved by the Settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. If it does, and after any appeals are resolved, benefits will be distributed to those who submit qualifying claim forms. Please be patient.

**QUESTIONS? CALL 1-8XX-XXX-XXXX OR VISIT www.XXXXXXXXXXXXXXX.com**

*Si desea recibir esta notificación en español, llámenos o visite nuestra página web.*

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**................................................................................................**PAGE 3**
1. Why is there a notice?
2. What is this litigation about?
3. What is the Telephone Consumer Protection Act?
4. Why is this a class action?
5. Why is there a settlement?

**WHO IS PART OF THE SETTLEMENT**..........................................................................**PAGE 4**
6. Who is included in the Settlement?
7. What if I am not sure whether I am included in the Settlement?

**THE SETTLEMENT BENEFITS**......................................................................................**PAGE 4**
8. What does the Settlement provide?
9. How do I file a Claim?
10. When will I receive my payment?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**......................................................**PAGE 5**
11. How do I get out of the Settlement?
12. If I do not exclude myself, can I sue the Defendant for the same thing later?
13. What am I giving up to stay in the Settlement Class?
14. If I exclude myself, can I still get a payment?

**THE LAWYERS REPRESENTING YOU**..........................................................................**PAGE 6**
15. Do I have a lawyer in the case?
16. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT**.............................................................................**PAGE 6**
17. How do I tell the Court if I do not like the Settlement?
18. What is the difference between objecting and asking to be excluded?

**THE FINAL APPROVAL HEARING**................................................................................**PAGE 7**
19. When and where will the Court decide whether to approve the Settlement?
20. Do I have to attend the hearing?
21. May I speak at the hearing?

**IF YOU DO NOTHING**..................................................................................................**PAGE 8**
22. What happens if I do nothing at all?

**GETTING MORE INFORMATION**.................................................................................**PAGE 8**
23. How do I get more information?

## BASIC INFORMATION

### 1.   Why is there a notice?

A Court authorized this notice because you have a right to know about a proposed settlement of a class action lawsuit known as *Kristie Farnham, on behalf of herself and all others similarly situated, v. Caribou Coffee Company, Inc.,* Case No. 16-CV-295-WMC, and about all of your options before the Court decides whether to give Final Approval to the Settlement. This notice explains the lawsuit, the Settlement, and your legal rights.

Judge William M. Conley of the United States District Court, Western District of Wisconsin is overseeing this case. The person who sued is called the "Plaintiff." Caribou Coffee Company, Inc. is the "Defendant."

### 2.   What is this litigation about?

The lawsuit alleges that Caribou Coffee Company, Inc. sent text messages to Plaintiff's wireless telephone number without prior express written consent and in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"); and seeks actual and statutory damages under the TCPA on behalf of the named Plaintiff and a class of all individuals in the United States who received one or more unsolicited text messages from or on behalf of Caribou Coffee Company, Inc. between May 5, 2012 and XXXX X, 2017 [Preliminary Approval Date].

Caribou denies each and every allegation of wrongdoing, liability and damages that were or could have been asserted in the litigation and further denies that the claims in the litigation would be appropriate for class treatment if the litigation were to proceed through litigation and trial.

The Plaintiff's Complaint, Settlement Agreement and other case-related documents are posted on the website, www.XXXXXXXXXXXXX.com. The Settlement resolves the lawsuit. The Court has not decided who is right.

### 3.   What is the Telephone Consumer Protection Act?

The Telephone Consumer Protection Act (commonly referred to as the "TCPA") is a federal law that restricts telephone solicitations and the use of automated telephone equipment. The Plaintiff here alleged that Caribou sent marketing text messages to Settlement Class Members without their prior written consent in violation of the TCPA.

### 4.   Why is this a class action?

In a class action, one or more people called "Class Representatives" (in this case, Plaintiff Kristie Farnham) sues on behalf of themselves and other people with similar claims. Together, all the people with similar claims (except those who exclude themselves) are members of a "Settlement Class."

### 5.   Why is there a settlement?

The Court has not decided who is right. Instead, both sides have agreed to a settlement. By agreeing to the Settlement, the parties avoid the costs and uncertainty of a trial, and if the Settlement is approved by the Court, Settlement Class Members will receive the benefits described in this notice. Caribou denies all legal claims in this case. Plaintiff and her lawyers think the proposed Settlement is best for everyone who is affected.

# WHO IS PART OF THE SETTLEMENT

**6.   Who is included in the Settlement?**

The Settlement includes: All persons who, while residing in the United States, received one or more text messages sent by or on behalf of Caribou Coffee Company, Inc., at a cellular telephone number, between May 5, 2012 and XXXXX ___, 2017 [Preliminary Approval Date].  These people are called the "Settlement Class" or "Settlement Class Members."

Excluded from the Settlement Class are (A) Defendant, Defendant's officers, Defendant's directors, and their immediate family members; (B) Class Counsel; and (C) The Judges who have presided over the Litigation and their immediate family members.

**7.   What if I am not sure whether I am included in the Settlement?**

If you are not sure whether you are in the Settlement Class, or have any other questions about the Settlement, visit the settlement website at www.XXXXXXXXXXXXXX.com or call the toll free number, 1-8XX-XXX-XXXX.   You also may send questions to the Settlement Administrator at _____ Settlement Administrator, PO Box XXXX, City, State XXXXX-XXXX.

# THE SETTLEMENT BENEFITS

**8.   What does the Settlement provide?**

Caribou has agreed to pay $8,500,000.00 to create a "Settlement Fund."  The Settlement Fund will be used to pay all Settlement costs, including notice and administrative costs, the Attorneys' Fee Award, and Service Award to the Class Representative.   The remaining "Net Settlement Fund" will be distributed as cash payments to Settlement Class Members who submit valid claims. The cash payments will be distributed on a pro rata basis to valid claimants depending on the number of valid claims filed. Each Settlement Class Member may only file one claim and receive only one cash payment.

Additionally, Caribou has agreed to discontinue its text marketing programs.

**9.   How do I file a Claim?**

If you qualify for a cash payment you must complete and submit a valid Claim Form. You can file your Claim Form online at www.XXXXXXXXX.com or download a Claim Form from the website and file it by email to info@XXXXXXXXXXX.com.  The deadline to file a Claim online or via email is **11:59 p.m. CST on Month, Day, 2017**.

If you received a Claim Form in the mail with a postcard summary of this Notice, simply complete, sign, and mail the form. The postage is pre-paid and there is no need for a stamp.

You may also file your Claim Form via regular mail.   Claim Forms submitted by mail must be postmarked on or before **Month Day, 2017** to:

_____ Settlement Administrator
PO Box XXX
City, State XXXXX-XXXX

No matter which method you choose to file your Claim Form, please read the Claim Form carefully and provide all the information required.  Only one Claim Form per Settlement Class Member may be submitted.

**10. When will I receive my payment?**

Payments to valid Claimants will be made only after the Court grants Final Approval to the Settlement and after any appeals are resolved (*see* "Final Approval Hearing" below).  If there are appeals, resolving them can take time.  Please be patient.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want benefits from the Settlement, and you want to keep any right you might have to sue the Defendant and the other entities receiving a release—3Seventy, Inc., and Givex Corporation-- about the issues in this case, then you must take steps to get out of the Settlement.  This is called excluding yourself or "opting-out" of the Settlement Class.

**11. How do I get out of the Settlement?**

To exclude yourself from the Settlement, you must send a letter by mail to:

_____ Settlement Administrator

PO Box XXXX City, State
XXXXX-XXXX

Your request to be excluded from the Settlement must be personally signed by you under penalty of perjury and contain a statement that indicates your desire to be "excluded from the Settlement Class" and that absent excluding yourself or "opting-out" you are "otherwise a member of the Settlement Class."

Your exclusion request must be postmarked no later than **Month Day, 2017**.  You cannot ask to be excluded on the phone, by email, or at the website.

You may opt-out of the Settlement Class only for yourself.  So-called "mass" or "class" opt outs, whether filed by third parties on behalf of a "mass" or "class" of Class Members or multiple Class Members where no personal statement has been signed  under penalty of perjury by each and every individual Class Member, are not allowed.

**12. If I do not exclude myself, can I sue the Defendants for the same thing later?**

No.  Unless you timely exclude yourself, you give up any right you might have to sue the Defendant, 3Seventy, Inc., and Givex Corporation, for legal claims that the Settlement resolves.  You must exclude yourself from the Settlement Class in order to try to maintain your own individual lawsuit.  If you start your own lawsuit, you will have to hire your own lawyer, file your own case and you will have to prove your claims.

**13. What am I giving up to stay in the Settlement Class?**

Unless you exclude yourself from the Settlement, you cannot sue or be part of any other lawsuit against the Defendant, 3Seventy, Inc., or Givex Corporation about the issues in this case, including any existing litigation, arbitration, or proceeding. Unless you exclude yourself, all of the decisions and judgments by the Court will bind you.  If you file a Claim Form for benefits or do nothing at all, you will be releasing Caribou Coffee Company, Inc., 3Seventy, Inc., and Givex Corporation from all of the claims described and identified in the Settlement Agreement.

The Settlement Agreement is available at www.XXXXXXXXXX.com. The Settlement Agreement provides more detail regarding the release and describes the released claims with specific descriptions

in necessary, accurate legal terminology, so read it carefully. You can talk to the law firms representing the Class listed in Question 15 for free or you can, at your own expense, talk to your own lawyer if you have any questions about the released claims or what they mean.

## 14. If I exclude myself, can I still get a payment?

No.  You will not get a payment from the Settlement Fund if you exclude yourself from the settlement.

# THE LAWYERS REPRESENTING YOU

## 15. Do I have a lawyer in the case?

The Court has appointed the following lawyers as "Class Counsel" to represent all members of the Settlement Class.

Frank S. Hedin

David P. Milian

Carey Rodriguez Milian Gonya, LLP

You will not be charged for these lawyers.  If you want to be represented by another lawyer, you may hire one to appear in Court for you at your own expense.

## 16. How will the lawyers be paid?

Class Counsel intend to request up to _____ (___%) of the value of the Settlement for attorneys' fees, plus reimbursement of reasonable, actual out-of-pocket expenses incurred in the litigation.  The fees and expenses awarded by the Court will be paid out of the Settlement Fund.  The Court will decide the amount of fees and expenses to award.

Class Counsel also will request that a Service Award of $_____  be paid from the Settlement Fund to the Class Representative for her service as representative on behalf of the whole Settlement Class.

# OBJECTING TO THE SETTLEMENT

## 17. How do I tell the Court if I do not like the Settlement?

If you are a Settlement Class Member (and do not exclude yourself from the Settlement Class), you can object to any part of the Settlement.  To object, you must timely submit a letter or other written document that includes the following:

1) A heading that includes the case name and case number - *Kristie Farnham on behalf of herself and all others similarly situated, v. Caribou Coffee Company, Inc*. Case No.  16-CV-295-WMC.

2) Your name, address, telephone number, the cell phone number at which you received text messages from Caribou Coffee Company, Inc. between May 5, 2012 and xxx,xx,2017 [Preliminary Approval Date] and, if represented by counsel, the name, bar number, address and telephone number of your counsel;

3) A signed statement stating, under penalty of perjury, that you received one or more text messages sent by or on behalf of Caribou Coffee Company, Inc. between May 5, 2012 and  XXXX __, 2017 [Preliminary Approval Date] and are a member of the Settlement Class;

4) A statement of all your objections to the Settlement including your legal and factual basis for each objection; and

5) A statement of whether you intend to appear at the Fairness Hearing, either with or without counsel, and if with counsel, the name of your counsel who will attend.

If you wish to object, you must file your objection with the Court (using the Court's electronic filing system or in any manner in which the Court accepts filings) and mail your objection to each of the following three (3) addresses, and your objection must be postmarked by **Month Day, 2017**:

| Clerk of the Court | Class Counsel | Defendant's Counsel |
|---|---|---|
| United States District Court for the Western District of Wisconsin | David P. Milian, Esq.<br>Frank S. Hedin, Esq.<br>Carey Rodriguez Milian Gonya, LLP | Erin Hoffman, Esq.<br>Leita Walker, Esq.<br>2200 Wells Fargo Center |
| 120 N Henry St<br>Madison, WI 53703 | 1395 Brickell Avenue, Suite 700<br>Miami, Florida 33131 | 90 South Seventh Street<br>Minneapolis, MN 55402 |

### 18. What is the difference between objecting and asking to be excluded?

Objecting is telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you do not exclude yourself. Excluding yourself is telling the Court that you do not want to be part of the Settlement. If you exclude yourself, you have no basis to object to the Settlement because it no longer affects you.

## THE FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the Settlement and any requests for fees and expenses ("Final Approval Hearing").

### 19. When and where will the Court decide whether to approve the settlement?

The Court has scheduled a Fairness Hearing on **Month Day, 2017 at __:_____m**, at the _____. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check www.XXXXXXXXXXXXX.com for updates. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will also consider the requests by Class Counsel for attorneys' fees and expenses and for a Service Award to the Class Representative. If there are objections, the Court will consider them at that time. After the hearing, the Court will decide whether to approve the Settlement. It is unknown how long these decisions will take.

### 20. Do I have to attend the hearing?

No. Class Counsel will answer any questions the Court may have. But, you are welcome to attend the hearing at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you submitted your written objection on time, to the proper addresses, and it complies with all the other requirements set forth above, the Court will consider it. You also may pay your own lawyer to attend the hearing, but it is not necessary.

### 21. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, your timely filed objection must include a statement of whether you intend to appear at the Fairness Hearing (*See* question 17 above).

You cannot speak at the hearing if you exclude yourself from the Settlement.

## IF YOU DO NOTHING

| |
|---|
| **22. What happens if I do nothing at all?** |

If you are a Class Member and do nothing, you will not get benefits from the Settlement.  And, unless you exclude yourself, you will be bound by the judgment entered by the Court.  This means you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit or proceeding about the claims at issue in this case.

## GETTING MORE INFORMATION

| |
|---|
| **23. How do I get more information?** |

This notice summarizes the proposed Settlement. You are urged to review more details in the Settlement Agreement.  For a complete, definitive statement of the settlement terms, refer to the Settlement Agreement at www.XXXXXXXXXXX.com. You also may write with questions to the Settlement Administrator at _____ Settlement Administrator, PO Box XXXX, City, State XXXXX-XXXX, or call the toll-free number, 1-8XX-XXX-XXXX.

Draft Email Notice

**Email Subject: Notice of Class Action Settlement: Caribou Coffee Company, Inc.**

**Email Text:**

*A federal court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.*

### If You Were Sent a Text Message from Caribou Coffee Company You May Be Entitled to a Payment from a Class Action Settlement.

*Si desea recibir esta notificación en español, llámenos o visite nuestra página web.*

A Settlement has been reached in a class action lawsuit claiming that Caribou Coffee Company, Inc. ("Caribou") sent text messages to wireless telephone numbers without prior express written consent of the recipients in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Caribou denies the allegations in the lawsuit and the Court has not decided who is right.

**Who's Included?** You received this email because Caribou's records show that you may be a Settlement Class Member. The Settlement includes all persons in the United States who received one or more text messages sent by or on behalf of Caribou Coffee Company, between May 5, 2012 and XXXXXX____, 2017 [Preliminary Approval Date].

**What Are the Settlement Terms?** Caribou has agreed to pay $8,500,000.00 to create a Settlement Fund that will be used to pay cash payments to individuals who submit valid claims, attorneys' fees, service award, costs, expenses and settlement administration. The cash payments will be distributed on a pro rata basis to anyone who submits a valid claim. Only one claim is allowed per Class Member. Caribou has agreed to discontinue its text marketing programs.

**How can I get a Payment?** You can quickly file a claim online at www.CaribouTCPASettlement.com. You may also download a Claim Form from the website and submit your claim via email (at xxxx@xxx.com) or regular U.S. mail. The deadline to file a claim online or via email is **11:59 p.m. CST on Month DD, 2017**. If you send in a Claim Form by regular mail, it must be postmarked on or before **Month DD, 2017**.

**Your Other Options.** If you do not want to be legally bound by the Settlement, you must exclude yourself by **Month DD, 2017**. If you do not exclude yourself, you will release any claims you may have regarding text messages sent by Caribou, as more fully described in the Settlement Agreement, available at the settlement website. You may object to the Settlement by **Month DD, 2017** by timely and strictly complying with the objection procedures detailed in the settlement agreement. The Detailed Notice available on the website listed below explains how to exclude yourself or object. The Court will hold a Fairness Hearing on **Month DD, 2017** to consider whether to approve the Settlement and

a request for attorneys' fees of up to __% of the Settlement Fund and service awards of $XXXX to the Class Representative. You may appear at the hearing, either yourself or through an attorney hired by you, but you don't have to. For more information, call or visit the website.

www.XXXXXXXXXXXXXXXX.com                    **1-8XX-XXX-XXXX**

### *Kristie Farnham v. Caribou Coffee Company, Inc.*
### Banner Advertisement

728x90 Online Display Banner
Frame 1: Visible for 10 seconds.

If you were sent a text message from Caribou Coffee Company, Inc., you may be entitled to a payment from a class action settlement.

Legal Notice          www.CaribouTCPASettlement.com          Legal Notice

Frame 2: Visible for 3 seconds.

Click here for more information.

Legal Notice          www.CaribouTCPASettlement.com          Legal Notice