IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KRISTIE FARNHAM, individually and on behalf of all those similarly situated,

       Plaintiffs,

v.

CARIBOU COFFEE COMPANY, INC.,

       Defendant.

OPINION AND ORDER

16-cv-295-wmc

---

  Plaintiff Kristie Farnham brings this putative class action alleging that defendant Caribou Coffee Company sent text message advertisements to her and others similarly situated by use of an "automatic telephone dialing system" ("ATDS") without "prior express written consent" in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). (Am. Compl. (dkt. #8).) Presently before the court is plaintiffs' unopposed motion for class certification under Federal Rule of Civil Procedure 23 and for preliminary approval of a class action settlement agreement. (Dkt. #50.) The court will grant plaintiffs' motion and set a fairness hearing for 1:00 p.m. on November 16, 2017.

BACKGROUND

  Plaintiff filed this class action on May 5, 2016, alleging that defendant used an ATDS to send unsolicited text message advertisements to her cellular phone in violation of the TCPA. (Compl. (dkt. #1).) Plaintiff then filed an amended complaint on May 27, 2016, which defendant answered on June 15, 2016, denying that it sent text message advertisements to plaintiff and the putative class members without their express consent.

(Answ. (dkt. #11).) Defendant filed an amended answer, again asserting those same denials on July 6, 2016. (Am. Answ. (dkt. #19).)

The parties then filed two motions to strike, a motion to stay the proceedings, a motion for class certification and several notices of supplemental authority regarding the motion to stay. (Dkt. ##12, 16, 25-27, 29-31, 33, 39-42.) In addition, the parties filed a joint stipulated confidentiality order and exchanged written and electronic discovery on issues regarding both the merits of individual claims and class certification. (Dkt. #43; Decl. of Frank S. Hedin (dkt. #51) ¶ 21.) In addition, plaintiff served subpoenas on multiple third parties, obtaining thousands of pages of documents and electronically stored information. (Decl. of Frank S. Hedin (dkt. #51) ¶¶ 22-23.) Plaintiff also retained an expert on cellular phone technology and text message transmission systems, who prepared a report on the feasibility of identifying class members and on the technology used by defendant. (*Id.* at ¶ 24.)

In January of 2017, the parties agreed to attend private mediation to resolve the class claims. (*Id.* at ¶ 26.) The mediation was held on April 13, 2017, at which time the parties reached a proposed settlement subject to: (1) additional discovery to confirm the size of the class; and (2) the selection of a settlement administrator after reviewing several proposals. (*Id.* at ¶ 29.) Generally speaking, the settlement provides for a $8,500,000.00 settlement fund for a class consisting of individuals in the United States who received at least one text message from defendant between May 5, 2012, and the date of this opinion and order. After deducting reasonable administrative costs and attorneys' fee and service awards from the settlement fund, each class member who

2

submits a claim by the deadline will receive a pro rata share of the remainder. Regardless of the number of valid claims, no portion of the settlement fund will revert to defendant, including any funds from uncashed checks. Those remaining funds will be distributed to approved claimants if the distribution would amount to at least $1.00 after administrative costs, and if not, they will be distributed to a charitable organization concerned with consumer protection issues consistent with the interests of the class, as agreed upon by counsel for the parties and approved by the court. Counsel will petition for fees in the amount of thirty-five percent of the settlement fund after notice and reasonable administrative costs, estimated at approximately $351,756.88, are deducted, as well as a $10,000 enhancement payment for named plaintiff Farnham. Accepting these reductions and using a predicted claim rate of five percent for a class of nearly 530,000 individuals, counsel estimates that each claimant would receive approximately $200.00. The settlement also provides for prospective relief, including that defendant will: (1) as of the date of this order, cease its text messaging marketing program in favor of a downloadable application; and (2) implement TCPA best practices and compliance training.

ORDER

**I.    Preliminary Settlement Approval**

1.    Based upon the court's review of plaintiff's unopposed motion for preliminary approval of the class action settlement agreement (dkt. #50), as well as the materials submitted in connection with the motion, preliminary approval of the settlement is GRANTED.

2. The court finds that: (a) at this preliminary stage, the proposed settlement "is within the range of possible approval," *Armstrong v. Board of School Directors of City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998); and (b) it was reached as a result of vigorously-contested litigation to resolve bona fide disputes, *see Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982).

3. The court also finds that the proposed settlement appears to be the result of extensive, arm's-length negotiations before an experienced mediator by counsel well-versed in consumer privacy class actions.

4. While the court is satisfied that the settlement is facially reasonable, it will scrutinize plaintiff counsel's application for attorneys' fees when the time comes for final approval of the settlement, including reference to counsel's hourly billing records and rates as a factor in determining an appropriate fee award.

## II. Certification of the Rule 23 Class

5. For settlement purposes only, the court certifies the following class under Fed. R. Civ. P. 23(e) (the "Rule 23 Class"):

> All persons who, while residing in the United States, received one or more text messages sent by or on behalf of Caribou Coffee Company, Inc. at a cellular telephone number between May 5, 2012, and July 28, 2017.

Specifically excluded from the class are: (a) Caribou Coffee Company, Inc., and its affiliates, employees, officers, directors, agents, representatives and their immediate family members; (b) class counsel; (c) any person who first received a text message from

4

Caribou Coffee Company, Inc. after July 28, 2017; and (d) the Judge and U.S. Magistrate Judge who have presided over the litigation and their immediate family members.

6. The Rule 23 Class meets all of the requirements for settlement class certification under Fed. R. Civ. P. 23(a) because:

    a) there are approximately 530,000 members of the class;

    b) the class members share common alleged issues of fact and law, including:

        i. whether defendant's dialing technology constitutes an ATDS under the TCPA;

        ii. whether defendant's text messages are "advertisements" under the TCPA; and

        iii. whether defendant's violations were willful or knowing;

    c) the named plaintiff's claims arise from the same factual and legal circumstances as the class members;

    d) class counsel are qualified, experienced and able to conduct the litigation; and

    e) the named plaintiff's interests are not antagonistic to the class members' interests.

7. The Rule 23 class also satisfies Fed. R. Civ. P. 23(b)(3) because common factual allegations and a common legal theory predominate over any factual or legal variations among class members. In addition, class adjudication of this case is superior to

individual adjudication because it will conserve judicial resources and is more efficient for class members, particularly those who lack the resources to bring their claims individually.

### III. Appointment of Plaintiff's Counsel as Class Counsel and the Named Plaintiff as Class Representative

8. The court appoints Casey Rodriguez Milian Gonya, LLP, as class counsel because:

a) it meets all the requirements of Fed. R. Civ. P. 23(g);

b) it did substantial work identifying, investigating, prosecuting, and settling the Rule 23 class members' claims;

c) its attorneys have substantial experience prosecuting and settling consumer privacy class actions, including TPCA actions involving unsolicited text message advertisements;[1] and

d) its work in litigating and settling this case demonstrates its commitment to the class and to representing the class's interests.

9. The court further appoints plaintiff Kristie Farnham as the class representative of the Rule 23 Class in light of her qualifications and membership in the class, as well as involvement in the Class to date.

---

[1] Recently, the Southern District of Florida appointed class counsel's attorneys in a TPCA class action similar to this case, for which final approval of a $10 million settlement was granted on April 11, 2016. (Decl. of Frank S. Hedin (dkt. #51) ¶ 7; Decl. of David P. Milian (dkt. #52) ¶ 7.)

**IV.    Class Notice and Settlement Procedure**

10. The court appoints Epiq Class Action & Claims Solutions, Inc., as the settlement administrator and approves the proposed notice program and proposed notices of class action settlement attached as exhibits 2, 3, 4 and 5 to the declaration of Cameron A. Azari (dkt. ##53-2, 53-3, 53-4, 53-5), as amended below. With that change, the court also directs distribution of the notice.

11. In Section 17 of the proposed detailed notice (dkt. #53-5 at CM-ECF 7-8), where a class member who wishes to object to the settlement is directed to "file your objection with the Court . . .," should be amended to direct class members to mail their objection to the court. In addition, the notice should *not* require objecting class members to send copies of the objection to *two* other addresses; instead, plaintiff should select one of the recipients' addresses, who will be responsible for providing a copy to the other.

12. Pursuant to Fed. R. Civ. P. 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

13. The notices satisfy each of the requirements of Fed. R. Civ. P. 23(c)(2)(B) and adequately put the Rule 23 class members on notice of the proposed settlement.

16. The court approves the following settlement procedure and timeline:

7

a) no later than August 17, 2017, the settlement administrator will complete the notice program;

b) class members shall have until October 13, 2017, to submit a request to be excluded or any objections;

c) no later than September 29, 2017, class counsel shall file a petition for attorneys' fees and costs;

d) no later than October 20, 2017, the settlement administrator shall provide the list of excluded class members to class counsel and defendant's counsel;

e) class members shall have until November 13, 2017, to submit a claim;

f) a motion for final approval and any briefing in support, as well as any objection to class counsel's fee petition are due on or before November 20, 2017; and

g) the court will hold a fairness hearing on November 27, 2017, at 10:00 a.m.

Entered this 28th day of July, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge