# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KRISTIE FARNHAM, on behalf of herself and all others similarly situated, | CASE NO. 16-CV-00295-wmc |
| Plaintiff, | |
| v. | |
| CARIBOU COFFEE COMPANY, INC., | |
| Defendant. | |

## PLAINTIFF'S MOTION TO PROHIBIT UNAUTHORIZED COMMUNICATIONS WITH UNNAMED CLASS MEMBERS AND TO DISQUALIFY CHRISTOPHER BANDAS AND BANDAS LAW FIRM, PC

Plaintiff and Class Representative Kristie Farnham, on behalf of herself and the Settlement Class, hereby moves to prohibit unauthorized communications with unnamed members of the Settlement Class and to disqualify Christopher Bandas and Bandas Law Firm, PC from representing any Settlement Class member in connection with the subject matter of this litigation. In support, Plaintiff states as follows:

## I.     INTRODUCTION

On October 13, 2017, Susan Stradtmann, through "local counsel," filed an objection (ECF No. 66) to the Settlement penned by prolific objector Christopher Bandas of Bandas Law Firm, PC ("Bandas"), who is described as Ms. Stradtmann's "general counsel," (*id.* at 5.) On its face, the objection is unremarkable: it is boilerplate, baseless, and aimed solely at delaying final resolution of this litigation -- the workaday product of a serial objector.

However, Class Counsel recently learned that, since at least as early as September 9, 2017, Bandas has been operating an interactive website (http://www.classactionsettlementguide.com/caribou/[1] (the "Bandas Website")) designed to resemble the official Settlement Class website authorized by this Court (www.cariboutcpasettlement.com (the "Settlement Website")).

Egregiously, the Bandas Website contains several false and misleading statements concerning the Settlement and the claim filing deadline, which are designed to lure Settlement Class members to Bandas for a "free case review." When that happens, Bandas's next step is to convince the misled Settlement Class member to authorize the filing of a baseless objection on his or her behalf. The coup de grâce, of course, comes later still, when Bandas uses the frivolous objection(s) he has filed to indefinitely hold up entry of final, non-appealable judgment and thus delay relief to thousands of people -- that is, until Class Counsel coughs up enough "protection" money for Bandas to go away.

Bandas's gambit is well documented. "Numerous courts throughout the country have publicly excoriated Bandas for the frivolous objections that he has penned and injected into class action settlements." *Garber, et al. v. Office of the Commis. Of Baseball, et al.*, Case No. 12-cv-03704 (S.D.N.Y. Feb. 27, 2017), Dkt. 608, at 9-10. As aptly described by a federal district court in California: "Bandas routinely represents objectors purporting to challenge class action settlements, and

---

[1]     True and correct screenshots of the Bandas Website, taken by Class Counsel on October 24, 2017, are attached as Composite Exhibit "A" to the declaration of Frank S. Hedin ("Hedin Decl.") filed concurrently herewith.

does not do so to effectuate changes to settlements, but does so for his own personal financial gain." *In re Cathode Ray Tube (CRT) Antitrust Litigation*, No. CV-07-5944 (N.D. Cal. April 16, 2012), Dkt. 1155. Similarly, a court in Illinois stated:

> Bandas is a professional objector who is improperly attempting to "hijack" the settlement of this case from deserving class members and dedicated, hard working counsel, solely to coerce ill-gotten, inappropriate and unspecified "legal fees." Bandas has filed virtually identical, frivolous objections in South Carolina, Iowa, Missouri and Florida in settlements of similar [] class actions.

*Brown v. Wal-Mart Stores, Inc.*, No. 01 L 85 (Ill. Cir. Ct. Oct. 29, 2009). Courts regularly sanction and hold Bandas in contempt for his bad faith obstructionist conduct. *See, e.g., Embry v. ACER Am. Corp.,*No. 09-01808, 2012 WL 3777163 (N.D. Cal. Aug. 29, 2012) (holding Bandas in contempt and striking his objection as sanction).[2]

The Bandas Website appears to be a relatively new wrinkle in the scheme, but perhaps the most dangerous yet. The Bandas Website is replete with false and misleading statements and was clearly set up for the singular purpose of soliciting Settlement Class members, who are presently represented by Class Counsel and whose interests are directly adverse to those of Bandas's client, Ms. Stradtmann, to object to the Settlement. Bandas's conduct violates several rules of professional conduct and threatens to prejudice the Settlement Class, as discussed below.

---

[2] A report prepared in October 2013 for the Advisory Committee on Appellate Rules of the Judicial Conference of the United States, entitled "Study of Class Action Objector Appeals in the Second, Seventh, and Ninth Circuit Courts of Appeals," contains no less than 93 references to Bandas and describes several instances in which he has been judicially reprimanded. *See* Hedin Decl., Ex. F.

Class Counsel respectfully requests that the Court order the immediate removal of the Bandas Website and, pending final approval of the Settlement, prohibit any further communications with Settlement Class members concerning the subject matter of this litigation absent the consent of Class Counsel or the Court. Additionally, Class Counsel requests that Bandas and Bandas Law Firm, PC be disqualified from representing Ms. Stradtmann or any other objector in any capacity in this litigation.

## II.    BACKGROUND

On June 12, 2017, Plaintiff filed an unopposed motion for preliminary approval of the Settlement (ECF No. 50), which the Court granted in a written Order dated July 28, 2017 (ECF No. 54).

The Class Settlement Notice Program has since resulted in direct Notice to well over 90% of the Settlement Class.

The deadline for Settlement Class Members to exclude themselves from the Settlement or to object to the Settlement was October 13, 2017. The deadline for members of the Settlement Class to file a claim is November 13, 2017. The deadline for Settlement Class Members to object to Class Counsel's motion for attorneys' fees and incentive award and for Class Counsel to respond to any objections submitted by Settlement Class members is November 20, 2017. The final fairness hearing is set for November 27, 2017 at 10:00 a.m. CST.

On October 13, 2017, Objector Stradtmann filed an objection to the Settlement, identifying Bandas of Bandas Law Firm, PC as "his [sic] general counsel" and Thomas

A. Ogorchock and Patrick Miller of Miller & Ogorchock, S.C. as her local counsel.

(ECF No. 66 at 4-5.) Neither Bandas nor any other attorney of Bandas Law Firm, PC

has appeared in this case, let alone sought much less obtained admission to practice

law in the Western District of Wisconsin, either as a member of the bar or on a *pro*

*hac vice* basis.[3]

---

[3]     U.S. District Judge Valerie Caproni of the Southern District of New York recently discussed at length Bandas's pattern of refusing to appear in cases in which he objects and instead retaining local counsel to do his dirty work:

> Bandas' failure to provide any legitimate support for the Hull Objection would be enough to cause this Court concern. But Bandas' behavior throughout this proceeding has been unfitting for any member of the legal profession. Even though Bandas was substantially involved in all stages of the Hull Objection—he drafted the Hull Objection and substantial portions of Hull's opposition brief, and he "assist[ed]" in the preparation of Hull's "pro se" letter regarding sanctions—Bandas refused to enter a notice of appearance in this case, and he refused to sign any of the filings that he himself drafted. Instead, Bandas orchestrated other attorneys, Stein and Turkish, to "appear" on the various filings that Bandas drafted or prepared behind the scenes. Bandas' machinations were designed to avoid his professional responsibilities to the Court and were explicit with respect to Turkish: Turkish required as a term of his engagement that Bandas would "prepar[e] the substantive filings including Motions" and required Bandas to agree to indemnify him if he were sanctioned for his role in this case. Turkish Engag. Email at 1. The sanctions-indemnity provision in the engagement agreement between Turkish and Bandas appears to the Court to be an improper attempt by Turkish to avoid any financial repercussions for sanctionable behavior and a way for Bandas to avoid any collateral consequences to himself if his conduct resulted in sanctions being imposed.
>
> Bandas argues that he is not sanctionable by this Court because he never filed a notice of appearance; he asserts that his calculated decision not to file a notice of appearance was "not to avoid sanctions," but rather was because he did not have time to "travel around the country and make appearances in every objection matter that I am involved in." Tr. at 19:19–20:3. Bandas' preparation of a meritless objection to the proposed settlement, his refusal to appear in this case despite his substantial involvement in preparing the Hull Objection that exposed two of his "local counsels" to potential sanctions, and his failure to affix his name to any of the litigation papers that he himself drafted and prepared, belie his specious assertion that his conduct was entirely innocent.

*See Garber*, Case No. 12-cv-03704, Dkt. No. 608, at 9-10; *see also id.* at 8 (noting that "Bandas' behavior has been, at best, unprofessional, and at worst, an unseemly effort to extract fees

The objection filed by Ms. Stradtmann is completely baseless, as will be thoroughly discussed in Plaintiff's response in opposition to the objection due to be filed on November 20, 2017.

On October 23, 2017, Mr. Ogorchock informed Class Counsel by e-mail that Ms. Stradtmann's objection was written entirely by Bandas and his office. Mr. Ogorchock was unable to even provide Class Counsel with such basic information as the legal or factual basis for Ms. Stradtmann's objection, and simply referred Class Counsel to Bandas to discuss such issues.[4] Class Counsel informed Mr. Ogorchock that they do not intend to communicate with Bandas or anyone from Bandas Law Firm, PC unless and until Bandas or his firm enters an appearance in this case.[5] Later that day, Class Counsel asked Mr. Ogorchock to please accept service of a subpoena for the deposition of Ms. Stradtmann and to also ask Bandas to please remove the Bandas Website. *See* Hedin Decl., Ex. B (copy of e-mail correspondence

---

from class counsel in exchange for the withdrawal of a meritless objection to the proposed class settlement."). A copy of the *Garber* decision is attached hereto as Exhibit E.

[4]  In view of these statements and the complete lack of factual or substantive merit in the objection, Class Counsel is in the process of preparing a motion for sanctions pursuant to Federal Rule of Civil Procedure 11, which Class Counsel intends to serve on Mr. Ogorchock, the officer of the Court who signed the objection, by the end of the week.

[5]  Class Counsel's position on this issue is eminently reasonable given that neither Bandas nor anyone else from Bandas Law Firm, PC is a member of, or otherwise admitted to practice law in, the Western District of Wisconsin. The comments of Judge Caproni referenced in footnote three of this Motion are telling. Moreover, membership in the integrated state bar is a condition precedent to the right to practice law in Wisconsin. Wis. Sup. Ct. R. 10.03(1), (4); *see also In Matter of State Bar of Wisconsin*, 169 Wis. 2d 21, 485 N.W.2d 225 (1992). The practice of law in Wisconsin without a license is a crime. Wis. Stat. § 757.30.

between Class Counsel and Mr. Ogorchock). Mr. Ogorchock has not agreed to either request.

On October 24, 2017, Class Counsel served a notice and subpoena for deposition and documents on Ms. Stradtmann and a subpoena for deposition and documents on Bandas Law Firm, PC.[6] *See* Hedin Decl., Exs. C-D.

As of the filing of this Motion, Bandas has not removed the Bandas Website. Class Counsel is concerned that the Bandas Website may be misleading Settlement Class members as to the claim filing deadline and further confusing Settlement Class members about the purpose of the Bandas Website and Bandas's role concerning this litigation and the Settlement.

## III.   BANDAS'S FALSE AND MISLEADING WEBSITE

The Bandas Website, which is operated by Bandas Law Firm, PC[7], is remarkably deceptive and misleading in both appearance and substance.

The opening section of the Bandas Website, for example, largely replicates the content and general arrangement of the actual claim submission page on the official Court-approved, Claims Administrator-maintained Settlement Website. Below is the claim submission page on the official Court-approved Settlement Website, which prominently displays the pertinent dates concerning the settlement and on the right

---

[6]   The discovery period in this case remains open (ECF No. 36 at 3 (setting discovery cutoff of February 23, 2018)), and the preliminarily-approved Settlement Agreement plainly contemplates the taking of the sort of discovery sought from Ms. Stradtmann and Bandas (ECF No. 50-1 at 20-21), even absent the extraordinary circumstances described herein.

[7]   The header and footer of the Bandas Website state that it is operated by Bandas Law Firm, PC. *See* Hedin Decl., Comp. Ex. A.

side contains a web-based submission form for Settlement Class members to complete:



*Submit a Claim - Claim Instructions*, Farnham v. Caribou Coffee Company Settlement Website, available at https://www.cariboutcpasettlement.com/Home/SubmitClaim (accessed on Oct. 24, 2017).

Similarly, as shown in the screenshots in Composite Exhibit "A" accompanying the Hedin Decl., the Bandas Website begins with a generic "**CARIBOU COFFEE COMPANY TCPA CLASS ACTION SETTLEMENT**" header, without any indicia of advertising, along with the same listing of pertinent dates, a similar web-based form, and thus the same type of official look and feel:

After the section listing the deadlines and containing the submission form, the Bandas Website contains several false and misleading statements that are specifically intended to lure members of the Settlement Class to Bandas for exploitation. For instance, the following bold, capitalized text is prominently displayed as a header to a subsection of the Bandas Website: "**IMPORTANT DEADLINES FOR FILING CLAIMS IN THE CARIBOU COFFEE COMPANY TCPA CLASS ACTION SETTLEMENT**," as depicted in the screenshot below:

Significantly, the two deadlines identified as "**IMPORTANT DEADLINES FOR FILING CLAIMS**" are the exclusion deadline and objection deadline, both of October 13, 2017 -- neither of which is the least bit important to the filing of a claim. In fact, filing an exclusion by the exclusion deadline would prohibit the filing of a claim. Moreover, the filing of an objection by the objection deadline is not a pre-requisite to filing a claim but in fact just the opposite: the filing of a claim is a pre-requisite to filing an objection. Accordingly, the deadlines on October 13, 2017 are not only unimportant to filing a claim but, in the case of the exclusion deadline, would actually prohibit the filing of a claim if met. The only important deadline for filing a claim is the November 13, 2017 deadline to file a claim, which is not even mentioned under this heading on the Bandas Website. This sort of patently false and misleading information exposes the Bandas Website for what it is: an effort by Bandas to hoodwink Settlement Class members into retaining him to file baseless objections to the Settlement, for his own financial gain.

But Bandas is just getting started. Elsewhere on the Bandas Website appears the following, equally misleading headline, which is likewise intended to solicit unwitting potential objectors: "**CLASS MEMBERS MUST ACT BEFORE OCTOBER 13TH TO PRESERVE ALL THEIR LEGAL RIGHTS**." This headline and its accompanying fine-print is depicted below:

As discussed above, October 13, 2017 was the deadline for members of the Settlement Class to exclude themselves from or object to the Settlement. However, the way for a Settlement Class member to preserve his or her right to recover the relief provided by the Settlement is by filing a claim by November 13, 2017, not by objecting or opting out by October 13, 2017. Moreover, Settlement Class members who object to the approval of the Settlement, like Ms. Stradtmann in this case, risk depriving themselves and all other class members of all relief to which they would otherwise have been entitled under the terms of the Settlement, including their right to a pro rata share of the monetary relief negotiated by Class Counsel. Likewise, Settlement Class members who opt out of the Settlement relinquish their legal right to the relief they would otherwise be entitled to under the terms of the Settlement. Thus, Bandas's statement that a decision to opt out "[p]reserve[s] **all** the[] legal rights" of a Class Member is at the very least misleading and, viewed less charitably, completely false.[8]

The Bandas Website is a transparent attempt to trick Settlement Class members into retaining Bandas and providing him authorization to file a frivolous objection to the Settlement.

---

[8] Bandas appears to acknowledge the false and misleading nature of the statement by attempting to condition it with the fine print that appears below: "However: *Obtaining a settlement award check requires filing a claim by November 13, 2017.* Class members who fail to do so will not receive a share of the settlement fund." Bandas's half-hearted attempt to provide cover for his ill-conceived attempt to mislead class members does not excuse the misleading purpose of the statements or lessen their effect on unwitting Settlement Class members.

## IV. BANDAS'S CONDUCT VIOLATES THE RULES OF PROFESSIONAL CONDUCT AND THREATENS TO PREJUDICE SETTLEMENT CLASS MEMBERS

In engaging in the conduct described above, Bandas has violated and continues to violate the applicable Wisconsin Supreme Court Rules of Professional Conduct for Attorneys[9] in several ways, including by (1) making false and misleading communications about the Settlement on the Bandas Website, (2) that are specifically directed at Settlement Class members who are represented by Class Counsel and (3) whose interests are directly adverse to Bandas's existing client, Ms. Stradtmann. *See Weber v. McDorman*, No. 00-C-0381-C, 2000 WL 34237498, at *1 (W.D. Wis. Aug. 11, 2000) ("It is common practice for federal courts to apply state rules of professional conduct. The Wisconsin Supreme Court Rules of Professional Conduct for Attorneys govern in this court."); *Silicon Graphics, Inc. v. ATI Techs., Inc.*, 741 F. Supp. 2d 970, 980 (W.D. Wis. 2010) (recognizing a federal court's inherent authority to regulate lawyer conduct) (citing In re Snyder, 472 U.S. 634, 645 (1985)).

First, Bandas's statements on the Bandas Website violate Rule 20:7.1 of the Wisconsin Supreme Court Rules of Professional Conduct for Attorneys, which states:

> A lawyer shall not make a false or misleading communication about the lawyer or the lawyer's services. A communication is false or misleading if it:

---

[9] The Wisconsin Supreme Court Rules are based on the American Bar Association's Model Rules. *See* Wis. Supreme Ct. Order No. 04-07 (Jan. 5, 2007), https://www.wicourts.gov/sc/rulhear/DisplayDocument.pdf?content=pdf&seqNo=27737; *see also E2Interactive, Inc. v. Blackhawk Network, Inc.*, No. 09-cv-629-SLC, 2010 WL 1981640, at *4 (W.D. Wis. May 17, 2010) (describing state and federal ethical rules as "essentially identical").

(a) contains a material misrepresentation of fact or law, or omits a fact necessary to make the statement considered as a whole not materially misleading;

(b) is likely to create an unjustified expectation about results the lawyer can achieve, or states or implies that the lawyer can achieve results by means that violate the Rules of Professional Conduct or other law; or

(c) compares the lawyer's services with other lawyers' services, unless the comparison can be factually substantiated; or

(d) contains any paid testimonial about, or paid endorsement of, the lawyer without identifying the fact that payment has been made or, if the testimonial or endorsement is not made by an actual client, without identifying that fact.

Wis. Sup. Ct. R. 20:7.1.

As discussed above, Bandas makes various material misrepresentations of fact and law on the Bandas Website, most notably by providing incorrect information concerning the deadlines and other requirements that Settlement Class members must satisfy in order to file a claim. The Bandas Website is also false and misleading for what it omits, including any notice to Settlement Class members that they are already represented by Court-appointed Class Counsel at Carey Rodriguez Milian Gonya, LLP; in fact, the Bandas Website does not even mention let alone provide any contact information for Class Counsel.

Second, by creating and operating the Bandas Website for the intended purpose of communicating with Settlement Class members, Bandas has violated and continues to violate the following provision of Rule 20:4.2:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.

Wis. Sup. Ct. R. 20:4.2(a).

It is well established that members of the Settlement Class who are not otherwise represented by counsel have an attorney-client relationship with Class Counsel. *See Amos v. Board of Directors,* 408 F. Supp. 765, 774 (E.D. Wis.1976) ("In certifying a class action, the Court not only confers on absent persons the status of litigants, but in addition it creates an attorney-client relationship between those persons and a lawyer or group of lawyers."). Because this relationship exists as a matter of law, Bandas has known of its existence throughout his involvement in this case. *See* Wis. Sup. Ct. R. 20:4.2, cmt. 8 ("[T]he lawyer [must] ha[ve] actual knowledge of the fact of the representation; but such actual knowledge may be inferred from the circumstances. Thus, the lawyer cannot evade the requirement of obtaining the consent of counsel by closing eyes to the obvious.") (citing Wis. Sup. Ct. R. 20:1.0(f)).

Bandas has nonetheless been targeting and initiating false and misleading communications with unnamed Settlement Class members since at least as far back as September 9, 2017, when the Bandas Website launched**.** The following is a screenshot of another Bandas-operated webpage containing a hyperlink to the Bandas Website, which identifies September 9, 2017 as the date the Bandas Website was created:



**CARIBOU**

CARIBOU COFFEE COMPANY TCPA Class
Action Settlement  Caribou Coffee Company,
Inc. TCPA Class Action Settlement, known as
Kristie Farnham,...

Sep 9   Read More of this post [+]

*See* Hedin Decl., Ex. A, at 4.

It appears Bandas found his target with Objector Stradmann, having prepared her objection to the Settlement in the days and perhaps the weeks leading up to the filing of the objection on October 13, 2017, through his "local counsel."

Significantly, <u>even **after the exclusion period ended** on October 13, 2017,</u> and <u>notwithstanding Bandas's existing representation of Objector Stradtmann,</u> Bandas continues to initiate, via the Bandas Website, communication with unnamed members of the Settlement Class, all of whom are indisputably represented by Class Counsel -- in clear violation of Rule 20:4.2 and for the apparent purpose of finding Settlement Class members to use to object to Class Counsel's fee request by the November 20, 2017 deadline.[10]  *See, e.g., Resnick v. Am. Dental Ass'n*, 95 F.R.D. 372, 377 (N.D. Ill. 1982) ("After a court has certified a case as a class action and the time for exclusions has expired, the attorney for the class representative represents all

---

[10]     Even if any unnamed Settlement Class member may have initiated or consented to any communication with Bandas concerning this matter after the exclusion period ended, the Rules would still have barred the communication absent the consent of Class Counsel or the Court.  *See* Wis. Sup. Ct. R. 20:4.2, cmts. 3 ("The Rule applies even though the represented person initiates or consents to the communication. A lawyer must immediately terminate communication with a person if, after commencing communication, the lawyer learns that the person is one with whom communication is not permitted by this Rule."); *see also Faison v. Thornton,* 863 F. Supp. 1204, 1214 (D. Nev. 1992) (explaining that "in order to communicate with a represented party, an opposing lawyer needs the consent of the party's lawyer, not of the party himself").

class members who are otherwise unrepresented by counsel. Defense counsel must observe the rules of ethical conduct in these circumstances and communicate with the opposing parties through their attorney, who is counsel for the class[.]") (citation omitted); *see also Lazy Oil Co. v. Witco Corp.*, 166 F.3d 581, 589 (3d Cir. 1999) ("In many class actions, one or more class representatives will object to a settlement and become adverse parties to the remaining class representatives (and the rest of the class).").

Lastly, Bandas's ongoing attempts to communicate with and retain clients directly adverse to Ms. Stradtmann violate Rule 20:1.7, which states:

> (a) Except as provided in par. (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>
>> (1) the representation of one client will be directly adverse to another client; or
>> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
>
> (b) Notwithstanding the existence of a concurrent conflict of interest under par. (a), a lawyer may represent a client if:
>
>> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
>> (2) the representation is not prohibited by law;
>> (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and

> (4) each affected client gives informed consent, confirmed in a writing signed by the client.

Wis. Sup. Ct. R. 20:1.7.

As discussed above, Bandas has represented Ms. Stradtmann as an objector in connection with the Settlement since in or around early October 2017. Because Ms. Stradtmann's objection asks the Court to deny final approval of the Settlement, she is directly adverse to all remaining Settlement Class members who are not otherwise represented by counsel. *See Lazy Oil*, 166 F.3d at 589. Indeed, unlike Ms. Stradtmann, the unnamed Settlement Class members remaining in this case chose <u>not</u> to opt-out of the Settlement by the opt-out deadline of October 13, 2017, and thousands of those Settlement Class members have affirmatively filed claims entitling them to the monetary and non-monetary relief provided by the Settlement -- the exact same relief that Ms. Stradtmamm's objection seeks to wipe away. Bandas, however, has continued to solicit and initiate communication with members of the Settlement Class during the entirety of his representation of Ms. Stradtmann. Bandas is thus actively seeking to represent, and may in fact represent for all Class Counsel knows, individuals who are not only already represented by Class Counsel but are directly adverse to Ms. Stradmann. Thus, Bandas's conduct violates Rule 20:1.7. *See* Wis. Sup. Ct. R. 20:1.7(a)(2), cmt. 7 ("Even where there is no direct adverseness, a conflict of interest exists if there is a significant risk that a lawyer's ability to consider, recommend or carry out an appropriate course of action for the client will be materially limited as a result of the lawyer's other responsibilities or interests.").

Discovery may well reveal that the false and misleading statements appearing on the Bandas Website caused Ms. Stradtmann to retain Bandas to file an objection to the Settlement she would not otherwise have filed. But we know for sure that the Bandas Website remains up and running today, enabling Bandas to continue directing the same false and misleading statements to other represented unnamed Settlement Class members who are by definition directly adverse to Ms. Stradtmann.

Thus, to protect the interests of the unnamed members of the Settlement Class, including Ms. Stradtmann's interests, Class Counsel has served subpoenas for depositions and documents on both Ms. Stradtmann and Bandas Law Firm, PC. *See* Hedin Decl., Exs. C-D. Class Counsel has sought documents and communications that will enable them to, inter alia, determine exactly how Ms. Stradtmann was retained and whether her objection is a bona fide objection or a Bandas-driven shakedown attempt, to identify any instances of Settlement Class members being misled by Bandas's statements on the Bandas Website or elsewhere, and to thus assess the likelihood that Bandas's misconduct has caused any Settlement Class member to refrain from filing a claim or to exclude themselves from the Settlement Class. Class Counsel will notify the Court of any evidence it discovers of prejudice caused by actual or potential confusion to Settlement Class members.

## V. THE COURT SHOULD PROHIBIT ALL COMMUNICATIONS WITH THE SETTLEMENT CLASS CONCERNNING THE LITIGATION, ABSENT CONSENT OF CLASS COUNSEL OR THE COURT

In view of the foregoing misconduct, the Court should order Objector Stradtmann's counsel, including Bandas, Bandas Law Firm, PC and local counsel

Thomas A. Ogorchock and Patrick Miller, to: (1) cause the immediate removal of the Bandas Website; (2) not to communicate, or to cause others to communicate, with any member of the Settlement Class with respect to the subject matter of this litigation, except with the prior consent of Class Counsel or the Court; and (3) to complete the following two tasks within forty-eight hours of the entry of the Court's Order: (a) advise Class Counsel whether, since the Settlement Class was certified, any communications with unnamed Settlement Class members other than Ms. Stradtmann have taken place; and (b) deliver to Class Counsel for examination and copying all documents (including notes or memoranda) constituting or referring to any such communication to or from any Settlement Class member. *See, e.g., Resnick*, 95 F.R.D. at 377 (ordering same form of relief to address analogous instance of improper communications with unnamed class members by counsel for party adverse to unnamed class members).

## VI. THE COURT SHOULD DISQUALIFY BANDAS AND BANDAS LAW FIRM, PC

Finally, based on the serious nature of the misconduct at issue, the Court should disqualify Bandas and any other attorney at Bandas Law Firm, PC from representing or otherwise providing any legal advice or assistance to Ms. Stradtmann or any other Settlement Class member in connection with the subject matter of this litigation. *See, e.g., Moreno v. Autozone, Inc.*, No. C05-04432 MJJ, 2007 WL 4287517, at *17 (N.D. Cal. Dec. 6, 2007) (disqualifying counsel for communicating with directly adverse unnamed class members who were represented by class counsel, explaining that "the two most serious ethical breaches discussed above-an ongoing concurrent

conflict of interest without written informed consent, and improper contact with represented parties, including putative class members-also tend to undermine the validity of these proceedings, and trigger this Court's inherent obligation to manage the conduct of attorneys who appear before it, to ensure the fair administration of justice, and to assure that the interests of unnamed class members are adequately protected")

## VII. CONCLUSION

For the foregoing reasons, the Court should order Objector Stradtmann's counsel, including Christopher Bandas and local counsel Thomas A. Ogorchock and Patrick Miller, to: (1) cause the immediate removal of the Bandas Website; (2) not to communicate, or to cause others to communicate, with any member of the Settlement Class with respect to the subject matter of this litigation, except with the prior consent of Class Counsel or the Court; and (3) to complete the following two tasks within forty-eight hours of the entry of the Court's Order: (a) advise Class Counsel whether, since the Settlement Class was certified, any communications with unnamed Settlement Class members other than Ms. Stradtmann have taken place; and (b) deliver to Class Counsel for examination and copying all documents (including notes or memoranda) constituting or referring to any such communication to or from any Settlement Class member. The Court should further disqualify Bandas and any other attorney at Bandas Law Firm, PC from representing or otherwise providing any legal advice or assistance to Ms. Stradtmann or any other Settlement Class member in connection with the subject matter of this litigation.

Finally, in view of the November 13, 2017 claims filing deadline, Plaintiff respectfully requests that the Court set an expedited briefing schedule for this Motion so these issues may be resolved forthwith.

Dated: October 25, 2017    Respectfully submitted,

            By: /s/ Frank S. Hedin

            **CAREY RODRIGUEZ**
            **MILIAN GONYA, LLP**

            David P. Milian
            Florida Bar No. 844421
            dmilian@careyrodriguez.com
            Frank S. Hedin
            Florida Bar No. 109698
            fhedin@careyrodriguez.com
            1395 Brickell Avenue, Suite 700
            Miami, Florida 33131
            Telephone: (305) 372-7474
            Facsimile: (305) 372-7475

            *Counsel for Plaintiff*