# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| KRISTIE FARNHAM | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 16-cv-295 |
| | § | |
| CARIBOU COFFEE COMPANY, INC. | § | |

## MOTION TO MODIFY SUBPOENA AND FOR PROTECTIVE ORDER

COMES NOW Objector Susan Stradtmann and files this motion to modify subpoena and for a protective order regarding requests for production nos. 7, 8, 9, 10, 11, 12 and 14, in subpoena duces tecum issued by Class Counsel. (**Exhibit 1**, Deposition Notice & Subpoena.) This motion is brought pursuant to Federal Rules of Civil Procedure 26(c) and 45(d).

## INTRODUCTION

**1. Summary of Motion.** Ms. Stradtmann requests the Court enter an order modifying Class Counsel's subpoena duces tecum and protecting her from request for production no. 7, as well as Class Counsel's requests for "communications" in requests for production nos. 8, 9, 10, 11, 12 and 14. Ms. Stradtmann additionally seeks an order protecting her from providing a privilege log scheduling her attorney-client communications. These requests directly seek privileged attorney-client communications, are specifically designed to elicit a privilege log, are objectively unreasonable, and impose an undue burden. Ms. Stradtmann served objections on Class Counsel and requested counsel withdraw these requests. Class Counsel refused to withdraw these requests, and Ms. Stradtmann now seeks protection from the court from this abusive discovery.

**2. Factual Background.**

2.1. Susan Stradtmann is a class member and filed an objection to the proposed class action settlement in the Western District of Wisconsin on October 13, 2017. (Doc. 66.)

2.2. On or about October 24, 2017, a notice of deposition and subpoena were emailed to Ms. Stradtmann's local counsel at the law offices of Miller & Ogorchock S.C. with deposition date of Monday, November 6, 2017. (**Exhibit 1**, Deposition Notice & Subpoena.) This date was not convenient for Ms. Stradtmann, as she works with special education children and was unable to get a qualified replacement for that day.

2.3. The parties agreed to reschedule the deposition for November 10, 2017.

2.4. On November 3, Counsel for Ms. Stradtmann served objections (**Exhibit 2**) and on November 9, amended objections (**Exhibit 3**), on Class Counsel regarding the notice & subpoena.

2.5. The notice and subpoena are defective because Class Counsel failed to provide notice of the deposition to all parties, failed to provide proof of service, failed to personally serve the subpoena on Ms. Stradtmann, and failed to tender mileage with the subpoena. Nevertheless, Ms. Stradtmann has agreed to appear for deposition and produce relevant, non-privileged documents relating to her objection and status as a class member.

2.6. Ms. Stradtmann, however, does not agree to produce her attorney-client communications and believes request for production no. 7, as well as Class Counsel's requests for "communications" in requests for production nos. 8, 9, 10, 11, 12 and 14, are objectively unreasonable and unduly burdensome to the extent they are specifically designed to elicit a privilege log.

2.7. Request for production no. 7, is especially objectionable, seeking "[a]ll documents and communications relating to any communication with any person (including but not limited to Christopher Bandas, Robert Clore, Bandas Law Firm, PC, Thomas A. Ogorchock, Patrick Miller, Miller & Ogorchock, S.C., or any other attorney) concerning the *Farnham* litigation." (**Exhibit 1** at 10.)

2.8. With regard to requests for production nos. 8, 9, 10, 11, and 14, Ms. Stradtmann has agreed to the production of her fee agreement with the Bandas Law Firm, but finds these requests

objectively unreasonable to the extent they directly seek attorney-client communications and are specifically designed to elicit a privilege log. Similarly with regard to request no. 12, Ms. Stratdmann has agreed to produce any pre-attorney-client relationship communications through the website.

2.9. As Class Counsel will not agree to withdraw its objectively unreasonable requests for attorney-client communications, Ms. Stradtmann seeks an order modifying or protecting her from request for production no. 7, as well as Class Counsel's requests for "communications" in requests for production nos. 8, 9, 10, 11, 12 and 14. Additionally, Ms. Stradtmann seeks an order protecting her from producing a privilege log scheduling all her attorney-client communications, as this would present an undue burden.

## **ARGUMENTS & AUTHORITIES**

**3. Court should enter an order modifying the subpoena and protecting Ms. Stradtmann from Class Counsel's objectively unreasonable discovery requests.**

3.1. Rule 45(d)(3)(A) provides that "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." FED. R. CIV. P. 45(d)(3).

3.2. "Where the moving party shows that a subpoena duces tecum subjects it to an undue burden or requires the disclosure of attorney-client privileged information, a court shall modify or quash it pursuant to FED. R. CIV. P. 45(c)(3)(A)." *WM High Yield v. O'Hanlon*, 460 F. Supp. 2d 891, 895 (S.D. Ind. 2006) (citing *CSC Holdings Inc. v. Redisi*, 309 F.3d 988, 993 (7th Cir. 2002)). Relevancy, the need of the party for the documents, and the particularity with which the documents are requested, and the burden imposed are factors a trial court must consider when computing undue burden. *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc.*, 211 F.R.D. 658, 662–63 (D.

Kan. 2003). "Additionally, non-party status[1] is a significant factor a court must consider when assessing undue burden for the purpose of a Rule 45 motion." *WM High Yield*, 460 F. Supp. 2d at 895-96 (citing *United States v. Amerigroup Illinois, Inc.*, 2005 U.S. Dist. LEXIS 24929, 2005 WL 3111972, at *4 (N.D. Ill. Oct. 21, 2005)); *see also Miscellaneous Docket Matter 1 v. Miscellaneous Docket Matter 2*, 197 F.3d 922, 927 (8th Cir. 1999); *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) ("concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs"); *Exxon Shipping Co. v. United States Dept. of Interior*, 34 F.3d 774, 779 (9th Cir. 1994) (nonparties are afforded "special protection against the time and expense of complying with subpoenas").

3.3. Rule 26(c)(1) provides, "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or under burden or expense, including . . . forbidding the disclosure or discovery [or] forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." FED. R. CIV. P. 26(c)(1). In determining good cause, court may look at various factors, including whether the discovery is being sought for a legitimate purpose, as opposed to harass and annoy; whether discovery will violate privacy interests; and whether sharing of information will promote fairness and efficiency. *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995).

3.4. In the case at hand, the subpoena seeks discovery of clearly privileged documents for which there does not appear to be any legitimate purpose. Request no. 7 seeks, "All documents and

---

[1] Objectors are not parties to a class action lawsuit but rather members of the proposed class settlement who object to the settlement. *See Devlin v. Scardelletti*, 536 U.S. 1, 7–8 (2002); *Int'l Union, United Automobile, Aerospace and Agri Implement Workers of America v. Gen'l Motors Corp.*, 497 F.3d 615, 635 (6th Cir. 2007); *In re Community Bank of Northern Virginia*, 418 F.3d 277, 316 (3d Cir. 2005); *In re Prudential Ins. Co. of America Sales Practices Litigation Agent Actions*, 148 F.3d 283, 325 (3d Cir. 1998); *Jones v. Singing River Health Sys.*, 2016 U.S. Dist. LEXIS 63462, at *1 (S.D. Miss. May 13, 2016); *In re Domestic Air Transp. Antitrust Litigation*, 144 F.R.D. 421, 424 (N.D.Ga. 1992).

communications relating to any communication with any person (including but not limited to Christopher Bandas, Robert Clore, Bandas Law Firm, PC, Thomas A. Ogorchock, Patrick Miller, Miller & Ogorchock, S.C., or any other attorney) concerning the *Farnham* litigation." (**Exhibit 1** at 6.) This request is patently objectionable and specifically designed to elicit the production of a privilege log.

3.5. Class counsel was required to ensure the requests were objectively reasonable under the circumstances. *Mick Haig Prods., e.K. v. Does*, No. 3:10-CV-1900-N, 2011 U.S. Dist. LEXIS 128366, at *13 (N.D. Tex. Sept. 9, 2011) ("Rule 26, however, 'oblige[d] [class counsel] to stop and think about the legitimacy of [its] discovery request' and whether it was consistent with the Rules and 'reasonable under the precedents or a good faith belief as to what should be the law.' FED. R. CIV. P. 26(g) & 1983 advisory committee's notes.").

3.6. Request for production no. 7, as well as Class Counsel's requests for "communications" in requests for production nos. 8, 9, 10, 11, 12 and 14 have no objectively reasonable basis. The requests have no bearing on the relevant issues in the class action lawsuit, or Ms. Stradtmann's objection to the proposed class settlement.

**4. Court should enter an order protecting Ms. Stradtmann from production of privilege log.** Requests for production nos. 7, 8, 9, 10, 11, 12 and 14 directly seek attorney-client communications. Such requests are objectively unreasonable because they serve no legitimate purpose other than to harass and annoy. Ms. Stradtmann therefore requests the Court enter an order protecting her from production of a privilege log because the request is objectively unreasonable and compiling of information for a privilege log would impose an unreasonable burden. *See* FED. R. CIV. P. 45(d)(3); 1993 Notes to FED. R. CIV. P. 26, at ¶ 35 ("A party may seek relief through a protective order under subdivision (c) if compliance with the requirement for providing [privilege log] would be an unreasonable burden."); *Wiwa v. Royal Dutch Pet. Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (determining whether subpoena presents an undue burden, Court must consider "(1) relevance of the information

requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed."); *Combs v. Washington*, No. C12-5280, 2013 WL 1914403 (W.D. Wash. May 8, 2013) ("[w]hile a privilege log may be appropriate when a request for otherwise unprivileged documents might include a privileged document, the Court finds no basis for it here where the request itself is essentially a request that Defendants produce all attorney client privileged materials in this case or alternatively, to order Defendants to list all the privileged materials withheld").

    **5.  Objectors are an important check on the conflicted interest of Class Counsel.**

    5.1  It is no secret that the class action bar does not like objectors of any kind, whether represented by experienced objector's counsel or not. This does not, however, give them the right to use depositions as a platform to harass an Objector for bringing objectively valid and appropriate objections, nor to intimidate Objector in an effort to engineer the dismissal of valid objections before their merits can be reached.

    5.2  Objectors are recognized as a vital check on the class action settlement process where the interests of the class are not always protected. As the Sixth Circuit explained:

> Class-action settlements are different from other settlements. The parties to an ordinary settlement bargain away only their own rights—which is why ordinary settlements do not require court approval. In contrast, class-action settlements affect not only the interests of the parties and counsel who negotiate them, but also the interests of unnamed class members who by definition are not present during the negotiations. And thus, there is always the danger that the parties and counsel will bargain away the interests of unnamed class members in order to maximize their own.

*In re Dry Max Pampers Litigation*, 724 F.3d 713, 715 (6th Cir 2013) ("*Pampers*" litigation).

    5.3  In this setting, the defendant is indifferent as to the allocation of any settlement payments between the class and class counsel. *See, eg., Malchman v. Davis*, 761 F.2d 893, 908 (2d Cir. 1985)

(Jon O. Newman, concurring), *cert. denied*, 475 U.S. 1143 (1986); *In re Dry Max Pampers Litig.*, 724 F.3d 713, 717–18 (6th Cir. 2013). Rather, the settling defendant only cares about its total settlement payments and keeping them as low as possible. *In re Southwest Voucher Litigation*, 799 F.3d 701, 712 (7th Cir. 2015); *Piambino v. Bailey*, 757 F.2d 1112, 1139 (11th Cir. 1985) ("*Piambino II*").

5.4 At the same time, class counsel has a natural incentive to enrich itself at the expense of the unnamed members of the class. *See Southwest Voucher*, 799 F.3d at 712 ("[j]udicial scrutiny of class action fee awards and class settlements more generally is based on the assumption that class counsel behave as economically rational actors who seek to serve their own interests first and foremost"). For these reasons, "trial judges bear the important responsibility of protecting absent class members, and must be assur[ed] that the settlement represents adequate compensation for the release of the class claims." *Sullivan v. DB Invs., Inc.,* 667 F.3d 273, 319 (3d Cir. 2011).

5.5 Objectors also protect the rights of class members. "[C]lass action lawyers may try to fend off interlopers who oppose a proposed settlement as insufficiently generous to the class; and given the role of such interlopers in preventing cozy deals that favor class lawyers and defendants at the expense of class members, their requests for fees must not be slighted." *In re Trans Union Corp. Privacy Litig.*, 629 F.3d 741, 743 (7th Cir. 2011) (Posner, J.). "Objectors can encourage scrutiny of a proposed settlement and identify areas that need improvement. They can provide important information regarding the fairness, adequacy, and reasonableness of the settlement terms." *Pallister v. Blue Cross and Blue Shield of Montana*, 285 P.3d 562, 568 (Mont. 2012). "Objectors can also "add value to the class-action settlement process by . . . preventing collusion between lead plaintiff and defendants." *UFCW Loc. 880-Retail Food Employers Jt. Pension Fund v. Newmont Min. Corp.*, 352 Fed. App'x. 232, 236 (10th Cir. 2009) (citation omitted); *see also* 2003 Committee Note, Rule 23(h) ("In some situations, there may be a basis for making an award to other counsel whose work produced a beneficial result

for the class, such as . . . attorneys who represented objectors to a proposed settlement under Rule 23(e) or to the fee motion of class counsel").

5.6 The fact that Class Counsel do not like objectors is no excuse for abusive conduct in violation of the discovery rules.

## CONCLUSION & PRAYER

WHEREFORE, for the reasons set forth herein, objector Susan Stratdmann respectfully requests the Court enter an order modifying Class Counsel's subpoena duces tecum and protecting her from request for production no. 7, as well as Class Counsel's requests for "communications" in requests for production nos. 8, 9, 10, 11, 12 and 14. Ms. Stradtmann additionally seeks an order protecting her from providing a privilege log scheduling her attorney-client communications. Class Counsel's requests for production directly seeking attorney-client communications are objectively unreasonable, and responding to these requests and producing a privilege log would constitute an undue burden.

A proposed order granting Plaintiffs' motion is attached hereto.

Respectfully submitted,

/s/ Thomas A. Ogorchock /s/
Thomas A. Ogorchock
WI Bar No. 1000628
**MILLER & OGORCHOCK, S.C.**
740 N. Plankinton Ave., Suite 310
Milwaukee, WI 53203
Tel: 414-935-4991
Fax: 414-272-4777
tom@miller-ogorchock.com

Eric Stewart
Texas Bar No. 24058133
**HUSEMAN & STEWART, PLLC**
615 N. Upper Broadway, Suite 2000
Corpus Christi, TX 78401
Tel: 361-883-3563
Fax: 361-883-0210

ATTORNEYS FOR OBJECTOR, SUSAN STRADTMANN

## CERTIFICATE OF CONFERENCE

Prior to filing this motion, counsel for Objector Susan Stradtmann conferred or attempted to confer with Class Counsel in a good faith effort to resolve the dispute without court action.

/s/ Eric Stewart /s/
ERIC STEWART

## CERTIFICATE OF SERVICE

This is to certify that on this the 9th day of November, 2017, a true and correct copy of the foregoing was served on the following in compliance with the Federal Rules of Civil Procedure via the Court's electronic filing system:

David P. Milian
Frank S. Hedin
**CAREY RODRIGUEZ MILIAN GONYA, LLP**
1395 Brickell Ave., Suite 700
Miami, FL 33131
dmilian@careyrodriguez.com
fhedin@careyrodriguez.com

/s/ Eric Stewart /s/
ERIC STEWART