IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KRISTIE FARNHAM, on behalf of herself
and all others similarly situated,

                Plaintiff,                                  ORDER

v.

                                                            16-cv-295-wmc

CARIBOU COFFE COMPANY, INC.,

                Defendant.

On Monday November 27, 2017, the court held a hearing on the fairness of the proposed final settlement agreement, at which counsel for the class, the defendant, and objector Susan Stradtmann appeared. In addition to the requests for final approval and attorneys' fees (dkt. ##88, 61), the court considered four objections from class members (dkt. ##59, 60, 66, 68) and a motion by class counsel to (1) prohibit unauthorized communications and (2) disqualify the Bandas Law Firm from its representation of Stradtmann (the "motion to prohibit and disqualify") (dkt. #69). The court also had requests from Stradtmann (1) to strike plaintiff's reply brief or to file a sur-reply on the motion to prohibit and disqualify (dkt. #92) and (2) for permission to file an opposition to plaintiff's motion for final approval (dkt. #94).

For the reasons elaborated during the hearing and as will be set forth in more detail in the court's written opinion, IT IS ORDERED that:

1) The motion for final approval of the settlement (dkt. #88) is GRANTED because the court finds the proposed final settlement to be fair, reasonable and adequate.

2) The Hansen, Johnson and Guidarelli objections (dkt. ##59, 60, 68) are rejected for lack of merit under current law. Class counsel shall inform these objectors that: (a) the court considered their objections; (b) notwithstanding their possible merit as a matter of policy, the court determined that the claims asserted by plaintiff in this case are valid under the TCPA and current case law; and (c) the court approved the settlement. Counsel must also inform them of their options regarding payment for their filed claims.

3) Plaintiff's motion for attorneys' fees and service award (dkt. #61) is GRANTED IN PART AND RESERVED IN PART. The court finds a $10,000 incentive award for the named plaintiff to be reasonable and therefore approves it. The request for attorneys' fees will be addressed in a later opinion and order. The parties are instructed to work with the claims administrator to determine a final, total cost of administration and advise the court accordingly.

4) Stradtmann's request to strike plaintiff's reply on the motion to prohibit and disqualify her law firm or to file a sur-reply (dkt. #92) is GRANTED IN PART AND DENIED IN PART. Stradtmann's request to strike is DENIED, while her request to file a sur-reply is GRANTED.

5) Plaintiff's motion to prohibit and disqualify the Bandas Law Firm (dkt. #69) is DENIED.

6) Stradtmann's request to file an opposition to plaintiff's request for final approval (dkt. #94) is DENIED. Additionally, Stradtmann's objections (dkt. #66) are rejected for lack of merit.

Entered this 27th day of November, 2017.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge