UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KRISTIE FARNHAM, on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>CARIBOU COFFEE COMPANY, INC.,<br><br>      Defendant. | CASE NO. 16-CV-00295-wmc |

### PLAINTIFF'S MOTION TO STRIKE NOTICE OF APPEAL FILED BY OBJECTOR SUSAN STRADTMANN

Pursuant to Federal Rule of Civil Procedure 12(f), Plaintiff and Class Representative Kristie Farnham hereby submits this motion to strike the untimely Notice of Appeal filed by Objector Susan Stradtmann (ECF No. 106).

## BACKGROUND

On June 13, 2017, Plaintiff moved for preliminary approval of the Settlement pursuant to the Settlement Agreement. (ECF No. 50 (motion for preliminary approval); ECF No. 50-1 (copy of Settlement Agreement).)

On July 28, 2017, the Court granted preliminary approval of the Settlement as set forth in the Settlement Agreement. (ECF No. 54.)

On September 30, 2017, Plaintiff filed a motion for attorneys' fees and service award. (ECF No. 61.)

On October 13, 2017, Susan Stradtmann filed an objection to the Settlement and the motion for attorneys' fees and service award. (ECF No. 66.)

On November 20, 2017, Plaintiff moved for final approval of the Settlement. (ECF Nos. 88-89.)

On November 27, 2017, the Court held a final fairness hearing, at which Class Counsel, counsel for Caribou and counsel for Stradtmann appeared. The Court stated at the hearing that the Court was granting final approval, granting the requested service award to Plaintiff, and overruling all objections, <u>including all of Stradtmann's objections as to both the merits of the Settlement and the requested attorneys' fee and service award</u>. (ECF No. 99 (minute entry reflecting final fairness hearing); ECF No. 103 (transcript of final fairness hearing).) The Court stated that it would award attorneys' fees of at least 30% of the Net Settlement Fund but reserved ruling on the precise percentage. (*See id.*) Later that same day, the Court issued an Order granting final approval of the Settlement, rejecting all objections, including Stradtmann's, granting the requested service award to Plaintiff, and reserving on the amount of the attorneys' fees to award. (ECF No. 98.)

On December 15, 2017, the Court issued an Opinion "consistent with the court's order" granting final approval dated November 27, 2017. (ECF No. 105 at 1.) The Opinion authorized an attorneys' fee award of one-third (33.3%) of the Net Settlement Fund. (*Id.* at 32.)

On January 9, 2018, Stradtmann filed a Notice of Appeal to the U.S. Court of Appeals for the Seventh Circuit "from the Opinion finally approving the settlement

2

and awarding attorneys' fees to Class Counsel (Doc. No. 105) entered in this action on December 15, 2017, and from the Order approving the settlement (which expressly reserved ruling on attorneys' fees), (Doc. No. 98) entered in this action on November 27, 2017, and all orders and opinions that merge therein." (ECF No. 106 at 2.)

Caribou has already funded the entire Settlement Fund pursuant to the Settlement Agreement, but the Settlement Administrator is refusing to disburse the Settlement Fund absent confirmation that Stradtmann's Notice of Appeal of the Court's order granting final approval of the Settlement was not timely filed. (Settlement Agreement, Section IV. Part G ("Notwithstanding the provisions set forth in subsection F above, in the event a <u>timely filed Appeal</u> is made to the Final Approval Order and Judgment by a Settlement Class Member who submitted a timely objection, the Settlement Administrator shall cause the payments described in F above to be held in trust, in an interest-bearing account, pending resolution or final dismissal of such Appeal.") (emphasis added).)

For the reasons below, Stradtmann's Notice of Appeal was not timely filed and should be stricken.

## ARGUMENT

Objector Stradtmann's Notice of Appeal was not timely filed, and this Court maintains jurisdiction over this litigation.[1]  In order to permit the disbursement of

---

[1]  *See Co-Operative Shippers, Inc. v. Atchison, Topeka & Santa Fe Ry. Co.*, 624 F. Supp. 797, 798–99 (N.D. Ill. 1985) (noting that district courts "have jurisdiction to determine [their] own jurisdiction").

3

the Settlement Fund, the Court should strike the Notice of Appeal as untimely Pursuant to Rule 12(f).

Federal Rule of Appellate Procedure 3(a) provides that "[a]n appeal permitted by law as of right from a district court to a court of appeal may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4." In a civil case such as this one, the notice of appeal must be filed within thirty (30) days after the "judgment or order appealed from" is entered. *See* Fed. R. App. P. 4(a)(1)(A).

Ordinarily, the act of filing a notice of appeal confers jurisdiction on an appellate court and divests the trial court of jurisdiction over matters related to the appeal. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); 20 James Wm. Moore, Moore's Federal Practice § 303.32[1] (3d ed. 1997). "That rule, however, does not extend to deficient notices of appeal." *Gilda Indus., Inc. v. United States*, 511 F.3d 1348, 1350–52 (Fed. Cir. 2008). "To the contrary, '[w]here the deficiency in a notice of appeal, by reason of untimeliness, lack of essential recitals, or reference to a non-appealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction.'" *Id.* (quoting *Ruby v. Sec'y of U.S. Navy*, 365 F.2d 385, 389 (9th Cir.1966) (en banc)); *see also Bowles v. Russell*, 551 U.S. 205 (2007) ("Today we make clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement."); *Johnson v. Levy Org. Dev. Co.*, 789 F.2d 601, 606 n.2 (7th Cir. 1986) ("A timely Notice of Appeal from a judgment or order is necessary for [the court of appeals] to have jurisdiction." (citing *Terket v. Lund*, 623 F.2d 29, 32 (7th Cir. 1980);

*Brainerd v. Beal*, 498 F.2d 901 (7th Cir. 1974), *cert. denied*, 419 U.S. 1069 (1974), *reh'g denied*, 420 U.S. 913 (1975))); *Rucker v. Dep't of Labor*, 798 F.2d 891, 892 (6th Cir.1986) ("As a general rule, a district court loses jurisdiction over an action when a party perfects an appeal unless that appeal is untimely, is an appeal from a non-appealable non-final order, or raises only issues that were previously ruled upon in that case by the appellate court."); *In re Grand Jury Proceedings*, 795 F.2d 226, 231 (1st Cir. 1986) (same); *Arthur Andersen & Co. v. Finesilver*, 546 F.2d 338, 340–41 (10th Cir.1976) (same).[2]

In this case, the Order finally approving the Settlement and overruling all objections, including all of Stradtmann's objections to both the merits of the Settlement and the requested attorneys' fee and service award, was entered on November 27, 2017. Thus, Stradtmann was required to file her Notice of Appeal within 30 days of November 27, 2017, i.e., by December 27, 2017. *See* Fed. R. App. P. 4(a)(1)(A); *see also Martinez v. Trainor*, 556 F.2d 818, 821 (7th Cir. 1977) ("The basic

---

[2] Professor Moore's treatise summarizes the point as follows:

> A notice of appeal that is deficient because it is untimely or because it lacks the essential recitals does not transfer jurisdiction to the circuit court. If it is clear to the district court that the notice of appeal is deficient, it may disregard the purported notice and proceed with the case. Thus, if an appeal is filed after the filing deadline has passed and no extension is granted, the case may proceed in the district court.

20 Moore, supra, § 303.32[2][b][iv][A] (footnotes omitted); see also 16A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3950.1 (3d ed. 1999) ("The timeliness of the filing of the notice of appeal, as indicated, has come to be of critical importance in jurisdictional terms.").

rationale for insistence upon timely filing is the necessity for providing a precisely ascertainable point of time at which litigation comes to an end."). Stradtmann did not file her Notice of Appeal until January 9, 2017. Accordingly, Stradtmann's Notice of Appeal was untimely and did not divest this Court of jurisdiction over the case.

Stradtmann appears to believe that her Notice of Appeal is timely on the grounds that the Court's Opinion dated December 15, 2017 was an order or judgment from which she had 30 days to appeal. She is wrong. An order is "final" (and thus appealable) when it "terminates the litigation between the parties on the merits of the case." *Swanson v. Am. Consumer Indus., Inc.*, 517 F.2d 555, 559 (7th Cir. 1975); *see also Local P–171 v. Thompson Farms Co.*, 642 F.2d 1065, 1069 (7th Cir. 1981); *Catlin v. United States*, 324 U.S. 229, 233 (1945). In this case, the Court's final Order dated November 27, 2017 ended the litigation on the merits because it overruled all objections that had been filed, including all of Stradtmann's, and granted final approval of the Settlement – leaving only the issue of the appropriate amount of attorneys' fees to Class Counsel for the Court to resolve.

That the Court's final Order dated November 27, 2017 reserved ruling on the amount of the attorneys' fees award to Class Counsel – either 30% or 33.3% of the Net Settlement Fund – did not affect the finality or appealability of the final Order dated November 27, 2017 resolving the merits of the litigation. *See Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 811 F. Supp. 2d 216, 224–25 (D.D.C. 2011) (explaining that "court[s] do[] not consider demands for payment of attorney's fees as impacting the finality of a court's decision," because "the merits of the case are no

longer pending for appeal purposes and the judgment is considered final and immediately appealable" (citing *Moody Nat'l Bank of Galveston v. G.E. Life & Annuity Assurance Co.,* 383 F.3d 249, 250 (5th Cir.2004) ("Motions addressing costs and attorney's fees ... are generally made pursuant to Rule 54, are considered collateral to the judgment, and do not toll the time period for filing an appeal.")); *Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 200, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988) ("As a general matter ... we think it indisputable that a claim for attorney's fees is not part of the merits of the action to which the fees pertain."); *White v. N.H. Dep't of Emp't Sec.,* 455 U.S. 445, 452 n. 14, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982) ("[T]he collateral character of the fee issue establishes that the outstanding fee question does not bar recognition of a judgment finally disposing of the merits as 'final' and 'appealable.' "); *see also Elec. Privacy Info. Ctr.*, 811 F. Supp. 2d at 225 (noting that "[t]his rule applies equally to requests for attorney's fees made both before and after the court issues a judgment on the merits.").

  Nor did the Court's determination in the December 15, 2017 Opinion as to the precise amount of the attorneys' fee award trigger another 30-day appeal period in which Stradtmann could file a notice of appeal; that could only possibly have happened if the Court had extended the time to appeal under Rule 58, which Stradtmann did not request and the Court did not do in this case. *See* Fed. R. App. P. 4(a)(4)(A)(iii) (providing that an order disposing of a motion for attorneys' fees that is entered subsequent to an otherwise appealable final judgment or order will only

7

trigger the running of the time to appeal if the "district court extends the time to appeal under Rule 58").

Thus, "[o]nce a ruling on the merits ha[d] been entered [on November 27, 2017], that ruling [could have been] appealed [by Stradtmann] without affecting the District Court's continued jurisdiction over collateral issues such as attorney fees." *Springer v. Durflinger*, No. 03-1200, 2006 WL 1120431, at *1 (C.D. Ill. Apr. 27, 2006) (citing *Bradford-Scott Data Corp., Inc. v. Physician Computer Network, Inc.*, 128 F.3d 504, 505 (7th Cir.1997); *Alonzi v. Budget Const. Co.*, 55 F.3d 331, 333 (7th Cir. 1995). Accordingly, Stradtmann was required to file a notice of appeal within 30 days of November 27, 2017. *See, e.g., Elec. Privacy Info. Ctr.*, 811 F. Supp. 2d at 225 ("As noted, on January 12, 2011, the court issued an order in this case granting summary judgment to DHS and denying the plaintiff's cross-motion for summary judgment. Upon entry of the court's Order, the only remaining issue for adjudication was the plaintiff's motion for attorney's fees and costs. The court's January 12, 2011 Order therefore constitutes a final judgment for purposes of appeal.").

Stradtmann appears to contend in her Notice of Appeal that the Court's November 27, 2017 final Order granting approval of the Settlement was superseded by its December 15, 2017 Opinion and that the Opinion restarted the 30-day appeal deadline. This argument fails because the December 15, 2017 Opinion merely summarized the Court's prior rulings on the merits in the November 27, 2017 Order. In rejecting the same argument on analogous facts, the Seventh Circuit reasoned:

> Unable to raise any meritorious argument that the
> June 25 order was not an order of dismissal, the claimants

8

> argue that the June 25 order was in effect superseded by the August 5 minute orders. The first minute order amending the error in the June 25 order was merely a technical change, and did not re-start the time for appeal. *Exchange Nat'l Bank,* 763 F.2d at 289. And the second order did not "amend" the June 25 order in any respect—it merely indicated that the district court had entered its "Memorandum Opinion and Order." "Unless the second order 'has disturbed or revised legal rights and obligations which, by its prior judgment, had been plainly and properly settled with finality,' the first order controls for the time of appeal." *Id.* (quoting *FTC v. Minneapolis–Honeywell Regulator Co.,* 344 U.S. 206, 211–12, 73 S.Ct. 245, 249, 97 L.Ed. 245 (1952)). Since we conclude that the order denying the claimants' motion to dismiss was entered on June 25, 1992, the Notice of Appeal was untimely.

*United States v. Michelle's Lounge*, 39 F.3d 684, 703 (7th Cir. 1994), *abrogated on other grounds by Kaley v. United States*, 134 S. Ct. 1090 (2014). The facts of this case compel the same result. The November 27, 2017 Order overruled all objections, <u>including all of Stradtmann's objections as to both the merits of the Settlement and the requested attorneys' fee and service award</u>, and granted final approval of the Settlement. Because the December 15, 2017 Opinion did not "disturb[] or revise[] legal rights and obligations" that had been finally settled in the November 27, 2017 Order, the November 27, 2017 Order is the "final judgment or order" within the meaning of Fed. R. App. P. 4 and thus "controls for the time of appeal." *See id.*

Indeed, this Court has already recognized the finality and appealability of its November 27, 2017 Order. In the December 15, 2017 Opinion, the Court correctly found that Kristian Mierzwicki's request for the Court to consider his untimely objection was governed by Rule 60(b) (*see* ECF No. 105 at 13), which sets forth the

9

legal standard for amending <u>a final appealable judgment or order</u>, *see* Fed. R. Civ. P. 60 (setting forth the grounds on which "the court may relieve a party or its legal representative from a <u>final judgment, order, or proceeding</u>"). Thus, notwithstanding the Court's entry of the December 15, 2017 Opinion, Stradtmann's Notice of Appeal was due by December 27, 2017, 30 days from November 27, 2017.

Because Stradtmann did not file her Notice of Appeal until January 9, 2018, a full two weeks late, the untimely notice of appeal did not transfer jurisdiction to the U.S. Court of Appeals for the Seventh Circuit and thus "was not effective to deprive the trial court of jurisdiction over the case." *Gilda*, 511 F.3d at 1352. Accordingly, this Court maintains jurisdiction over the case. *See Ruby*, 365 F.2d at 388 ("If, by reason of defects in form or execution, a notice of appeal does not transfer jurisdiction to the court of appeals, then such jurisdiction must remain in the district court; it cannot float in the air."); *see, e.g., Gilda*, 511 F.3d at 1352 ("Because Gilda's notice of appeal was filed a day late, the notice of appeal was untimely. As such, it neither conferred jurisdiction on this court nor divested the trial court of jurisdiction to entertain Gilda's subsequent motion to extend the filing deadline.")*;* Fed. R. App. P. 4(a)(1)(A).[3]

Not only does this Court have jurisdiction over the case, it also possesses the authority to dispose of improper notices of appeal like the one filed by Stradtmann.

---

[3]  It makes no difference that the U.S. Court of Appeals for the Seventh Circuit has administratively docketed Stradtmann's so-called appeal. *See Gilda*, 511 F.3d at 1352 ("[A] defective notice of appeal does not become effective to deprive the trial court of jurisdiction simply because the appellate court dockets the appeal.").

Otherwise, "...a litigant could temporarily deprive the court of jurisdiction at any and every critical juncture' merely by filing a notice of appeal from any nonappealable order entered in the district court." *Cochran v. Birkel*, 651 F.2d 1219 (6th Cir. 1981) (quoting *Hodgson v. Mahoney*, 460 F.2d 326 (1st Cir. 1972)). As the Sixth Circuit in *Cochran* reasoned:

> We are persuaded that filing a notice of appeal from a nonappealable order should not divest the district court of jurisdiction and that the reasoning of the cases that so hold is sound. The contrary rule leaves the court powerless to prevent intentional dilatory tactics, forecloses without remedy the nonappealing party's right to continuing trial court jurisdiction, and inhibits the smooth and efficient functioning of the judicial process.

651 F.2d at 1222 (quoting *United States v. Hitchmon*, 602 F.2d 689, 694 (5th Cir. 1979) (emphasis added).

Stradtmann's Notice of Appeal is a perfect example of the type of "intentional dilatory tactical" described in *Cochran*. It is aimed squarely at "inhibiting the smooth and efficient functioning of the judicial process" – namely, delaying the effective date of the Settlement Agreement in order to obstruct the disbursement of the Settlement Fund, for the ultimate purpose of extorting a payment from Class Counsel to go away. This Court need not go along.

The Court should strike the Notice of Appeal as untimely pursuant to Rule 12(f). *See, e.g., Williams v. Vilsack*, 669 F. Supp. 2d 16, 18 (D.D.C. 2009) (finding the court had not been divested of jurisdiction by virtue of plaintiff's filing of an untimely notice of appeal, and striking the untimely notice of appeal); *Ramara, Inc. v. Westfield Ins. Co.*, No. CV 13-7086, 2015 WL 12806511, at *1 (E.D. Pa. Jan. 30, 2015)

("Ramara's Motion to Strike Defendant's Notice of Appeal from this Court's December 19, 2014 Order is GRANTED. Westfield's Notice of Appeal is hereby STRICKEN as improper under 28 U.S.C. § 1292(a)(1)[.]").

## CONCLUSION

For the foregoing reasons, the Court should strike the Notice of Appeal (ECF No. 106) filed by Objector Susan Stradtmann as untimely.

Dated: January 11, 2018            Respectfully submitted,

By: /s/ Frank S. Hedin

**CAREY RODRIGUEZ
MILIAN GONYA, LLP**

David P. Milian
Florida Bar No. 844421
dmilian@careyrodriguez.com
Frank S. Hedin
Florida Bar No. 109698
fhedin@careyrodriguez.com
1395 Brickell Avenue, Suite 700
Miami, Florida 33131
Telephone: (305) 372-7474
Facsimile: (305) 372-7475

*Class Counsel*