## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

KRISTIE FARNHAM, on behalf of
herself and all others similarly situated,

        Plaintiff,

   v.

CARIBOU COFFEE COMPANY, INC.

        Defendant.

Case No. 16-CV-00295-wmc

---

## OBJECTOR SUSAN STRADTMANN'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE NOTICE OF APPEAL

## INTRODUCTION

Class counsels' motion to strike Ms. Stadtmann's notice of appeal should be denied because (1) it is beyond the jurisdiction of this Court, and (2) it depends on authority and analysis outside the unique context of common fund class action settlements. Because class counsels' fee directly impacts class recovery in a common fund settlement, fees are not collateral to settlement approval. Accordingly, the first order approving the settlement did not become final until the Court issued its second order designating class counsels' fee, and in turn, the class members' recovery. Ms. Stradtmann's notice of appeal was unquestionably timely as to this second, final order.

## BACKGROUND

On October 13, 2017, Ms. Stradtmann filed a timely objection, arguing, *inter alia*, the $8.5 million common fund was inadequate and that any fees should be limited to 20-25%. Doc. 66, at 9-13, 15-24. Because the source of class

counsels' fees is the common fund, had Ms. Stradtmann's objections been sustained, class recovery would have increased significantly.[1]

After the fairness hearing, this Court entered a November 27, 2017 order granting class counsels' motion for final approval and purporting to reject Ms. Stradtmann's objections. Doc. 98, at 1-2. The order did not state it was a final judgment, and in fact expressly qualified:

> 3) Plaintiff's motion for attorneys' fees and service award (dkt. #61) is GRANTED IN PART AND RESERVED IN PART. The court finds a $10,000 incentive award for the named plaintiff to be reasonable and therefore approves it. **The request for attorneys' fees will be addressed in a later opinion and order**.

Doc. 98, at 2 (emphasis added). Because the order expressly left open the question attorneys' fees, and importantly, ultimate class recovery as impacted by class counsels' take from the fund, Ms. Stradtmann waited until the Court's December 15, 2017 final order awarding $2.6 million in fees before appealing. Doc. 105. Ms. Stradtmann then filed her notice of appeal on January 9, 2018, less than thirty

---

[1] Had the Court refused to award fees, it would have preserved an additional $2.6 million for the class. Had the Court awarded the 20% amount advanced in the objection, it would have benefitted the class by more than $1 million. $8,500,000 settlement fund - $2,712,747.70 attorneys' fees - $657,157.32 administration costs - $10,000 incentive fee = $5,120,094.98 for the class based on class counsels' calculated 33%. $8,500,000 settlement fund - $1,568,568.54 attorneys' fees - $657,157.32 administration costs - $10,000 incentive fee = $6,264,274.14 for the class based on a 20% fee.

days from the December 15th order. Doc. 106. The appeal has been docketed in the United States Court of Appeals, Seventh Circuit, Case Number 18-1067.

**ARGUMENT**

## I.    This Court Lacks Jurisdiction to Strike the Notice of Appeal.

Fundamentally, only the court of appeals has authority to determine whether it has jurisdiction over the appeal. The Seventh Circuit has held that "[a]lthough a district court retains jurisdiction over issues that are ancillay to those under consideration in the appellate court, . . . **the district court cannot dismiss or strike a notice of appeal**." *United States v. Real Property Located at 886 N. Hamilton St. Clair Cty., Marissa, Ill.*, 34 Fed. Appx. 235, 237 (7th Cir. 2002) (unpub.) (emphasis added).

"The filing of a notice of appeal is an event of jurisdictional significance— it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982); *May v. Sheahan,* 226 F.3d 876, 879 (7th Cir.2000). This is true even with a notice of appeal that a party alleges is untimely. "[A]ny objection to the propriety of that notice should have been directed to [court of appeals] because such an objection would concern [its] appellate jurisdiction." *Real Property*, 34

Fed. Appx. at 237 (citing *Dickerson v. McClellan,* 37 F.3d 251, 252 (6th Cir. 1994); *Hogg v. United States,* 411 F.2d 578, 580 (6th Cir. 1969)).

Though class counsels' motion neglects to cite countervailing authority, the majority of courts, including the Seventh Circuit, hold that a district court does not have jurisdiction to strike a notice of appeal. *See Real Property*, 34 Fed. Appx. at 237*; Willis v. Town of Trenton, N.C.*, 81 F.3d 153 (4th Cir. 1996) (district court did not have jurisdiction to strike a notice of appeal); *Hogg*, 41 F.2d at 560 (same); *Iofina, Inc. v. Khalev*, CIV-14-1328-M, 2017 WL 3836142, *2 (W.D. Ok. May 12, 2017) (recognizing court did "not have jurisdiction to strike plaintiffs' Notice of Appeal" notwithstanding argument that notice of appeal was untimely); *but see Gilda Indus., Inc. v. United States*, 511 F.3d 1348, 1350–52 (Fed. Cir. 2008); *Postley v. Gen. Motors*, 2008 WL 11343559, *1 (W.D. La. Dec. 12, 2008) (refusing to strike notice of appeal, and finding *Gilda* distinguishable in that "there were matters in *Gilda* pending before the district court that had not yet been resolved").[2] To be certain, the district court is not the appropriate tribunal, in the Seventh Circuit and elsewhere, for making that appellate jurisdictional determination.

---

[2] The *In re Grand Jury Proceedings*, 795 F.2d 226, 231 (1st Cir. 1986) opinion cited by class counsel did not purport to hold that a district court has jurisdiction to strike a notice of appeal.

Beyond class counsels' failure to comprehend their extra-jurisdictional request, the effect of this motion is the potential for consideration and resolution of the same issues by both this Court and the Seventh Circuit. Class counsels' motion is really an attempt to short-circuit the appellate process by asking this Court to issue an advisory opinion to the Court of Appeals. *Khalev*, 2017 WL 3836142, *2 ("The Court further finds that because there is a motion to dismiss pending before the Tenth Circuit which raises the same issues raised in defendants' motion to strike, it would be particularly inappropriate for this Court to rule on defendants' motion to strike").

This Court lacks jurisdiction to take the action requested in class counsels' motion. The motion should be quickly denied, allowing the appeal to move forward before the appropriate tribunal, the Seventh Circuit.

## II.    Ms. Stradtmann's Notice of Appeal was Timely.

Though the question should not be reached by this Court, class counsels' motion falls flat on the merits. Ms. Stradtmann filed her notice of appeal less than thirty days from the final December 15, 2017 order. By expressly reserving attorneys' fees for a later opinion and order, the November 27, 2017 order was, on its face, not final. This is obviously true as to Ms. Stradtmann's challenge to fees, but since this is a common fund settlement, also true as to the settlement itself.

A decision of the district court is "final" if it "ends litigation upon the merits and leaves nothing for [the] court to do but execute the judgment." *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945). Class counsels' argument that fees are a collateral issue depends largely on authority from outside the relevant context – class action settlements.[3] Class actions are obviously a unique litigation form (with attorneys' fees subject to Rule 23(h)), and whereas attorneys' fees may generally be considered a collateral issue, they are not when it comes to a common fund settlement. Every dollar awarded to class counsel in fees is a dollar taken away from the class. That means the court has not resolved class recovery from a common fund until fees are set.

One of the few cases mentioned in class counsels' motion that involved a class action settlement confirms the timeliness of Ms. Stradtmann's notice of appeal. In *Lobatz v. U.S. W. Cellular of California, Inc.*, 222 F.3d 1142, 1144–45 (9th Cir. 2000), the district court issued a final order approving the settlement,

---

[3] *See Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 811 F. Supp. 2d 216, 224–25 (D.D.C. 2011) (not a class action settlement, and finding attorneys' fees do not impact finality); *Moody Nat'l Bank of Galveston v. G.E. Life & Annuity Assurance Co.,* 383 F.3d 249, 250 (5th Cir.2004) (not a class action settlement, and so "[m]otions addressing costs and attorney's fees ... are generally made pursuant to Rule 54, are considered collateral to the judgment, and do not toll the time period for filing an appeal."); *Springer v. Durflinger*, No. 03-1200, 2006 WL 1120431, at *1 (C.D. Ill. Apr. 27, 2006) (not a class action settlement); *Bradford-Scott Data Corp., Inc. v. Physician Computer Network, Inc.*, 128 F.3d 504, 505 (7th Cir.1997) (not a class action settlement); *Alonzi v. Budget Const. Co.*, 55 F.3d 331, 333 (7th Cir. 1995) (not a class action settlement).

leaving fees for later, and (unlike here) expressly stating that the order was a final judgment. A few months later, the district court awarded fees, and the objector filed a notice of appeal. The court of appeals acknowledged that the notice of appeal was timely as to the fee award, but untimely as to the approval of the settlement itself. *Id.* at 1144, 46. Unlike this case, however, "class counsel's attorney fee and cost award" were "payable by the defendant independently, and not out of the class settlement." *Id.* There is no question that under *Lobatz*, Ms. Stradtmann's notice of appeal was timely as to fees. *Id.* Further, because class counsels' fees here are taken directly out of the class settlement, there was no final judgment on the settlement until the award of fees, making Ms. Stradtmann's notice of appeal timely as to the approval of the settlement itself.

Contrary to class counsels' strawman argument, Ms. Stradtmann does not contend the November 27th order was superseded by the December 15th order. Motion, at 9 (citing *United States v. Michelle's Lounge*, 39 F.3d 684, 703 (7th Cir. 1994), *abrogated on other grounds by Kaley v. United States*, 134 S. Ct. 1090 (2014)). Rather, the December 15th order made final the November 27th order by finally adjudicating the settlement, including fees. Stated another way, the December 15th order "disturbed or revised legal rights and obligations" from the first order. *Michelle's Lounge*, 39 F.3d at 703 (quoting *FTC v. Minneapolis-Honeywell Regulator Co.*, 344 U.S. 206, 211-12, 73 S.Ct. 245, 249, 97 L.Ed. 245

(1952)). The second order is thus the operative order for commencing the appellate timeline. *Id*.

Further, the November 27th order's recitation that it overruled Ms. Stradtmann's objections did not actually overrule her fee objections in any respect. Fees were not addressed at all in that order. None of the substance of Ms. Stradtmann's fee arguments were touched on in the November 27th order. They were only ruled on when the district court awarded fees on December 15th.

Finally, even assuming arguendo that the November 27, 2017 order was a final judgment, there is no question Ms. Stradtmann's January 9, 2018 notice of appeal was timely at least on the issue of attorneys' fees. It cannot be the case that Ms. Stradtmann's failure to file a notice of appeal from an order that did not reach the substance of her fee objection can result in waiver of that objection.

## Conclusion

The motion to strike the notice of appeal is directed at the wrong Court. And it relies on the wrong analysis from opinions outside the context of class action settlements. Because of the common fund structure, the terms of the settlement were not finally approved until resolution of attorneys' fees on December 15, 2017. Only at that point, was the class recovery and fee awards ascertainable. Ms. Stradtmann's January 9, 2018 notice of appeal was timely filed

within thirty days of final judgment. Class counsels' motion to strike the notice of appeal should be denied.

Dated at Milwaukee, Wisconsin this 25th day of January, 2018.

**MILLER & OGORCHOCK, S.C.**
Attorneys for Objecting Class Member, Susan Stradtmann

By:       <u>s/ Thomas Ogorchock</u>
Thomas Ogorchock
Bar No. 1016563
Patrick C. Miller
Bar No. 1016563
Attorneys for Objecting Class Member
Susan Stradtmann
Miller & Ogorchock, S.C.
740 North Plankinton Avenue
Suite 310
Milwaukee, Wisconsin 53203
Telephone: (414) 272-4100
Direct Dial: (414) 935-4992
Fax: (414) 272-4777
Email: tom@miller-ogorchock.com,
pat@miller-ogorchock.com

**Certificate of Service**

I hereby certify that today, January 25, 2018, I filed the foregoing document on ECF which will send electronic notification to all attorneys registered for ECF-filing.

<u>s/ Thomas Ogorchock</u>